Eugene C. Ryu (209104)
Gene.Ryu@klgates.com
Carter L. Norfleet (318152)
Carter.Norfleet@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California  90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendants
HOWMET AEROSPACE INC. and
SCHLOSSER FORGE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| DAVID WALKER, an individual, on behalf of himself and all others similarly situated. <br><br>　　　　　　Plaintiff, <br><br>v. <br><br>HOWMET AEROSPACE INC., a Delaware corporation; SCHLOSSER FORGE COMPANY, a Delaware corporation; and DOES 1-100, inclusive <br><br>　　　　　　Defendants. | Case No.  5:21-CV-01136 <br><br>**DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT** <br><br>**[28 U.S.C. §§ 1332, 1441, & 1446]** <br><br>*(CONCURRENTLY FILED WITH DECLARATION OF CARTER L. NORFLEET, DECLARATION OF REBECCA REID, CIVIL COVER SHEET, NOTICE OF RELATED CASES, CERTIFICATION AND NOTICE OF INTERESTED PARTIES)* |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

TO:        Clerk, United States District Court for the Central District of California;

AND TO:    Plaintiff David Walker;

AND TO:    Jeremy F. Bollinger, Dennis F. Moss, Ari E. Moss, Kiara Bramasco, Moss Bollinger LLP, Attorneys for Plaintiff

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Howmet Aerospace, Inc. and Schlosser Forge Company. (together "Defendants") hereby remove *David Walker, et al. v. Howmet Aerospace, Inc., et al.*, originally filed in the California Superior Court in the County of Los Angeles, (Case No. CIVDS2022311) (the "State Court Action"), to the United States District Court for the Central District of California. In support of this removal, Defendants state as follows:

1.    As set forth below, the case is properly removed to this Court under 28 U.S.C. § 1441 because the Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), in that this matter is a civil action in which the amount in controversy exceeds the sum of $5,000,000 exclusive of costs and interest, has more than 100 members in the putative class, and is between citizens of different states.

2.    By filing this Notice of Removal, Defendants do not intend to waive, and hereby reserve, any objection as to venue, the legal sufficiency of the claims alleged in the State Court Action and all other defenses. Defendants reserve the right to supplement and amend this Notice of Removal.

## BACKGROUND

3.    On October 13, 2020, Plaintiff David Walker ("Plaintiff") filed the State Court Action as a Private Attorneys General Act ("PAGA") only Complaint naming Defendants. Plaintiff served Defendant Howmet Aerospace Inc. with a Notice of Acknowledgement of Receipt ("NAR"), attaching copies of the PAGA only Complaint, Summons, Civil Case Cover Sheet, Case Management Order,

Complex Litigation Guidelines, and Certificate of Assignment on November 9, 2020. Declaration of Carter L. Norfleet ("Decl.") ¶ 2, Exhibit ("Ex.") A. Defendant Howmet Aerospace Inc. returned the NAR on November 29, 2020. Plaintiff served Defendant Schlosser Forge Company with the same on November 30, 2020 and Defendant Schlosser Forge Company returned the NAR on December 1, 2020. (*Id.* at Ex. B)

4. On January 11, 2021, Defendants filed an Answer to the PAGA only Complaint in the State Court Action. Norfleet Decl. ¶ 3, Ex. C.

5. A Joint Initial Case Management Conference Report was filed in the State Court Action on January 21, 2021. Norfleet Decl. ¶ 4, Ex. D.

6. On April 29, 2021, Plaintiff filed a Motion for Leave to File First Amended Complaint ("FAC") (attaching the FAC to his Motion). Norfleet Decl. ¶ 5, Ex. E. Defendants filed their Opposition on May 24, 2021. (*Id.* at Ex. F). Plaintiff filed his Reply on May 28, 2021. (*Id.* at Ex. G).

7. On June 7, 2021, Plaintiff was granted leave of court to file a First Amended Complaint ("FAC"), which was deemed filed on June 7, 2021. Norfleet Decl. ¶ 6, Ex. H. The FAC adds class action allegations and causes of action. Norfleet Decl. ¶ 6, Ex. I.

8. On July 6, 2021, Defendants filed an Answer to the FAC in the State Court Action. Norfleet Decl. ¶ 7, Ex. J.

9. No other pleadings, process, or orders have been served upon Defendants, or filed in the State Court Action. Norfleet Decl. ¶ 8.

