# EXHIBIT C

K&L GATES LLP
1 Park Plaza
Irvine, CA 92614
Telephone: 949-623-3553
Facsimile: 949-253-0902

Todd L Nunn (SBN 320687)
todd.nunn@klgates.com
Spencer Hamer (SBN 182107)
spencer.hamer@klgates.com

Attorneys for Defendants

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

COMPLEX LITIGATION, CIVIL DIVISION

| | |
|---|---|
| DAVID WALKER, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HOWMET AEROSPACE INC., a Delaware corporation; SCHLOSSER FORGE COMPANY, a Delaware corporation; and DOES 1-50,<br><br>Defendants. | Case No.: CIV DS 2022311<br><br>**ANSWER TO PAGA COMPLAINT**<br><br>Assigned for all purposes to the Hon. Judge David Cohn<br>Dept.:   S-26 |

Defendants Howmet Aerospace Inc. and Schlosser Forge Company ("Defendants") hereby answer the allegations of Plaintiff David Walker's Complaint as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure § 431.30(d), Defendants deny generally each and every allegation of the Complaint in this action, specifically deny that they have damaged Plaintiff in any amount or manner whatsoever, and specifically deny that Plaintiff is entitled to the relief he seeks in his Complaint, including but not limited to damages, costs and attorneys' fees.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
JAN 11 2021
BY ELYZABETH GOMEZ, DEPUTY

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses, each as a separate and distinct affirmative defense. To the extent that additional affirmative defenses are discovered during the course of the litigation, Defendants reserves the right to plead such additional affirmative defenses. Insofar as any of the following affirmative defenses expresses a denial of an element of the claims alleged against Defendants, such expression is in no way intended as a concession that Plaintiff is relieved of his burden to prove each and every elements of such claim.

### **FIRST Affirmative Defense**

(Failure to State a Claim)

Defendants allege that the First Amended Complaint fails to state facts sufficient to constitute a cause of action against Defendants.

### **SECOND Affirmative Defense**

(Statute of Limitations)

Defendants allege that Plaintiff's First Amended Complaint seeks to recover any damages or relief with respect to any claims that Plaintiff has not timely filed within the applicable statute of limitations, including, but not limited to California Code of Civil Procedure §§ 338(a), 339, 340(a), and 343.

### **THIRD Affirmative Defense**

(No-Willfulness - Failure to Pay Wages Upon Termination)

Defendants allege that they properly paid all wages due and owing to Plaintiff during employment, and to the extent applicable after employment, and, to the extent such wages were due but unpaid (which Defendants deny), Defendants' failure to pay was not "willful."

### **FOURTH Affirmative Defense**

(No-Willfulness - Failure to Provide Accurate Itemized Wage Statements)

Defendants allege that they properly provided accurate itemized wage statements to Plaintiff during and after employment, and, to the extent such wage statements were not accurate or sufficiently itemized (which Defendants deny), Defendants' failure to provide accurate itemized wage statements was not "willful."

**FIFTH Affirmative Defense**

(Unclean Hands)

Defendants allege that by reason of Plaintiff's conduct, the causes of action alleged in Plaintiff's First Amended Complaint against Defendants are barred, in whole or in part, by the doctrine of unclean hands.

**SIXTH Affirmative Defense**

(Estoppel)

Defendants allege that by reason of Plaintiff's conduct, the causes of action alleged in Plaintiff's First Amended Complaint against Defendants are barred, in whole or in part, by the doctrine of estoppel.

**SEVENTH Affirmative Defense**

(Waiver)

Defendants allege that the causes of action alleged in Plaintiff's First Amended Complaint are barred by the doctrine of waiver.

**EIGHTH Affirmative Defense**

(Laches)

Defendants allege that Plaintiff has lost any right to relief against Defendants through laches, which has resulted in substantial prejudice to Defendants.

**NINTH Affirmative Defense**

(Failure to Mitigate)

Defendants allege that Plaintiff has failed to minimize or avoid any and all damages allegedly caused by Defendants, the existence of which Defendants expressly deny. Any damages that may be recoverable by Plaintiff should therefore be denied or reduced accordingly.

**TENTH Affirmative Defense**

(No Claim for Damages)

Defendants allege that Plaintiff has not sustained any damages as a consequence of the conduct alleged in his First Amended Complaint and can state no claim for damages based thereon.

### ELEVENTH Affirmative Defense

(Lack of Causation)

Defendants allege that to the extent Plaintiff has incurred any damages, which Defendants expressly deny, such alleged damages were not proximately or legally caused by Defendants.