10. In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is timely because it was filed within thirty (30) days of the filing of the FAC in the State Court Action. (*See* Norfleet Decl. ¶ 6, Ex. I.) The FAC is the initial pleading setting forth the claim for relief on which this removal is based.

11. As required by 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being promptly served upon counsel for Plaintiff and a copy of this

Notice of Removal is being promptly filed with the Clerk of the Superior Court of the State of California for the County of San Bernardino.

12. Defendants are the only named defendants in this matter. Norfleet Decl. ¶ 8.

13. Although Plaintiff's FAC names DOE defendants sued under fictitious names, pursuant to 28 U.S.C. § 1441(b), the citizenship of defendants sued under fictitious names is disregarded for purposes of removal jurisdiction.

## BASIS FOR REMOVAL

14. Removal is properly made to the United States District Court for the Central District of California – Eastern Division under 28 U.S.C. § 1441(a), because the Superior Court of the State of California for the County of San Bernardino, where the State Court Action is currently pending, is within the Central District of California.

15. The Class Action Fairness Act of 2005 ("CAFA") creates federal jurisdiction over lawsuits in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant," and involves a putative class that consists of more than 100 members. 28 U.S.C. §§ 1332(d)(2)(A) and (d)(5). Each of these three requirements is met.[1]

## THE PUTATIVE CLASS EXCEEDS 100 MEMBERS

16. According to the FAC, the putative class is comprised of the following:

---

[1] A notice of removal need only provide a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Because § 1446 tracks Rule 8's liberal pleading standard, a notice of removal need only allege the grounds plausibly and need not be supported by evidentiary submissions. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."); *Roa v. TS Staffing Servs., Inc.*, No. 2:14-CV-08424-ODW, 2015 WL 300413, at *2 (C.D. Cal. Jan. 22, 2015) ("The 'short and plain statement' language from § 1446(a) applies to the entire notice of removal, and therefore would apply equally to all CAFA allegations and not just the amount-in-controversy requirement.")

a. <u>Break and Unpaid Wages Class</u>: All persons employed as a non-exempt employee by Defendants in California at any time from October 13, 2016 through the date Notice is mailed to the Class.

b. <u>Break Premium Regular Rate Class</u>:  All members of the Break & Unpaid Wages Class who were paid a meal or rest break premium by Defendants in California at any time from October 13, 2016 through the date Notice is mailed to the Class.

c. <u>Donning and Doffing Class</u>:  All members of the Break & Unpaid Wages Class who were required by Defendants to don and/or doff protective clothing and gear that was necessary for them to perform their work, including a work shirt and pants, apron, safety boots, safety glasses, ear plugs, helmet, and/or N95 mask in California at any time from October 13, 2016 through the date Notice is mailed to the Class.

d. <u>Wage Statement Class</u>:  All members of the Break and Unpaid Wages Class who were employed by Defendants in California at any time from October 13, 2019 through the date Notice is mailed to the Class.

e. <u>Waiting Time Penalty Class</u>:  All members of the Break and Unpaid Wages Class who were employed by Defendants in California at any time from October 13, 2017 through the date Notice is mailed to the Class, including, but not limited to, anyone who may have been reemployed by Defendants after their prior employment ended.

f. <u>Reimbursement Class</u>:  All members of the Break & Unpaid Wages Class who were required by Defendants to wear N95 masks and/or safety boots in the performance of their work duties

for Defendants in California at any time from October 13, 2016 through the date Notice is mailed to the Class.

(*See* Norfleet Decl. ¶ 6, Ex. I at ¶ 30.)

17. Defendants allege that during the four years preceding the filing of the FAC, they employed within the State of California, 3,020 hourly, non-exempt employees. Declaration of Rebecca Reid ("Decl.") ¶ 3. As such, the size of the putative class exceeds 100 persons.

## DIVERSITY OF CITIZENSHIP

18. 28 U.S.C. §1332(d)(2)(A) requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant."

19. At the time of commencement of this action in state court and at the time of filing of this removal petition, Plaintiff David Walker was and still is a natural person and citizen and resident of the State of California. (*See* Norfleet Decl. ¶ 6, Ex. I at ¶ 7.)