### TWELFTH Affirmative Defense

(Activities Not Compensable)

Defendants allege that Plaintiff's claims are barred to the extent he seeks overtime for activities that are not compensable, including but not limited to non-compensable activities under 29 U.S.C. § 254.

### THIRTEENTH Affirmative Defense

(Good Faith)

Defendants allege that Plaintiff's claims and requested relief are barred due to Defendants' good faith and reasonable grounds to believe that their alleged acts and omissions were not in violation of the law.

### FOURTEENTH Affirmative Defense

(Res Judicata/Collateral Estoppel)

Defendants allege that Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel.

### FIFTEENTH Affirmative Defense

(Plaintiff(s) Fully Paid)

Any recovery on Plaintiff's First Amended Complaint or any purported cause of action alleged therein, is barred because Plaintiff and all Aggrieved Employees have been paid for all amounts owed.

## SIXTEENTH Affirmative Defense

(Conditions Precedent)

Plaintiff's claims are barred on the ground that, as to each and every claim for wages, Plaintiff and all Aggrieved Employees failed to fulfill conditions precedent to earning such wages.

## SEVENTEENTH Affirmative Defense

(Settlement and Release)

Plaintiff's Claims are barred, in whole or in part, by the doctrine of settlement and release.

## EIGHTEENTH Affirmative Defense

(No Attorneys' Fees)

Plaintiff and all Aggrieved Employees are precluded from recovering attorneys' fees from Defendants under applicable provisions of law, including, without limitation, California Code of Civil Procedure § 1021.

## NINETEENTH Affirmative Defense

(No Knowledge, Authorization, or Ratification)

Defendants are not liable for the alleged damages because, if any person or entity engaged in intentional, willful, or unlawful conduct as alleged in the Complaint he/she/it did so without the knowledge, authorization, or ratification of Defendants.

## TWENTIETH Affirmative Defense

(Failure to Provide Notice)

Defendants allege that Plaintiff has failed to provide proper notice pursuant to California Labor Code § 2698, *et seq*.

## TWENTY-FIRST Affirmative Defense

(Failure to Exhaust Administrative Remedies)

Defendants allege that Plaintiff has failed to make full and proper use of and failed to comply with the administrative prerequisites under the California Private Attorney General Act.

### TWENTY-SECOND Affirmative Defense

(De Minimis)

Defendants allege that Plaintiff's damages, if any, are de minimis and therefore not subject to redress in this forum.

### TWENTY-THIRD Affirmative Defense

(Legitimate Business Reason)

Defendants allege that Plaintiff's causes of action are barred under California Labor Code §§ 2845 and 2856, respectively, in that Plaintiff failed to use ordinary care and diligence in the performance of her duties and failed to comply substantially with the reasonable direction of her employer.

### TWENTY-FOURTH Affirmative Defense

(Reduced and/or Denied PAGA Penalties as a result of Good Faith Compliance)

Defendants allege that Plaintiff is not entitled to an award of penalties under the Private Attorney General Act as a result of Defendants' good faith efforts to comply with the statutory requirements.

### TWENTY-FIFTH Affirmative Defense

(Reduced and/or Denied PAGA Penalties in the Interest of Equity & Fairness)

Defendants allege that Plaintiff is not entitled to an award of penalties under the Private Attorney General Act in the interest of equity and fairness.

### TWENTY-SIXTH Affirmative Defense

(Provided Meal Period)

Defendants allege Plaintiff and/or all Aggrieved Employees were provided with a timely, uninterrupted meal period in compliance with applicable law.

### TWENTY-SEVENTH Affirmative Defense

(Provided Rest Breaks)

Defendants allege Plaintiff and/or all Aggrieved Employees were provided with the opportunity to take timely rest breaks in compliance with applicable law.

## TWENTY-EIGHTH Affirmative Defense

(Voluntary Waiver of Meal Period)

Defendants allege Plaintiff and/or all Aggrieved Employees voluntarily waived the opportunity to take a timely, interrupted meal period in compliance with applicable law.

## TWENTY-NINTH Affirmative Defense

(Voluntary Waiver of Rest Break)

Defendants allege Plaintiff and/or all Aggrieved Employees voluntarily waived the opportunity to take timely rest breaks in compliance with applicable law.

## THIRTIETH Affirmative Defense

(Plaintiff and/or Aggrieved Employees Were Exempt Employees)

Defendants allege Plaintiff and/or all Aggrieved Employees were at all times exempt employees for purposes of overtime and/or meal and rest breaks under federal and state statutes, guidelines, and regulations.

## THIRTY-FIRST Affirmative Defense

(Cal. Labor Code §§ 2854 and 2856)

Defendants allege that Plaintiff's causes of action are barred under California Labor Code §§ 2854 and 2856, respectively, in that Plaintiff failed to use ordinary care and diligence in the performance of his duties and failed to comply substantially with the reasonable directions of his employer.