20. Defendants were and are incorporated under the laws of the State of Delaware, and was in good standing at the time the State Court Action was filed and at the time of the filing of this Notice. Howmet Aerospace Inc.'s principal place of business is Pittsburgh, Pennsylvania. Howmet Global Fastening Systems Inc. is the current subsidiary of Howmet Aerospace Inc. Schlosser Forge Company is an affiliate of Howmet Global Fastening Systems Inc. (the current subsidiary of Howmet Aerospace Inc.), and a subsidiary entity of Howmet Aerospace Inc. with a principal place of business in Pittsburgh, Pennsylvania. (Reid Decl. ¶ 4.) Thus, Defendants are a citizen of the State of Delaware and Pennsylvania, based on their place of incorporation and principal place of business. (*Id*.)

21. Because Plaintiff is a citizen of a different state than Defendants, the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2) is satisfied.

///

///

## THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

22.   Although Defendants deny all liability alleged in the FAC, if damages or restitution were awarded on Plaintiff's claims, the aggregate amount as to the putative class would exceed $5,000,000.[2]

23.   Plaintiff alleges eight (8) causes of action on a class basis[3] during the putative class period.  The caption of the FAC indicates that David walker is suing Defendants as "an individual, on behalf of himself and all others similarly situated" and asserts the following class claims:

(1) Failure to pay minimum wages;

(2) Failure to pay overtime wages;

(3) Failure to provide adequate meal periods and pay all premiums owed;

(4) Failure to pay all rest period premiums;

(5) Failure to furnish accurate itemized wage statements;

(6) Failure to timely pay all wages upon cessation of employment (waiting time penalties);

(7) Failure to reimburse business expenses; and

(8) Violation of unfair competition laws.

(*See* Norfleet Decl. ¶ 6, Ex. I at ¶¶ 55-108.)

---

[2] In order to establish the amount in controversy requirement is met, Defendants do not concede liability nor are they required to do so.  *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial.  This is so because they are not stipulating to damages suffered, but only estimating the damages that are in controversy."); *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("To establish the jurisdictional amount, Verizon need not concede liability for the entire amount, which is what the district court was in essence demanding by effectively asking Verizon to admit that at least $5 million of the billings were "unauthorized" within the meaning of the complaint."). Moreover, defenses do not affect the amount in controversy.  *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 295-296 (1938); *Riggins v. Riggins*, 415 F.2d 1259, 1261-1262 (9th Cir. 1969).

[3] Although Plaintiff brings a PAGA claim, the penalties associated with PAGA claims cannot be aggregated towards the $5,000,000 amount in controversy requirement under CAFA. *See generally Canela v. Costco Wholesale Corporation*, 971 F.3d 845 (9th Cir. 2020).

24. In connection with his claims, Plaintiff seeks several categories of monetary relief, including, *inter alia*, (1) unpaid minimum and overtime wages, (2) prejudgment interest, (3) liquidated damages, (4) unpaid meal and rest period premiums for each occurrence of an alleged missed meal or rest period, (5) waiting time penalties, (6) unreimbursed business expenses, (7) costs of suit, and (8) attorney's fees (*See* Norfleet Decl. ¶ 6, Ex. I at Prayer.)

25. Plaintiff's unpaid overtime claim alleges that "Defendants maintained and continue to maintain a policy or practice of requiring Plaintiff and members of the Donning and Doffing Class to perform various duties before the start of scheduled shifts on shifts of 8 hours or more in length, including donning and doffing protective clothing and gear, but does not pay those employees for the time it takes them to don and doff their apparel." (*See* Norfleet Decl. ¶ 6, Ex. I at ¶ 64.) Further, Plaintiff alleges that he "and other similarly situated individuals" were not paid for "the approximately 10 minutes of work time required before the start of their shift time." (Norfleet Decl. ¶ 6, Ex. I at ¶ 13.) During the four years preceding the filing of the FAC, Defendants had 3,020 nonexempt hourly employees[4] who collectively earned an average rate of $21.33 per hour. (Reid Decl. ¶¶ 3.) The overtime rate of 1.5 times this average hourly rate is: $31.99. Plaintiff asserts that he and the putative class were not "[paid] . . . for the approximately 10 minutes of work time required before the start of their scheduled shift time." (*See* Norfleet Decl. ¶ 6, Ex. I at ¶ 13.) Plaintiff further pleads that "[o]n shifts of 8 or more hours or in weeks in which [Plaintiff] worked 40 or more hours, Defendant[s] owe [Plaintiff] for his unpaid work time at [Plaintiff's] overtime rate." (*Id.*) Defendants allege that all putative class members were scheduled to work five days a week, eight hours per day. (Reid Decl. ¶ 5.) Reid  The following amount in controversy is calculated by assuming