## THIRTY-SECOND Affirmative Defense

(Reasonable Reliance on Administrative Guidance)

Defendants allege no relief is available against it because it relied upon reasonable administrative agency guidance in connection with all pay practice violations alleged in the First Amended Complaint.

### THIRTY-THIRD Affirmative Defense

(Lawful Business Judgment)

Defendants allege that it cannot have liability to Plaintiff because Defendants exercised its legitimate good faith business judgment in connection with all activities alleged in the First Amended Complaint.

### THIRTY-FOURTH Affirmative Defense

(No Restitution as a Substitute for Damages)

Defendants allege that Plaintiff cannot use restitution as a substitute for damages.

### THIRTY-FIFTH Affirmative Defense

(Statutory Wage Limitation)

Defendants allege that if and to the extent the Court finds that any wages are due, such wages are limited to the statutory minimum wage and overtime.

### THIRTY-SIXTH Affirmative Defense

(Offset/Setoff)

Defendants allege that to the extent they are found liable for any damages or amounts, Defendants claim a credit, setoff, or offset for all amounts it paid for the services of Plaintiff, all amounts received by Plaintiff for his services, all amounts advanced or paid to Plaintiff in excess of that to which he was legally entitled, all amounts paid to Plaintiff as premium rates that are not calculated as part of his regular rate, all time that Plaintiff reported as work time that he did not in fact work, and all other goods, amounts, or time that Plaintiff took to which he was not entitled, if any.

### THIRTY-SEVENTH Affirmative Defense

(Non-Work Activities)

Defendants allege that any activities that were unpaid do not constitute hours worked, as they were not integral or necessary to the performance of the job.

## THIRTY-EIGHTH Affirmative Defense

(Unreported Non-Work Activities)

Defendants allege that if Plaintiff performed work activities that he did not record as work and for which he was not paid, Defendants did not permit, know of, or have reason to know of those work activities or the time spent in performing those activities. Therefore, time spent in performing such activities does not constitute "hours worked" or "employment" for which compensation is due.

## THIRTY-NINTH Affirmative Defense

(Failure to Join Necessary and Indispensable Parties)

Defendants allege that the causes of action alleged in Plaintiff's Complaint are barred because Plaintiff has failed to join necessary and indispensable parties.

## FORTIETH Affirmative Defense

(No Privity/No Employer Status)

Defendants allege that the causes of action alleged in Plaintiff's First Amended Complaint are barred because Defendants were not in privity of contract with Plaintiff, Defendants were not his employer, he was not Defendants' employee, and thus Defendants had no control over or obligation to pay wages to him.

## FORTY-FIRST Affirmative Defense

(After-Acquired Evidence)

Defendants allege that to the extent they acquired any evidence of wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment, such after-acquired evidence shall bar Plaintiff on liability or damages or shall reduce such claims as provided by law.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by his Complaint;
2. That Defendants be awarded judgment in its favor and against Plaintiff;
3. For its costs of suit incurred herein, including reasonable attorneys' fees; and

4. For such other and further relief as the Court may deem just and proper.

K&L GATES LLP

Dated: January 11, 2021

By: _____
Todd L Nunn (SBN 320687)
Todd.nunn@klgates.com
Spencer Hamer (SBN 182107)
Spencer.hamer@klgates.com

Attorneys for Defendants

**PROOF OF SERVICE**

Case No. CIV DS 2022311

STATE OF WASHINGTON, COUNTY OF KING

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is K&L GATES LLP, 925 4th Avenue, Suite 2900, Seattle, Washington, 98104.

On **January 11, 2021**, I served the documents described as:

**ANSWER TO PAGA COMPLAINT**

on the person or person(s) below, as follows:

Jeremy F. Bollinger
Dennis F. Moss
Ari E. Moss
Kiara Bramasco
**MOSS BOLLINGER LLP**
15300 Ventura Blvd., Suite 207
Sherman Oaks, California 91403
Telephone: 310-982-2984
Facsimile: 818-963-5954
jeremy@mossbollinger.com
denniss@mossbollinger.com
ari@mossbollinger.com
kiara@mossbollinger.com

*Attorneys for Plaintiff*

David Walker, on behalf of himself and all other aggrieved employees

The documents were served by the following means:

☒ **BY ELECTRONIC SERVICE**: by transmitting a true copy of the foregoing document(s) to the email-addresses set forth as stated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **January 11, 2021**, at Seattle, Washington.

*Kathy Wheat*
Kathy Wheat, Senior Practice Assistant

1
PROOF OF SERVICE
CASE NO.: CIV DS 2022311