---

[4] This number is exclusive of those individuals who signed settlement and release agreements during the four years immediately preceding the filing of the FAC (which relates back to the originally filed Complaint on October 13, 2020). 572 employees signed such agreements. (Reid Decl. ¶ 3.)

50 minutes (or .83 hours) of unpaid overtime per week per employee during the four years immediately preceding the filing of the FAC: $31.99 (average overtime rate) x .83 (hours of unpaid overtime per week) x 511,899 (number workweeks during the alleged class period)[5] = $16,375,649.01.  (Reid Decl. ¶ 3.)  Defendants reasonably allege that the amount in controversy for Plaintiff's unpaid overtime Cause of Action is $16,375,649.01.  This cause of action on its own meets the amount in controversy requirement of CAFA.

26.  With regard to Plaintiff's claim for waiting time penalties under Labor Code § 203, Defendants terminated 1,057 employees during the three years immediately preceding the filing of the FAC.[6]  (Reid Decl. ¶ 3.)  Labor Code § 203 provides continued wages for an employee not timely paid at the cessation of their employment until paid or until suit is filed for a maximum of 30 days.  *See* Cal. Lab. Code § 203.  Defendants allege that the average hourly wage for these 1,057 putative class members is $21.33.  (Reid Decl. ¶ 3.)  Defendants further allege that all putative class members were scheduled to work at least five days a week, eight hours per day.  (*Id.* at ¶ 5.)  Thus, the potential damages for waiting time penalties is: $21.33 (average hourly rate for putative class) x 8 hours (scheduled shift length for putative class members) x 30 days (maximum amount of days waiting time penalties can be assessed – it has been longer than 30 days since these individuals separated from the Company) x 1,057 non-exempt employees = $5,410,994.40.  Defendants reasonably allege that the amount in controversy for Plaintiff's waiting time penalty Cause of Action is $5,410,994.40.  This cause of action on its own also meets the amount in controversy requirement of CAFA.

---

[5] Again, this number is exclusive of those employees who signed settlement and release agreements during the four years immediately preceding the filing of the FAC.

[6] This number is exclusive of those individuals who signed settlement and release agreements during the three years immediately preceding the filing of the FAC. 572 employees signed such agreements. (Reid Decl. ¶ 3.)

9
DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. § 1332(D) -
CLASS ACTION FAIRNESS ACT

27. Calculating the amount in controversy for only two (2) of Plaintiff's eight (8) class causes of action yields an amount in controversy of $21,786,643.41, well in excess of CAFA's requirements. Both Plaintiff's overtime wage and waiting time penalties Causes of Action exceed CAFA's requirements independently of each other. If necessary, Defendants could allege additional amounts in controversy for Plaintiff's remaining claims. Additionally, Defendants can assume an attorney fee amount of 25% of the total amount claimed by Plaintiff. There is no need to specifically allege these amounts because Defendants easily meet the amount in controversy requirement with their current allegations.

28. Under CAFA, "the claims of all members of a putative class shall be aggregated" to determine the amount in controversy. 28 U.S.C. § 1332(d)(6). Given that the FAC seeks the above-described damages, exemplary damages, attorney's fees, and other relief, the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and therefore satisfies the jurisdictional minimum set forth in 28 U.S.C. § 1332(d)(2).

**WHEREFORE,** Defendants respectfully request the removal of the State Court Action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California – Eastern Division.

K&L GATES LLP

Dated: July 7, 2021

By: */s/ Carter L. Norfleet*
EUGENE RYU
CARTER L. NORFLEET
Attorneys for Defendants,
HOWMET AEROSPACE INC. and
SCHLOSSER FORGE COMPANY

10
DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. § 1332(D) - CLASS ACTION FAIRNESS ACT