EXHIBIT E

| CASE ATTACHMENT COVER PAGE | (ENDORSED) **ELECTRONICALLY FILED** |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO** | BY SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
| STREET ADDRESS **247 West Third Street** | |
| MAILING ADDRESS: | **San Bernardino** |
| CITY AND ZIP CODE: **San Bernardino, CA 92415** | on **May 3, 2021** |
| BRANCH NAME: **San Bernardino Justice Center** | *CLERK OF THE SUPERIOR COURT* |
| WEBSITE: **http://www.sb-court.org** | *Deputy Clerk* **Liliana Mariscal** |
| ATTACHMENT NAME: **Motion: Motion for Leave to File First Amended Complaint** | |
| CASE NAME **David Walker vs. Howmet Aerospace, Inc., et al.** | CASE NUMBER: CIVDS2022311 |
| **Please log on to www.TurboCourt.com regularly for updates** | |

**Please staple this to your original attachment**

Jeremy F. Bollinger (SBN 240132)
Dennis F. Moss (SBN 77512)
Ari E. Moss (SBN 238579)
Kiara Bramasco (SBN 322600)
**MOSS BOLLINGER LLP**
15300 Ventura Blvd., Ste. 207
Sherman Oaks, California 91403
Telephone: (310) 982-2984
Facsimile: (818) 963-5954
jeremy@mossbollinger.com
dennis@mossbollinger.com
ari@mossbollinger.com
kiara@mossbollinger.com

Attorneys for Plaintiff
DAVID WALKER

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

| | |
|---|---|
| **DAVID WALKER**, an individual, on behalf of himself and all others similarly situated,<br><br>          Plaintiffs,<br><br>    vs.<br><br>**HOWMET AEROSPACE, INC.**, a Delaware corporation; **SCHLOSSER FORGE COMPANY**, a Delaware corporation; and **DOES 1-50**,<br><br>          Defendants. | Case No. CIVDS2022311<br><br>[Assigned for all purposes to Hon. David Cohn, Dept. S-26]<br><br>**PLAINTIFF DAVID WALKER'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>*[Filed concurrently with Declaration of Jeremy F. Bollinger and [Proposed] Order]*<br><br>Date: June 7, 2021<br>Time: 10:00 am<br>Dept: S-26<br><br>Action Filed: October 13, 2020 |

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

2    PLEASE TAKE NOTICE that on June 7, 2021, at 10:00 a.m., in Department S-26 of the

3    above-entitled court, located at 247 West Third Street, San Bernardino, CA 92415, Plaintiff David

4    Walker will move the court for an order granting Plaintiff leave to file his First Amended

5    Complaint and that the proposed First Amended Complaint submitted with this Motion be deemed

6    filed.

7    The proposed First Amended Complaint seeks to add eight new causes of action, as

8    follows: (1) failure to pay minimum wages, (2) failure to pay overtime wages, (3) failure to provide

9    adequate meal periods, (4) failure to allow rest periods, (5) failure to furnish accurate itemized

10   wage statements, (6) failure to timely pay all wages upon cessation of employment, (7) failure to

11   reimburse business expenses, and (8) unfair competition. The proposed amended complaint also

12   omits all allegations related to Plaintiff's claim for PAGA penalties based on Defendants' alleged

13   failure to factor nondiscretionary incentive pay into the regular rate of pay for payment of overtime.

14

15   Pursuant to California Rules of Court 3.1324(a)(1), a copy of Plaintiff's proposed First

16   Amended Complaint is attached hereto as Exhibit "1". In compliance with the requirements of

17   California Rules of Court 3.1324(a)(2-3), a red-lined version of the First Amended Complaint is

18   attached hereto as Exhibit "2" showing the pages, paragraphs and lines in which the changes were

19   made.

20   This Motion is further based on this Notice, the accompanying Memorandum of Points and

21   Authorities, the Declaration of Jeremy F. Bollinger, the files and records in this action, and on such

22   oral and documentary evidence as may be presented at the hearing on this motion.

23

24   DATED: April 28, 2021                          MOSS BOLLINGER, LLP

25

26

27                                                  Jeremy F. Bollinger
                                                    Attorneys for Plaintiff
28                                                  DAVID WALKER

# TABLE OF CONTENTS

I.     INTRODUCTION .......................................................................................................1

II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY ..................................1

   A.    PLAINTIFF'S ORIGINAL COMPLAINT ...........................................................1

   B.    THE PROPOSED AMENDMENTS ....................................................................2

III.   ARGUMENT ..............................................................................................................3

   A.    RELEVANT LAW ..........................................................................................3

   B.    THE MOTION SHOULD BE GRANTED BECAUSE LEAVE TO AMEND WAS TIMELY SOUGHT AND BECAUSE DEFENDANTS WILL NOT BE PREJUDICED IF THE MOTION IS GRANTED ....................4

   C.    THE STEWART ACTION IS IRRELEVANT TO THIS MOTION ...............................7

IV.    CONCLUSION ...........................................................................................................8

# **TABLE OF AUTHORITIES**

## CASES

*A.N v. Cnty. of Los Angeles* (2009) 171 Cal. App. 4th 1058 ----------------------------------------- 3

*Brown v. Ralphs Grocery Co.* (2018) 28 Cal. App. 5th 824 ------------------------------------------ 8

*Kemp v. Int'l Bus. Machines Corp.* (N.D. Cal. Apr. 6, 2011) No. C-09-3683 MHP, 2011 WL
   13153248 ------------------------------------------------------------------------------------------- 8

*Kittredge Sports Co. v. Super. Ct.* (1989) 213 Cal. App. 3d 1045 --------------------------------- 4, 7

*Laabs v. City of Victorville* (2008) 163 Cal. App. 4th 1242 ------------------------------------------ 7

*Magpali v. Farmers Group, Inc.* (1996) 48 Cal. App. 4th 471 --------------------------------------- 6

*Mesler v. Bragg Mgmt. Co.* (1985) 39 Cal. 3d 290 -------------------------------------------------- 3

*Morgan v. Super. Ct.* (1959) 172 Cal. App. 2d 527 ---------------------------------------------- 3, 4, 7

*Norgart v. Upjohn Co.* (1999) 21 Cal. 4th 383 ------------------------------------------------------- 8

*Stewart v. Arconic Global Fasteners & Rings*, Orange County Superior Court Case No. 30-2018-
   00968137-CU-OE-CXC ------------------------------------------------------------------------------- 2

## STATUTES

California Code of Civil Procedure § 382 ------------------------------------------------------------- 3

California Code of Civil Procedure §§ 437c ---------------------------------------------------------- 7

California Code of Civil Procedure § 473(a)(l) ------------------------------------------------------ 1, 3

California Code of Civil Procedure § 576 ------------------------------------------------------------- 3

Labor Code sections 2698 et seq. ("PAGA") -------------------------------------------------------- 1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff seeks leave to file the proposed First Amended Complaint pursuant to California Code of Civil Procedure section 473(a)(l). "Clean" and "red-lined" versions of the proposed First Amended Complaint, identified as Exhibits 1 and 2, respectively, are provided herewith.

No trial date has been set in the matter, and no prejudice will result from the proposed amendment, which is solely intended to add class claims based on facts already pleaded. Because granting the requested leave will not cause prejudice to any party, and denial of the Motion will unfairly prejudice Plaintiff, the Motion should be granted.

### II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

#### A.   Plaintiff's Original Complaint

Plaintiff David Walker ("Plaintiff") was hired by Defendants as a non-exempt hourly paid grinder at its facility in Rancho Cucamonga, California, in or around 2017, until he was laid off in the summer of 2020. Defendant Howmet Aerospace, Inc. ("Howmet") is an aerospace company that manufactures components for jet engines, fasteners and titanium structures for aerospace applications. On October 13, 2020, Plaintiff filed a complaint against Defendant in this Court, alleging claims for civil penalties under California Private Attorneys General Act, Labor Code sections 2698 et seq. ("PAGA") based on violations of the California Labor Code for unpaid minimum wages, unpaid overtime, failure to provide second meal periods, failure to pay meal and rest break premium at the correct regular rate, failure to provide accurate itemized wage statements, failure to timely pay all wages earned upon cessation of employment, and failure to indemnify employees for all necessary expenditures.

The claims alleged were based on Defendants' following practices: requiring Plaintiff and other similarly situated aggrieved employees to work before the start of their shifts to don protective clothing and gear that was necessary for them to perform their work; failure to include the amount of non-discretionary incentive pay (such as bonuses and shift differentials) when calculating Plaintiff's regular rate of pay for the payment of overtime and when calculating

Plaintiff's regular rate of pay for any break premium payments Defendants paid for meal and rest break violations; failing to reimburse Plaintiff and others purchases of safety boots and N95 masks.

No trial date has been set in this action, nor has a party requested that the Court set a trial date.

Plaintiff provided Defendants' counsel a copy of a draft of the proposed First Amended Complaint (FAC) on April 19, 2021, and asked Defendants to stipulate to the filing of the FAC. (Declaration of Jeremy F. Bollinger ["Bollinger Decl."] ¶ 2, Exh. A.) On April 21, 2021, Defendants' counsel sent Plaintiff's counsel an email stating, "We are not going to stipulate to the filing of a first amended complaint in this action." (*Id.*, Exh. A at April 21, 2021 10:47 AM.)

## B. The Proposed Amendments

The proposed amendments eliminate all allegations related to one theory of liability for PAGA penalties based on unpaid overtime[1] and add eight new causes of action based on the exact same facts that formed the basis of Plaintiff's PAGA claims alleged in the original complaint. The new causes of action allege class claims for: (1) failure to pay minimum wages, (2) failure to pay overtime wages, (3) failure to provide adequate meal periods, (4) failure to allow rest periods, (5) failure to furnish accurate itemized wage statements, (6) failure to timely pay all wages upon cessation of employment, (7) failure to reimburse business expenses, and (8) unfair competition. The FAC also is amended to assert the basis for this Court's jurisdiction over the new causes of action. (See Exhibit 2 hereto; see also Bollinger Decl. ¶ 3.)

As the eight new causes or action are brought on a class basis, the FAC adds a section entitled "Class Definitions and Class Allegations" in which it defines the alleged classes that Plaintiff seeks to represent and sets out the basis for maintaining a class action pursuant to the

---

[1] The claim for PAGA penalties based on Defendants' failure to include the amount of non-discretionary incentive pay when calculating aggrieved employees' regular rate of pay for the payment of overtime is covered by a previously filed PAGA action entitled *Stewart v. Arconic Global Fasteners & Rings*, Orange County Superior Court Case No. 30-2018-00968137-CU-OE-CXC. Accordingly, Plaintiff has omitted that theory in his proposed amended complaint. However, Plaintiff maintains his separate theory of liability for unpaid overtime based on off the clock donning of protective clothing and gear that was not alleged in the *Stewart* Action. (Bollinger Decl. ¶ 3.)

1    provisions of California Code of Civil Procedure § 382. (See Exhibit 2 hereto; see also Bollinger

2    Decl. ¶ 4.)

3           The FAC also amends the prayer for relief to request relief for each of the eight new causes

4    of action and for an order certifying the classes and confirming Plaintiff as the representative of

5    the classes and counsel for Plaintiff as Class counsel. (See Exhibit 2 hereto; see also Bollinger

6    Decl. ¶ 5.)

7           The FAC does not propose any amendments to the factual background section or to the

8    first cause of action alleging claims under PAGA.

9    **III.    ARGUMENT**

10          **A. Relevant Law**

11          "The court may, in furtherance of justice, and on any terms as may be proper, allow a party

12   to amend any pleading[.]" Cal. Civ. Proc. Code§ 473(a)(l); *see also* Cal. Civ. Proc. Code§ 576

13   ("Any judge, at any time before or after commencement of trial, in the furtherance of justice, and

14   upon such terms as may be proper, may allow the amendment of any pleading."). "There is a strong

15   policy in favor of liberal allowance of amendments." *Mesler v. Bragg Mgmt. Co.* (1985) 39 Cal.

16   3d 290, 296. If the granting of a timely motion for leave to amend "will not prejudice the opposing

17   party, it is error to refuse permission to amend, and where the refusal also results in a party being

18   deprived of the right to assert a meritorious cause of action[;] it is not only error but an abuse of

19   discretion." *Morgan v. Super. Ct.* (1959) 172 Cal. App. 2d 527, 530 (finding that the trial court

20   acted arbitrarily and abused its discretion when it denied a motion for leave to file an amended

21   complaint that was filed before a trial date had been set).

22          In some instances, leave to amend a complaint will be denied if there was an unreasonable

23   delay in seeking leave, and where, as a result of that delay, granting leave would prejudice the

24   defendant. *See A.N v. Cnty. of Los Angeles* (2009) 171 Cal. App. 4th 1058, 1068. But even

25   unreasonable delay does not justify denial of leave when leave is sought well before trial and the

26   proposed amendment only concerns the introduction of new legal theories that "relate to the same

27   general set of facts" previously pleaded. *See Kittredge Sports Co. v. Super. Ct.* (1989) 213 Cal.

28

App. 3d 1045, 1048 (citation omitted); *accord Morgan*, 172 Cal. App. 2d at 530. "[I]t is a rare case in which a court will be justified in refusing a party leave to amend his pleadings so that he may properly present his case." *Morgan*, 172 Cal. App. 2d at 530 (citations omitted) (internal quotation marks omitted).

**B.   The Motion Should Be Granted Because Leave to Amend Was Timely Sought and Because Defendants Will Not Be Prejudiced If the Motion Is Granted.**

Plaintiff delayed bringing his class claims (which are based on the same factual predicate as his filed PAGA claims) until he could confirm that no arbitration agreement existed between the parties that would preclude Plaintiff from filing his class claims in court. To that end, after the Court lifted the stay following the Initial Case Management Conference, Plaintiff propounded a request for production of documents on Defendant Howmet Aerospace, Inc. ("Howmet") seeking copies of all documents in his employment file as well as all documents referencing Plaintiff during his employment by Howmet. (Bollinger Decl. ¶ 6.) Plaintiff hoped to confirm in a verified response from Howmet that Defendants had no documented agreements that would obligate Plaintiff to arbitrate his proposed claims. (*Id.*)

On March 1, 2021, Howmet served its responses to Plaintiff's document requests. In those responses, Howmet stated: "This action (and any discovery) should be stayed pending the final approval of the class settlement in the Stewart Action and the Responding Party objects to providing any documents until the issue of the stay is resolved." Accordingly, Howmet said it would only produce the requested documents after the issue of a stay was resolved: "Subject to and without waiving the foregoing objections and specifically reserving the same, and **only to the extent the matter is not stayed and particular claims are not precluded**, Responding Party responds as follows: Responding Party will produce non-privileged and otherwise non-objectionable documents responsive to this Request to the extent they exist and subject to a stipulated protective order." (Bollinger Decl. ¶ 7 [emphasis added].)

The Stewart Action is a separately filed class action lawsuit that alleges some but not all of the claims alleged in this lawsuit. Unlike this lawsuit, the Stewart plaintiff did not allege claims

for unpaid minimum wages, failure to provide meal periods, waiting time penalties or non-reimbursement of business expenses. While the Stewart plaintiff alleged claims for unpaid overtime and rest break violations, the Stewart Action did not include all of the same theories of liability as Plaintiff Walker. For example, Stewart alleged that he was denied third rest breaks on shifts over 10 hours and was *not paid* rest break premiums for those violations whereas Plaintiff Walker alleges that Defendant failed to correctly calculate the rest break premiums that Defendants *actually paid* him. (Bollinger Decl. ¶ 8.) Likewise, Stewart's unpaid overtime claim is based solely on the theory that Defendants failed to factor bonuses into the overtime rate whereas Plaintiff Walker also alleges that Defendants failed to pay him and others who were required to wear protective clothing and gear for the time it took them to don that gear before the start of their shifts. (*Id.*) The proposed FAC omits the one overlapping theory of liability for unpaid overtime.

Plaintiff's counsel proceeded to meet and confer with Defendants' counsel regarding Howmet's refusal to produce the responsive documents based on a potential settlement in the Stewart Action. (Bollinger Decl. ¶ 9.) Then, on April 5, 2021, Defendant's Counsel emailed Plaintiff's Counsel to inform him that "all of the claims in the instant lawsuit you filed are being actively discussed as part of the Stewart settlement" and on Friday, April 16, 2021, the parties to the Stewart Action filed a pleading in the Stewart Action stating:

> The Parties are also still engaged in discussions regarding Plaintiff's intention to submit an amended Notice to the Labor Workforce Development Agency and file a second amended complaint adding PAGA/class claims. The Parties anticipate finalizing said discussion and filing a stipulation and proposed second amended complaint within the next ten (10) days.

(Bollinger Decl. ¶¶ 9, 10, Exhs. B, C ¶ 2.) Plaintiff's Counsel took these statements to mean that Defendant was seeking to settle out the claims alleged in this lawsuit that were not previously alleged in the Stewart Action by having the Stewart plaintiff amend its complaint and PAGA letter. (*Id.* ¶ 11.) While Plaintiff scheduled an Informal Discovery Conference with the Court regarding the discovery dispute, Plaintiff determined that it could no longer wait for the resolution of the discovery dispute (and get confirmation regarding the existence of any arbitration agreement) to file its amended complaint. (*Id.*)

Plaintiff's Counsel took immediate action to preserve Plaintiff's rights with respect to his class claims after receiving a copy of the Stewart pleading by sending Defendant's Counsel a draft of the proposed FAC on Monday, April 19, 2021, and requesting that Defendant stipulate to the filing of the amended complaint. (Bollinger Decl. ¶ 2, Exh. A at April 19, 2021 11:12 AM.) On April 21, 2021, Defendant's Counsel declined Plaintiff's request. (*Id.*, Exh. A at April 21, 2021 10:47 AM.) Plaintiff's Counsel contacted the Court that same day to reserve a date for hearing on this Motion. (*Id.* ¶ 2.)

Based on these facts, Defendants cannot legitimately claim there was an unreasonable delay in bringing this Motion.

Further, if the Motion is granted, Defendants will be in effectively the same position as if the proposed FAC had been filed on the date the original complaint was filed. In light of the fact that there is no trial date set in this matter—and Defendants have yet to request that the Court set one—no prejudice can arise from the Motion being granted. Furthermore, as Plaintiffs' pending discovery pertains to the proposed new claims as well as the existing PAGA claims and, in any case, Howmet has stonewalled Plaintiff's discovery efforts to date, Defendants cannot claim that they will be prejudiced by having to incur additional costs related to discovery. This is simply not the "eve of trial" type scenario where the potential prejudice flowing from a contemplated amendment justifies ignoring "the strong policy favoring the liberal allowance of amendments." *Mesler*, 39 Cal. 3d at 296.

The type of unfair surprise or additional costs that can occur when leave is sought immediately before, or during, trial just do not exist here. *See, e.g., Magpali v. Farmers Group, Inc.* (1996) 48 Cal. App. 4th 471, 486-87 ("Where ... counsel, the parties, the trial court, and the witnesses have blocked the time, and the only way to avoid prejudice to the opposing party is to continue the trial date to allow further discovery, refusal of leave to amend cannot be an abuse of discretion."). The amendments Plaintiff proposes are all related to the facts originally pleaded in this Action, so no prejudice will result by Plaintiff having "delayed" the inclusion or amendment

of legal theories stated for the first time in the proposed FAC. *See Kittredge*, 213 Cal. App. 3d at 1048. In fact, the proposed amendments omit one theory of liability.

To the extent the new causes of action create any additional imposition on Defendants, that imposition will result only from the statute of limitations of the claims pleaded against them, not from the fact that some of the claims they will face were not stated in the original complaint filed herein. There is no authority stating that a motion for leave to amend a complaint could or should be denied simply because the amended complaint expands the scope of litigation. Indeed, the relevant case law indicates that if a plaintiff wants to expand the scope of a complaint even to add additional legitimate legal theories, it is proper to do so if discovery is still open. *Morgan*, 172 Cal. App. 2d at 531 (noting that there was no prejudice to the defendant where an amended complaint would increase the number of causes of action pleaded against him); *cf. Laabs v. City of Victorville* (2008) 163 Cal. App. 4th 1242, 1258 (noting that amendments to pleadings are "readily allowed" at the summary judgment stage); *see also* Cal. Civ. Proc. Code§§ 437c (stating that a motion for summary judgment must be served seventy-five days before hearing, and that such hearing must occur at least thirty days before trial); 2024.020 (stating that discovery generally closes thirty days before trial). Even assuming Defendants oppose this motion on the grounds that it increases the scope of the Action, that is not prejudice of the kind that could scuttle this Motion. As Defendants will not be able to articulate any form of prejudice upon which this Motion could be denied, the Motion should be granted.

### C. **The Stewart Action Is Irrelevant To This Motion.**

Plaintiff anticipates that the Defendants will argue that the Court should deny this Motion because, Defendants are seeking to settle all of Plaintiff's claims, including the class claims including in his proposed First Amended Complaint, in the Stewart Action. However, any new claims in the Stewart Action that are based on new facts (e.g., claims for unpaid minimum wages, meal break violations, and non-reimbursement of business expenses) will not relate back to the filing of the Stewart plaintiff's original complaint. "The relation-back doctrine requires that the amended complaint must (1) rest on the *same general set of facts*, (2) involve the *same injury*, and

1    (3) refer to the *same instrumentality*, as the original one." *Norgart v. Upjohn Co.* (1999) 21 Cal.

2    4th 383, 408–09 (original italics); *see, e.g., Kemp v. Int'l Bus. Machines Corp.* (N.D. Cal. Apr. 6,

3    2011) No. C-09-3683 MHP, 2011 WL 13153248, at *4 n.5 (finding "putative class's claims do not

4    relate back to the date of the original complaint" because "[t]he original claim for alleged record-

5    keeping violations and the new claims for alleged failure to pay overtime, reimburse business

6    expenses, provide meal periods, and pay timely wages involve distinct factual inquiries").

7        In contrast, where, as here, the original PAGA notice gave sufficient notice of each and

8    every claim proposed in Plaintiff's First Amended Complaint, the new claims may relate back to

9    the original PAGA complaint. *Brown v. Ralphs Grocery Co.* (2018) 28 Cal. App. 5th 824, 841-842

10   ("later-added claims are not saved by ... the relation back doctrine ... **except to the extent the**

11   **later-added [Labor Code] claims may relate back to the PAGA claim adequately and timely**

12   **noticed in 2009**") (emphasis added). That is precisely what we have here. All of the claims that

13   Plaintiff proposes to add to his First Amended Complaint will relate back to his October 13, 2020

14   filing of his PAGA complaint because they are based on the exact same facts as his PAGA claim.

15   Accordingly, even if the Stewart plaintiff amends his claims to add all of Plaintiff's unique class

16   claims, any settlement of those claims will not cover the full statutory period of covered by the

17   claims in this case. In other words, Plaintiff's proposed amendments are not futile even if the

18   Stewart court approves a settlement in that case.

19

20   **IV.   CONCLUSION**

21       In light of Plaintiff's good faith and timely conduct in bringing this Motion, and the fact

22   that the amendment sought will not prejudice Defendants, Plaintiff respectfully requests the Court

23   grant this Motion and allow Plaintiff to file the proposed First Amended Complaint.

24

25   DATED: April 28, 2021                    MOSS BOLLINGER, LLP

26

27

28                                           Jeremy F. Bollinger
                                             Attorneys for Plaintiff DAVID WALKER

# EXHIBIT 1

## to

## Motion for Leave to File First Amended Complaint

## *Walker v. Howmet Aerospace*

## Case No. CIVDS2022311

Jeremy F. Bollinger (SBN 240132)
Dennis F. Moss (SBN 77512)
Ari E. Moss (SBN 238579)
Kiara Bramasco (SBN 322600)
**MOSS BOLLINGER LLP**
15300 Ventura Blvd., Ste. 207
Sherman Oaks, California 91403
Telephone: (310) 982-2984
Facsimile: (818) 963-5954
jeremy@mossbollinger.com
dennis@mossbollinger.com
ari@mossbollinger.com
kiara@mossbollinger.com

Attorneys for Plaintiff
DAVID WALKER

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

| | |
|---|---|
| **DAVID WALKER**, an individual, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>**HOWMET AEROSPACE, INC.**, a Delaware corporation; **SCHLOSSER FORGE COMPANY**, a Delaware corporation; and **DOES 1-50**,<br><br>    Defendants. | Case No. CIVDS2022311<br><br>(Assigned for all purposes to Hon. David Cohn, Dept. S-26)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1.    PENALTIES PURSUANT TO PRIVATE ATTORNEY GENERAL ACT OF 2004<br>2.    FAILURE TO PAY MINIMUM WAGES<br>3.    FAILURE TO PAY OVERTIME WAGES<br>4.    FAILURE TO PROVIDE ADEQUATE MEAL PERIODS AND PAY ALL PREMIUMS OWED<br>5.    FAILURE TO PAY ALL REST PERIOD PREMIUMS<br>6.    FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS<br>7.    FAILURE TO TIMELY PAY ALL WAGES UPON CESSATION OF EMPLOYMENT<br>8.    FAILURE TO REIMBURSE BUSINESS EXPENSES<br>9.    UNFAIR COMPETITION<br><br>DEMAND FOR JURY TRIAL |

**FIRST AMENDED COMPLAINT**

Plaintiff David Walker ("PLAINTIFF"), on behalf of himself, other similarly aggrieved employees of Defendants Howmet Aerospace, Inc. and Schlosser Forge Company, and on behalf of the State of California, hereby complains and alleges as follows:

## INTRODUCTION

1.     This is a class and representative action by PLAINTIFF on behalf of himself, other similarly aggrieved employees, and the State of California against defendants Howmet Aerospace, Inc. and Schlosser Forge Company and Doe Defendants 1-50 (collectively, "DEFENDANTS"), pursuant to the California Private Attorney General Act, Labor Code sections 2698 *et seq.* ("PAGA") to recover civil penalties (75% payable to the Labor Workforce Development Agency and 25% payable to aggrieved employees) and remedies under Code of Civil Procedure § 382 for failure to pay all minimum and overtime wages, failure to provide adequate meal breaks, failure to correctly pay meal and rest break premiums, failure to provide accurate wage statements and failure to timely pay all wages upon cessation of employment and failure to reimburse business expenses to PLAINTIFF and other similarly aggrieved employees of DEFENDANTS in California.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action under Article 6 of the California Constitution and California Code of Civil Procedure § 410.10.

3.     This Court has jurisdiction over Plaintiff's and Class Members' claims for unpaid minimum wages, unpaid overtime wages, meal period violations, rest break violations, failure to reimburse for business expenses and waiting time penalties under California Labor Code § 218.

4.     This Court has jurisdiction over Plaintiff's and the Class Members' claims for restitution of ill-gotten benefits arising from Defendant's unlawful and/or unfair business practices under California Business & Professions Code §§17200 *et seq*.

5.     This Court has jurisdiction over PLAINTIFF's claims for penalties pursuant to PAGA.

6.     Venue is proper in this Judicial district and the County of San Bernardino pursuant to California Code of Civil Procedure § 395.5 because DEFENDANTS employed PLAINTIFF at

1

**FIRST AMENDED COMPLAINT**

its facility in Rancho Cucamonga, California, in the County of San Bernardino, and the acts,

omissions, and conduct alleged by PLAINTIFF herein occurred in this county.

## PARTIES

7.    Plaintiff David Walker is a resident of San Bernardino County, California.

PLAINTIFF was hired by Defendant Schlosser Forge Company dba Arconic, Inc., a Delaware

corporation, as a grinder at its facility in Rancho Cucamonga, California, in or around 2017. In

2020, Arconic, Inc. became Howmet Aerospace, Inc., a Delaware corporation. PLAINTIFF worked

for DEFENDANTS until he was laid off in the summer of 2020 by Howmet Aerospace, Inc.

8.    PLAINTIFF is informed and believes that DOES 1 through 50 are corporations,

individuals, limited liability partnerships, limited liability companies, general partnerships, sole

proprietorships or are other business entities or organizations of a nature not currently known to

PLAINTIFF.

9.    PLAINTIFF is unaware of the true names of Defendant DOES 1 through 50.

PLAINTIFF sues said Defendants by said fictitious name, and will amend this complaint when the

true names and capacities are ascertained or when such facts pertaining to liability are ascertained,

or as permitted by law or by the Court.  PLAINTIFF is informed and believes that each of the

fictitiously named Defendants is in some manner responsible for the events and allegations set forth

in this complaint.

10.    PLAINTIFF is informed and believes, and thereon alleges, that at all times herein

mentioned each Defendant, including all Defendants sued under fictitious names, was the

employee, or representative of each of the remaining Defendants, and in doing the things

hereinafter alleged, was at  times acting within the course and scope of this employment, and at

other times, acting in his or her own individual capacity. In the alternative, each of the individually

named Defendants, acted in concert and in furtherance of a fraudulent plan and scheme and each

actively participated in the wrongful acts alleged in this complaint.

**FACTUAL BACKGROUND**

11.     At all times during the liability period, DEFENDANTS employed PLAINTIFF and other similarly situated hourly paid employees to perform services at DEFENDANTS' facilities throughout California.

12.     When working in DEFENDANTS' facility, including during the one year period before PLAINTIFF notified DEFENDANTS and the LWDA of his claims, in violation of Labor Code Sections 510, 1194, 1197 and subsections 3 and 4 of applicable Industrial Welfare Commission ("IWC") Wage Orders, including Wage Order 1, PLAINTIFF and other similarly situated aggrieved employees were suffered and permitted to work before the start of their shifts to don protective clothing and gear that was necessary for them to perform their work, including a work shirt and pants, apron, safety boots, safety glasses, ear plugs, helmet, and N95 mask. DEFENDANTS maintained lockers where PLAINTIFF and other similarly situated employed individuals changed out of their personal shirt, pants and shoes and donned the protective clothing and gear before the start of their scheduled shift. DEFENDANTS required PLAINTIFF and other similarly situated employed individuals to be dressed in their protective clothing and gear before they clocked in for work. PLAINTIFF performed this work with the knowledge of and at the direction of his supervisors.

13.     PLAINTIFF spent approximately ten minutes before each shift donning his protective clothing and gear. However, PLAINTIFF and other similarly employed individuals were only paid from the start of their scheduled shift time. Therefore, DEFENDANTS did not pay PLAINTIFF and other similarly situated employed individuals for the approximately 10 minutes of work time required before the start of their scheduled shift time. On shifts less than 8 hours or in weeks in which PLAINTIFF worked less than 40 hours, DEFENDANTS owe PLAINTIFF for his unpaid work time at minimum wage. On shifts of 8 or more hours or in weeks in which PLAINTIFF worked 40 or more hours, Defendant owes PLAINTIFF for his unpaid work at PLAINTIFF's overtime rate. Accordingly, DEFENDANTS violated Labor Code Section 510 and IWC Wage Order 1, subsection 3.

**FIRST AMENDED COMPLAINT**

14.     Labor Code § 512 generally requires that employees working shifts of more than five hours be provided with a meal period within the first five hours of work, and that employees working shifts of more than ten hours be provided with a second meal period.  Lab. Code § 512; *see also* Section 11 of the applicable Wage Orders, including Wage Orders 1.  Employees are, therefore, entitled to one additional hour of pay at the employee's regular rate of pay for every day that a meal period was not provided or is provided late.  *See id.*; Lab. Code § 226.7(c).

15.     During PLAINTIFF's employment, PLAINTIFF regularly worked shifts lasting longer than 10 hours. PLAINTIFF and all other similarly employed individuals were released for their meal periods at the same time by their supervisor. PLAINTIFF did not have discretion when to take his meal periods. DEFENDANTS did not release PLAINTIFF and other similarly employed individuals for their second 30-minute meal period when they worked shifts lasting longer than 10 hours. Accordingly, DEFENDANTS regularly failed to provide, authorize, and/or permit to PLAINTIFF and other similarly employed aggrieved employees to take a second meal period on shifts over ten hours, as required by California law. DEFENDANTS did not pay PLAINTIFF and the other similarly situated aggrieved employees an additional hour as premium pay, as required by California law.

16.     Labor Code Section 226.7 and Section 11(D) of the applicable IWC Wage Order, including Wage Order 1, requires DEFENDANTS to pay employees, when their rights to meal breaks and rest breaks are violated, "one additional hour of pay at the employee's regular rate of compensation" for each workday that the meal or rest period is not provided. When DEFENDANTS pay break premiums, DEFENDANTS' policy and practice has been to pay the break premium at the employee's base hourly rate without factoring in other wages paid for the labor performed.

17.     California looks to federal law in defining "regular rate" and the FLSA defines "regular rate" at 29 USC § 207(e) without reference to "of pay", or "of compensation":

(e) **"Regular rate" defined**

As used in this section the "regular rate" at which an employee is employed shall be deemed to include **all remuneration for employment paid to, or on behalf of, the employee....** (emphasis added.)

18.     The "all remuneration" requirement compels employers, in determining "regular rate" for an hour of work, to incorporate all remuneration an employee is paid for the hour (e.g. bonuses, shift differentials, commissions, hourly pay, piece work wages, etc.).

19.     During the one-year period prior to the date of submitting this letter, DEFENDANTS paid PLAINTIFF and other similarly employed individuals break premiums at their base hourly rate without factoring in other wages paid for the labor performed, including incentive bonuses and shift differentials, among other things.

20.     At all times during the liability period, PLAINTIFF and other similarly situated seasonal employees did not receive all money owed them at the time their employment with DEFENDANTS ceased and still have not received such pay.

21.     During the one-year period prior to the date of submitting this letter, DEFENDANTS issued wage statements to PLAINTIFF and similarly situated employed individuals that did not list all wages earned, including the minimum, overtime and premium wages discussed above. As the above infractions explain, PLAINTIFF and similarly employed persons were entitled to minimum, overtime and premium wages that were not paid and, therefore, DEFENDANTS violated and continue to violate the provisions of Labor Code Section 226.

22.     PLAINTIFF (and others) have ceased their employment with DEFENDANTS. Upon the cessation of that employment relationship (and as prescribed by statute), they did not receive all wages owed. Namely, said former employees (including PLAINTIFF) did not receive all of their minimum and overtime wages due to DEFENDANTS' failure to pay for pre-shift donning of protective clothing and gear.  PLAINTIFF and those similarly situated, upon termination, did not receive all owed wages on the date of termination.  Therefore, DEFENDANTS have violated and continue to violate Labor Code Sections 201 and 202.

23.     As alleged above, DEFENDANTS required PLAINTIFF and other similarly situated employed individuals to wear certain articles of protective gear including masks and safety boots while they work. DEFENDANTS were required to provide N95 masks to PLAINTIFF and other similarly employed individuals; however, once the Coronavirus pandemic started, not only did DEFENDANTS no longer provide N95 masks to PLAINTIFF and others, DEFENDANTS provided no masks and required PLAINTIFF and other similarly employed individuals to procure their own masks at their own expense. In order to protect himself and comply with the mask requirement, PLAINTIFF purchased disposable single use masks at a cost of approximately $4 per mask per workday without reimbursement. PLAINTIFF worked three days per week. Similarly, DEFENDANTS were supposed to provide safety boots to PLAINTIFF and other similarly employed individuals. However, when individuals needed new boots, DEFENDANTS did not provide employees with a new boot voucher to buy a replacement pair of boots. Employees were required to purchase replacement boots at their own expense without reimbursement.

24.     Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." Wage Order 1, Section 9(B), also states that an employer shall provide necessary tools or equipment, except in cases where the employee is paid two times the minimum wage.

25.     At the time PLAINTIFF was laid off, PLAINTIFF was paid $16.4285 per hour. Similarly situated employees are also paid less than two times the minimum wage. As such, DEFENDANTS were required to provide all necessary tools and equipment. Moreover, pursuant to Labor Code Section 2802, DEFENDANTS were required to reimburse all necessary expenditures. Here, DEFENDANTS were required to indemnify PLAINTIFF and all similarly situated employees for masks and replacement boots purchased in direct consequence of the discharge of their duties. Therefore, DEFENDANTS have violated Labor Code Section 2802 by requiring its employees to purchase their own masks and replacement boots and failing to reimburse the expense.

**COMPLIANCE WITH NOTIFICATION REQUIREMENTS**

26.     On July 29, 2020, PLAINTIFF, through his counsel, sent a certified letter to the California Labor and Workforce Development Agency ("LWDA") informing it that DEFENDANTS failed to meet their obligations under California law with regard to the violations alleged in this complaint ("PAGA Letter"). Attached hereto as **Exhibit A** is a true and correct copy of the July 29, 2020 letter also sent to DEFENDANTS at the offices of their Agents for Service of Process.

27.     To date, more than 65 days after July 29, 2020 PAGA Letter was mailed, the LWDA has not responded.

28.     The PAGA Letter outlined PLAINTIFF's claims for violations of the California Labor Code and the applicable wage orders on behalf of himself, the State of California and other aggrieved employees.

29.     Accordingly, PLAINTIFF exhausted administrative remedies as required by Labor Code § 2699.3.

**CLASS DEFINITIONS AND CLASS ALLEGATIONS**

30.     PLAINTIFF brings this action on behalf of himself, on behalf of all others similarly situated, and as members of Classes defined as follows:

      a.  <u>Break and Unpaid Wages Class</u>: All persons employed as a non-exempt employee by DEFENDANTS in California at any time from October 13, 2016 through the date Notice is mailed to the Class.

      b.  <u>Break Premium Regular Rate Class</u>: All members of the Break & Unpaid Wages Class who were paid a meal or rest break premium by DEFENDANTS in California at any time from October 13, 2016 through the date Notice is mailed to the Class

      c.  <u>Donning and Doffing Class</u>: All members of the Break & Unpaid Wages Class who were required by DEFENDANTS to don and/or doff protective clothing and gear that was necessary for them to perform their work, including a work

7

**FIRST AMENDED COMPLAINT**

shirt and pants, apron, safety boots, safety glasses, ear plugs, helmet, and/or N95 mask in California at any time from October 13, 2016 through the date Notice is mailed to the Class.

d.   <u>Wage Statement Class</u>: All members of the Break and Unpaid Wages Class who were employed by DEFENDANTS in California at any time from October 13, 2019 through the date Notice is mailed to the Class.

e.   <u>Waiting Time Penalty Class</u>: All members of the Break and Unpaid Wages Class who were employed by DEFENDANTS in California at any time from October 13, 2017 through the date Notice is mailed to the Class, including, but not limited to, anyone who may have been reemployed by DEFENDANTS after their prior employment ended.

f.   <u>Reimbursement Class</u>: All members of the Break & Unpaid Wages Class who were required by DEFENDANTS to wear N95 masks and/or safety boots in the performance of their work duties for DEFENDANTS in California at any time from October 13, 2016 through the date Notice is mailed to the Class.

31.   This action has been brought and may be properly maintained as a class action pursuant to the provisions of California Code of Civil Procedure § 382 and other applicable law.

32.   **Numerosity**: Code of Civil Procedure § 382: members of the Class are so numerous that their individual joinder is impracticable.  The precise number of Class members and their addresses are unknown to PLAINTIFF.  However, PLAINTIFF is informed and believes that the number can be obtained from DEFENDANTS' records.  Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

33.   **Existence of Predominance of Common Questions of Fact and Law**:  Code of Civil Procedure § 382:  Common questions of law and fact exist as to all members of the Class.  These questions predominate over any questions effecting only individual members of the class.  These common factual and legal questions include:

(a) Whether DEFENDANTS failed to compensate members of the Break and Unpaid Wages Class for all overtime owed.

(b) Whether DEFENDANTS failed to provide members of the Break and Unpaid Wages Class timely, thirty (30) minute uninterrupted meal breaks as contemplated by California law;

(c) Whether DEFENDANTS violated the applicable IWC Wage Orders and Labor Code Sections by failing to provide members of the Break and Unpaid Wages Class second meal periods on shifts over ten (10) hours;

(d) Whether DEFENDANTS failed to factor incentive bonuses and/or shift differentials into the calculation of the payment of break premiums to members of the Break Premium Regular Rate Class.

(e) Whether California law requires DEFENDANTS to factor incentive bonuses and/or shift differentials into the calculation of the payment of break premiums to members of the Break Premium Regular Rate Class.

(f) Whether DEFENDANTS failed to pay members of the Break and Unpaid Wages Class for time members of the class took to don and doff protective clothing and gear prior to the start of their shifts.

(g) Whether DEFENDANTS failed to provide members of the Waiting Time Penalty Class all wages owed, including overtime wages, break premiums, at the time of the cessation of the employee-employer relationship;

(h) Whether DEFENDANTS failed to reimburse members of the Reimbursement Class for the cost of masks and boots members of the class purchased for use at work;

(i) Whether DEFENDANTS committed unlawful business practices or acts within the meaning of Business & Professions Code Sects. 17200 *et seq.*;

9

**FIRST AMENDED COMPLAINT**

(j)  Whether hourly paid employees are entitled to premium wage waiting time penalties, inaccurate wage statement penalties and other relief in conjunction with their meal and rest break claims;

(k)  Whether, as a consequence of DEFENDANTS' unlawful conduct, the Class members are entitled to restitution, and/or equitable relief;

(l)  Whether DEFENDANTS' affirmative defenses, if any, raise any common issues of law or fact as to Plaintiff and the Classes members as a whole.

34.  **Typicality:**  PLAINTIFF's claims are typical of the claims of the members of each Class because PLAINTIFF, as a non-exempt employee, was exposed to the same unlawful business practices as the members of the classes.  PLAINTIFF sustained the same types of injuries and losses that the class members sustained.  PLAINTIFF is subject to the same affirmative defenses as the members of the class.

35.  **Adequacy:**  PLAINTIFF will adequately and fairly protect the interests of the members of the Classes.  PLAINTIFF has no interest adverse to the interests of absent Class members.  PLAINTIFF is represented by legal counsel who has substantial class action experience in civil litigation and employment law.

36.  **Superiority:**  A class action is superior to other available means for fair and efficient adjudication of the claims of the Classes and would be beneficial for the parties and the court.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  The monetary amounts due to many individual Class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the Class to seek and obtain relief.  A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them.  Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

## FIRST CAUSE OF ACTION

### CIVIL PENALTIES UNDER PAGA

### (By PLAINTIFF and Aggrieved Employees against DEFENDANTS)

37.     PLAINTIFF incorporates all of the foregoing paragraphs of this complaint as if fully alleged herein.

38.     Under the Private Attorney General Act, Labor Code §§ 2698-99 ("PAGA"), private parties may recover civil penalties for violations of the California Labor Code, including sections 510, 512, 1194, 1197, 2802, 201, 202, 203, 226, 226.7 and the Industrial Welfare Commission's ("IWC") Wage Orders, including IWC Wage Order 1.  PAGA penalties are in addition to any other relief available under the Labor Code.

39.     As set forth above, DEFENDANTS violated the California Labor Code by consistently failing to employ PLAINTIFF and other similarly situated employees in compliance with California law.

40.     At all times relevant to this action, PLAINTIFF and other aggrieved employees were employees of DEFENDANTS entitled to the benefits of the IWC Wage Orders, including Wage Orders 1.

41.     At all times relevant hereto, California Labor Code §§ 510, 1194(a) and 1197 and the applicable wage orders, have required DEFENDANTS to pay their employees the applicable minimum wage for all hours worked and overtime wages for all hours worked over 8 hours in a day and over 40 hours in a week.

42.     PLAINTIFF and the other aggrieved employees were not paid by DEFENDANTS, during the relevant period, the applicable minimum and overtime wages for all hours worked because DEFENDANTS required PLAINTIFF and others to perform work off the clock before the start of their shift for which DEFENDANTS did not pay them, as alleged above.

43.     At all relevant times, PLAINTIFF and the other aggrieved employees were employees of DEFENDANTS covered by Labor Code Sections 510 and 1194 and the applicable wage orders.

11

**FIRST AMENDED COMPLAINT**

44.     By failing to pay PLAINTIFF and the other aggrieved employees for all overtime hours worked, DEFENDANTS willfully breached their obligation to pay overtime wages, violating the provisions of Labor Code sections 510 and 1194 and the applicable wage orders.

45.     By failing to pay PLAINTIFF and other aggrieved employees who performed pre-shift work, DEFENDANTS willfully breached their obligations under Section 5 of the applicable wage orders, including Wage Orders 1.

46.     At all relevant times, PLAINTIFF and other aggrieved employees were employees of DEFENDANTS covered by the meal period provisions of Labor Code Sections 226.7 and 512, and the applicable wage orders, including Wage Orders 1.

47.     Pursuant to Labor Code Sections 226.7 and 512, and the applicable wage orders, PLAINTIFF and other aggrieved employees were entitled to a meal period of at least 30 minutes for each workday they worked more than 5 hours in any workday, and one additional hour of pay for every day that a timely meal period was not provided.

48.     DEFENDANTS failed to provide PLAINTIFF and other aggrieved employees with timely, uninterrupted, duty free meal periods in accordance with Labor Code Section 226.7 and 512, and the applicable wage orders.  During the relevant period, DEFENDANTS maintained and continue to maintain a policy or practice of failing to provide aggrieved employees, including PLAINTIFF, with second meal periods on shifts over 10 hours, as alleged above.

49.     DEFENDANTS failed to provide PLAINTIFF and other aggrieved employees the additional hour of pay required by Labor Code Section 226.7 and the applicable wage orders for the meal period violations alleged herein.  PLAINTIFF is informed and believes and thereon alleges that at all relevant times within the relevant period, DEFENDANTS maintained and continue to maintain a policy or practice of not paying additional pay to employees for meal period violations, and when DEFENDANTS do pay premiums for meal and rest break violations, DEFENDANTS have maintained and continue to maintain a policy or practice of failing to include all forms of compensation in its calculation of those premiums payments, as alleged above.

50.     Pursuant to Labor Code Section 201, PLAINTIFF and other similarly aggrieved employees were entitled upon cessation of employment with DEFENDANTS to timely payment of all wages earned and unpaid prior to termination and/or discharge, including layoff.  Employees who were discharged were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Pursuant to Section 202, employees who voluntarily terminated their employment with DEFENDANTS were entitled to timely payment of all wages earned and unpaid within 72 hours of giving notice of their resignation.

51.     DEFENDANTS failed to pay PLAINTIFF and other aggrieved terminated employees all wages earned and unpaid prior to termination timely in accordance with Labor Code Sections 201 and 202.

52.     DEFENDANTS' failure to pay PLAINTIFF and other terminated employees all wages earned prior to termination in accordance with Labor Code Sections 201 and 202 was willful. DEFENDANTS had the ability to pay all wages earned by employees prior to termination in accordance with Labor Code Sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Section 201 and 202.

53.     Pursuant to Labor Code Section 203, PLAINTIFF and other terminated employees were entitled to continuation of their wages, from the day their earned and unpaid wages were due upon termination until paid, up to a maximum of 30 days. DEFENDANTS did not comply with their obligations under Section 203.

54.     DEFENDANTS failed to reimburse PLAINTIFF and other aggrieved employees for necessary expenditures or losses incurred by the employees in direct consequence of the discharge of their duties in violation of Labor Code Section 2802.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

**(By PLAINTIFF and the Donning and Doffing Class Against All Defendants)**

55.     PLAINTIFF incorporates all of the foregoing paragraphs of this complaint as if fully alleged herein.

**FIRST AMENDED COMPLAINT**

56.     At all relevant times, PLAINTIFF and the other members of the Donning and Doffing Class were employees of DEFENDANT covered by Labor Code Section 1197 and IWC Wage Order 14.

57.     Pursuant to Labor Code Section 1197 and Wage Order 14, PLAINTIFF and the other members of the Donning and Doffing Class were entitled to receive minimum wages for all hours worked.

58.     DEFENDANT failed to pay PLAINTIFF and other members of the Donning and Doffing Class minimum wages for all hours worked in violation of Labor Code Section 1197 and Wage Order 1.  PLAINTIFF is informed and believes and thereon alleges that at all relevant times within the applicable limitations period, DEFENDANTS maintained and continue to maintain a policy or practice of requiring PLAINTIFF and putative class members to perform various duties before the start of their scheduled shift, their meal break and after their scheduled shift and meal breaks, including the donning and doffing of protective clothing and gear, but does not pay those employees for the time it takes them to don and doff their apparel.

59.     As a result of DEFENDANTS' unlawful conduct, PLAINTIFF and other members of the Donning and Doffing Class have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours actually worked.

60.     Pursuant to Labor Code Sections 1197 and Wage Order 1, PLAINTIFF and other members of the Donning and Doffing Class are entitled to recover the full amount of unpaid minimum wages, prejudgment interest, liquidated damages, reasonable attorney's fees and costs of suit.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

### (Plaintiff and the Donning and Doffing Class Against All Defendants)

61.     PLAINTIFF incorporates all of the foregoing paragraphs of this complaint as if fully alleged herein.

62.     At all relevant times, PLAINTIFF and other members of the Donning and Doffing Class were employed by DEFENDANTS and covered by Labor Code Section 510 and Wage Order 1.

63.     Pursuant to Labor Code Section 510 and Wage Order 1, PLAINTIFF and other members of the Donning and Doffing Class were entitled to overtime wages payable at the rate of at least one and one-half times their regular rate of pay for all work more than 8 hours in one workday.

64.     PLAINTIFF is informed and believes and thereon alleges that at all relevant times within the applicable limitations period, DEFENDANTS maintained and continue to maintain a policy or practice of requiring PLAINTIFF and members of the Donning and Doffing Class to perform various duties before the start of scheduled shifts on shifts of 8 hours or more in length, including the donning and doffing of protective clothing and gear, but does not pay those employees for the time it takes them to don and doff their apparel.

65.     In committing the violations of state law as herein alleged, DEFENDANT has knowingly and willfully refused to perform its obligations to compensate class members for all wages earned and all hours worked.

66.     As a direct result, PLAINTIFF and members of the Donning and Doffing Class have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages, lost interest on such monies and expenses and attorney's fees in seeking to compel DEFENDANTS to fully perform its obligation under state law, all to its respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

67.     PLAINTIFF on behalf of himself and the Donning and Doffing Class requests the unpaid wages, all penalties to which they may recover interest, attorneys' fees, costs, and any other remedies allowed by law in an amount to be proven at trial.

**FIRST AMENDED COMPLAINT**

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ADEQUATE MEAL PERIODS AND PAY ALL**

**PREMIUMS OWED**

**(Plaintiff and the Break and Unpaid Wages Class and Break Premium Regular Rate Class**

**Against All Defendants)**

68.     PLAINTIFF incorporates all of the foregoing paragraphs of this complaint as if fully alleged herein.

69.     At all relevant times, PLAINTIFF and the other members of the Break and Unpaid Wages Class and Break Premium Regular Rate Class were employees of DEFENDANT covered by Labor Code Sections 226.7 and 512, and Wage Order 1.

70.     Pursuant to Labor Code Sections 226.7 and 512, and Wage Order 1, PLAINTIFF and the other members of the Break and Unpaid Wages Class and Break Premium Regular Rate Class were entitled to a meal period of at least 30 minutes for each workday they worked more than 5 hours in any workday, and one additional hour of pay for every day that a timely meal period was not provided.

71.     By requiring PLAINTIFF and other members of the Break and Unpaid Wages Class and Break Premium Regular Rate Class to don and doff before the scheduled start of their shifts, DEFENDANTS failed to provide PLAINTIFF and other members of the Break and Unpaid Wages Class meal periods within the first 5 hours of their workday for each workday that they worked more than 5 hours in accordance with Labor Code Section 226.7 and 512, and Wage Order 1. Moreover, PLAINTIFF and other putative class members take their meal breaks at the direction of their supervisor. PLAINTIFF is informed and believes and thereon alleges that during the applicable limitations period, DEFENDANTS maintained and continue to maintain a policy or practice of releasing its hourly employees to take their meal periods after working 5 hours in a workday and preventing putative class members from taking their meal periods within the first 5 hours of the workday.

72.     PLAINTIFF and other members of the Break and Unpaid Wages Class were entitled to a second 30-minute meal period on shifts over 10 hours; however, DEFENDANTS failed to provide PLAINTIFF and other members of the Break and Unpaid Wages Class a second meal period on such shifts.

73.     DEFENDANTS regularly failed to provide PLAINTIFF and other members of the Break and Unpaid Wages Class the additional hour of pay required by Labor Code Section 226.7 and Wage Order 1 for late or missed meal periods.  PLAINTIFF is informed and believes and thereon alleges that at all relevant times within the applicable limitations period, DEFENDANTS maintained and continues to maintain a policy or practice of not paying an additional hour of pay to employees for late, short or missed meal periods.

74.     When DEFENDANTS have paid PLAINTIFF and other members of the Break Premium Regular Rate Class a premium for a meal break violation, DEFENDANTS have failed to factor incentive bonus and shift differential payments into the regular rate of pay for the payment of those meal break premiums, as alleged above.

75.     As a result of DEFENDANTS' unlawful conduct, PLAINTIFF and other members of the Break and Unpaid Wages Class and Break Premium Regular Rate Class have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for meal break violations.

76.     Pursuant to Labor Code Section 218, PLAINTIFF and other members of the Break and Unpaid Wages Class and Break Premium Regular Rate Class are entitled to recover the full amount of their unpaid additional pay for late and missed meal periods.  Pursuant to Labor Code Section 218.5, PLAINTIFF and other members of the Break and Unpaid Wages Class and Break Premium Regular Rate Class are entitled to recover their reasonable attorney's fees and costs of suit.  Pursuant to Labor Code Section 218.6 or Civil Code Section 3287(a), PLAINTIFFS and other members of the Putative Classes are entitled to recover prejudgment interest on the additional pay owed for late and missed meal periods.

17

**FIRST AMENDED COMPLAINT**

## **FIFTH CAUSE OF ACTION**

### **FAILURE TO PAY ALL REST PERIOD PREMIUMS**

**(Plaintiff and the Break Premium Regular Rate Class Against All Defendants)**

77.     PLAINTIFF incorporates all of the foregoing paragraphs of this complaint as if fully alleged herein.

78.     At all relevant times, PLAINTIFF and the other members of the Break Premium Regular Rate Class were employees of DEFENDANTS covered by Labor Code Sections 226.7 and 512, and Wage Order 1.

79.     Pursuant to Labor Code Sections 226.7 and 512, and Wage Order 1, PLAINTIFF and the other members of the Break Premium Regular Rate Class were entitled to a rest period of at least 10 minutes for each four-hour period of work, or major fraction thereof, and one hour of additional pay for every day a required rest period was not provided.

80.     When DEFENDANTS paid PLAINTIFF and other members of the Break Premium Regular Rate Class a premium for a rest break violation, DEFENDANTS have failed to factor incentive bonus and shift differential payments into the regular rate of pay for the payment of those rest break premiums, as alleged above.

81.     As a result of DEFENDANT's unlawful conduct, PLAINTIFF and other members of the Break Premium Regular Rate Class have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed and short rest periods.

82.     Pursuant to Labor Code Section 218, PLAINTIFF and other members of the Break Premium Regular Rate Class are entitled to recover the full amount of their unpaid additional pay for rest period Break Premium Regular Rate Class.  Pursuant to Labor Code Section 218.5, PLAINTIFF and other members of the Break Premium Regular Rate Class are entitled to recover their reasonable attorney's fees and costs of suit.  Pursuant to Labor Code Section 218.6 or Civil Code Section 3287(a), PLAINTIFF and other members of the Break Premium Regular Rate Class are entitled to recover prejudgment interest on the additional pay owed for missed and short rest periods.

**FIRST AMENDED COMPLAINT**

## SIXTH CAUSE OF ACTION

### FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS

#### (Plaintiff and the Wage Statement Class Against All Defendants)

83.     PLAINTIFF incorporates all of the foregoing paragraphs of this complaint as if fully alleged herein.

84.     Section 226(a) of the California Labor Code requires DEFENDANTS to accurately report total hours worked by PLAINTIFF and the members of the proposed Wage Statement Class, and to accurately set forth wages earned.  DEFENDANTS have knowingly and intentionally failed to comply with Labor Code section 226(a) on each wage statement provided to PLAINTIFF and members of the proposed Wage Statement Class during pay periods in which DEFENDANTS failed to pay minimum and/or overtime wages or break premiums owed to PLAINTIFF or a member of the class.

85.     As a consequence of DEFENDANTS' knowing and intentional failure to comply with Labor Code section 226(a), PLAINTIFF and each Wage Statement Class member he seeks to represent are each entitled to actual damages or penalties not to exceed $4000 pursuant to Labor Code section 226(b), together with interest thereon and attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

### FAILURE TO PAY WAGES TIMELY UPON CESSATION OF EMPLOYMENT

#### (Plaintiff and the Waiting Time Penalty Class Against All Defendants)

86.     PLAINTIFF incorporates all of the foregoing paragraphs of this complaint as if fully alleged herein.

87.     PLAINTIFF and the other members of the Waiting Time Penalty Class were employees of DEFENDANTS covered by Labor Code Section 201 whose employment was terminated by DEFENDANTS during the relevant class period.

88.     Labor Code Section 201 provides: "(a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

19
**FIRST AMENDED COMPLAINT**

89.     A layoff, for purposes of Labor Code Section 201, irrespective of the promise or prospect of reemployment for another season, is a discharge.

90.     Pursuant to Labor Code Sections 201, PLAINTIFF and other members of the Waiting Time Penalty Class were entitled upon cessation of employment with DEFENDANTS to timely payment of all wages earned and unpaid prior to termination and/or discharge, including layoff.  Employees who were discharged were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.

91.     DEFENDANTS failed to pay PLAINTIFF and other members of the Waiting Time Penalty Class all wages earned and unpaid prior to termination timely in accordance with Labor Code Section 201 or 202.  PLAINTIFF is informed and believes and thereon alleges that at all relevant times within the applicable limitations period, DEFENDANTS maintained and continue to maintain a policy or practice of not paying terminated and laid off employees all their final wages earned before termination or layoff due under Labor Code Section 201.

92.     DEFENDANTS' failure to pay PLAINTIFF and members of the Waiting Time Penalty Class all wages earned prior to termination in accordance with Labor Code Section 201 was willful.  DEFENDANTS had the ability to pay all wages earned by employees prior to termination in accordance with Labor Code Section 201, but intentionally adopted policies or practices incompatible with the requirements of Labor Code Section 201.

93.     Pursuant to Labor Code Section 201, PLAINTIFF and other members of the Waiting Time Penalty Class are entitled to all wages earned prior to termination that DEFENDANTS failed to pay them.

94.     Pursuant to Labor Code Section 203, PLAINTIFF and other members of the Waiting Time Penalty Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon termination until paid, up to a maximum of 30 days.

95.     As a result of DEFENDANTS' conduct, PLAINTIFF and other members of the Waiting Time Penalty Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to termination.

1    96.    As a result of DEFENDANTS' conduct, PLAINTIFF and members of the

2  Waiting Time Penalty Class have suffered damages in an amount, subject to proof, to the extent

3  they were not paid all continuation wages owed under Labor Code Section 203.

4    97.    Pursuant to Labor Code Sections 218 and 218.5, PLAINTIFF and other members

5  of the Waiting Time Penalty Class are entitled to recover the full amount of their unpaid wages,

6  continuation wages under Labor Code Section 203, reasonable attorney's fees and costs of suit.

7  Pursuant to Labor Code Section 218.6 or Civil Code Section 3287(a), Plaintiff and other

8  members of the Waiting Time Penalty Class are entitled to recover prejudgment interest on the

9  amount of their unpaid wages and unpaid continuation wages.

10                                **EIGHTH CAUSE OF ACTION**

11                  **FAILURE TO REIMBURSE FOR BUSINESS EXPENSES**

12                **(Plaintiff and the Reimbursement Class Against All Defendants)**

13    98.    PLAINTIFF incorporates all of the foregoing paragraphs of this complaint as if

14  fully alleged herein.

15    99.    Labor Code § 2802 provides that "[a]n employer shall indemnify his or her

16  employee for all necessary expenditures or losses incurred by the employee in direct

17  consequence of the discharge of his or her duties."

18    100.    DEFENDANTS required PLAINTIFF and the other members of the

19  Reimbursement Class to wear N95 masks and safety boots while they worked. When

20  PLAINTIFF and the Reimbursement Class members purchased their own N95 masks and boots,

21  they were not reimbursed for these purchases, as alleged above.

22    101.    PLAINTIFF and the other members of the Reimbursement Class are entitled to

23  reimbursement for these necessary expenditures, plus interest under Labor Code § 2802.

24    102.    As a result of DEFENDANTS' violations of Labor Code § 2802, DEFENDANTS

25  are also liable for attorneys' fees and costs under Labor Code § 2802(c).

26    103.    PLAINTIFF, on behalf of himself and the other members of the Reimbursement

27  Class, requests relief as described below.

28
                                        21
                            **FIRST AMENDED COMPLAINT**

## NINTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Plaintiff and the All Classes Against All Defendants)

104.     PLAINTIFF incorporates all of the foregoing paragraphs of this complaint as if fully alleged herein.

105.     The unlawful conduct of DEFENDANTS alleged herein constitutes unfair competition within the meaning of Business and Professions Code Section 17200.  Due to its unlawful and unfair business practices in violation of the Labor Code, DEFENDANTS haVE gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees for all earned wages as required by law.

106.     As a result of DEFENDANTS' unfair competition as alleged herein, PLAINTIFF and other members of the Classes have suffered injury in fact and lost money or property. PLAINTIFF and members of the Class have been deprived of their rights to meal and rest periods and additional pay for late or missed meal and rest periods; unpaid minimum and overtime wages; accurate wage statements; reimbursement for business expenses; and/or timely payment of all earned wages due upon termination of employment.

107.     Pursuant to Business and Professions Code Section 17203, PLAINTIFF and other class members are entitled to restitution of all wages and other monies owed and belonging to them, including interest thereon, that DEFENDANTS wrongfully withheld from them and retained for itself by means of its unlawful and unfair business practices.

108.     PLAINTIFF and class members are entitled to recover reasonable attorney's fees in connection with their unfair competition claims pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all other aggrieved and similarly situated employees and the State of California, prays for relief and judgment against Defendants as follows:

**FIRST AMENDED COMPLAINT**

1                 **CLASS CERTIFICATION:**

2    1.      An order that the action be certified as a class action;

3    2.      An order that Plaintiff be certified as the representative of the Classes;

4    3.      An order that counsel for Plaintiff be confirmed as Class counsel;

5              **ON THE FIRST CAUSE OF ACTION:**

6    1.      Civil penalties under Labor Code Section 2699 (75% payable to the LWDA and

7         25% payable to aggrieved employees);

8    2.      Costs;

9    3.      Reasonable attorney's fees; and

10    4.      Such other and further relief as this Court may deem just and proper.

11            **ON THE SECOND CAUSE OF ACTION:**

12    1.      Damages for unpaid minimum wages;

13    2.      Prejudgment interest;

14    3.      Liquidated damages;

15             **ON THE THIRD CAUSE OF ACTION:**

16    1.      Damages for unpaid overtime wages;

17    2.      Prejudgment interest;

18    3.      Liquidated damages;

19            **ON THE FOURTH CAUSE OF ACTION:**

20    1.      Damages for unpaid additional pay owed for late meal periods;

21    2.      Prejudgment interest;

22             **ON THE FIFTH CAUSE OF ACTION:**

23    1.      Damages for unpaid additional pay owed for missed rest periods;

24    2.      Prejudgment interest;

25             **ON THE SIXTH CAUSE OF ACTION:**

26    1.      Damages for inaccurate wage statements for each relevant pay period;

27    2.      Prejudgment interest;

28

**FIRST AMENDED COMPLAINT**

**ON THE SEVENTH CAUSE OF ACTION:**

1.     Damages for unpaid wages earned prior to termination of employment;

2.     Damages for unpaid continuation wages owed for failing to pay all earned wages timely upon termination of employment;

3.     Prejudgment interest;

**ON THE EIGHTH CAUSE OF ACTION:**

1.     Damages for unreimbursed business expenses;

2.     Prejudgment interest;

**ON THE NINTH CAUSE OF ACTION:**

1.     Restitution of all unpaid wages and other monies owed and belonging to Class members that Defendants unlawfully withheld from them and retained for itself;

2.     Prejudgment interest;

**ON ALL CAUSES OF ACTION:**

1.     Judgment in favor of Plaintiff and the putative Classes and against Defendants;

2.     Reasonable attorney's fees;

3.     Costs of suit; and

4.     Such other relief as the Court deems just and proper.

Dated: April 28, 2021              MOSS BOLLINGER LLP

By:_____
Jeremy F. Bollinger
Attorneys for Plaintiff DAVID WALKER

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for themselves and the Class on all claims so triable.

Dated: April 28, 2021              MOSS BOLLINGER LLP

By:_____
Jeremy F. Bollinger
Attorneys for Plaintiff DAVID WALKER

24

**FIRST AMENDED COMPLAINT**

# EXHIBIT A



**JEREMY F. BOLLINGER**
310.982.2984/fax: 818.963.5954
jeremy@mossbollinger.com

July 29, 2020

**VIA PAGA ONLINE FILING**

Secretary Julie Su
Labor & Workforce Development Agency
PAGA ADMINISTRATOR
1515 Clay Street, Ste. 801
Oakland, California 94612

**VIA U.S. CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Howmet Aerospace, Inc.
c/o CT Corporation System
Agent for Service of Process
818 W 7th Street, #930
Los Angeles, CA 90017

Schlosser Forge Company
c/o CT Corporation System
Agent for Service of Process
818 W 7th Street, #930
Los Angeles, CA 90017

| | |
|---|---|
| **Re:** | Notice pursuant to Labor Code Section 2699.3(a)(1)<br>Labor Code Private Attorney General Act ("PAGA") |
| **Employer:** | Howmet Aerospace, Inc. (formerly Arconic, Inc.) and Schlosser Forge Company |
| **Employee:** | David D. Walker, on behalf of himself and on behalf of all current and former hourly employees of Howmet Aerospace, Inc. (formerly Arconic, Inc.) and Schlosser Forge Company |

Dear Secretary Lanier:

Pursuant to the Private Attorney General Act of 2004, California Labor Code § 2698 *et seq.* ("PAGA"), representative employee, David D. Walker ("Mr. Walker"), on behalf of himself and

1

all other similarly situated California employees who work or worked for Howmet Aerospace, Inc. (formerly Arconic, Inc.) and Schlosser Forge Company, which violated the California Labor Code throughout Mr. Walker's employment and within the one year prior to the mailing of this letter.

## General Facts

During the relevant one year period before the date Mr. Walker submitted this letter to the Labor & Workforce Development Agency ("LWDA"), Mr. Walker worked for Defendants Schlosser Forge Company, Arconic, Inc., and Howmet Aerospace, Inc. On information and belief, Arconic, Inc. is a dba of Schlosser Forge Company and in 2020 Arconic, Inc. became Howmet Aerospace, Inc. Hereinafter, Schlosser Forge Company, Howmet Aerospace, Inc. and Arconic, Inc. are collectively referred to as "Defendant." Defendant is an aerospace company that manufactures components for jet engines, fasteners and titanium structures for aerospace applications.

Defendant employed Mr. Walker as a grinder at its facility in Rancho Cucamonga, California, for approximately three years until he was laid off in 2020. During his employment by Defendant, Mr. Walker and similarly employed individuals were regularly subjected to the following violations of California law for which they are entitled to PAGA penalties.

## Failure to Pay Minimum and Overtime Wages

At all relevant times, Defendant employed Mr. Walker and other similarly employed individuals subject to Labor Code Sections 510, 1194, 1197 and Industrial Welfare Commission ("IWC") Wage Order 1. Defendant failed to pay all wages for all hours worked in violation of Labor Code Sections 510, 1194, 1197 and Sections 3 and 4 of Wage Order 1.

1) Failure to Include Incentive Pay in Calculation of Regular Rate of Pay

During the one year prior to the date of this letter, Mr. Walker and other similarly situated hourly employees often earned overtime pay for working more than 8 hours in a day or more than 40 hours in a week. In addition, Mr. Walker and other similarly situated hourly employees received various forms of non-discretionary incentive pay, including but not limited to performance bonuses as indicated on their wage statements as "Perf Pay", that are not excludable under California law when calculating an employee's regular rate (hereinafter the aforementioned forms of pay are collectively referred to as "Incentive Pay").

Despite Defendant's payment of Incentive Pay to Mr. Walker, and other similarly situated hourly employees, Defendant failed to include all forms of Incentive Pay when calculating Mr. Walker's regular rate of pay, thereby causing Mr. Walker to be underpaid all of his required overtime wages. Instead, Defendant paid Mr. Walker one and one-half times his base rate, which was not equal to

July 29, 2020
Page **3** of **7**

one and one-half times the applicable regular rate, as Defendant failed to include the Incentive Pay earned during corresponding periods that were required to be included in the regular rate.

As Defendant failed to pay all overtime wages properly in those pay periods in which Mr. Walker and other similarly situated employed individuals earned Incentive Pay, Defendant is liable for penalties of $100 per pay period for the first violation within the statutory period, and $200 per pay period for each additional violation.

2) Failure to Pay Minimum and Overtime Wages for Pre-Shift Donning

Mr. Walker and other similarly employed individuals are/were required to wear protective clothing and gear to perform their work, including a work shirt and pants, apron, safety boots, safety glasses, ear plugs, helmet, and N95 mask. Hourly paid individuals in other departments and facilities also wore similar types of protective clothing and gear required to perform their jobs. Defendant maintained lockers where Mr. Walker and similarly situated employed individuals changed out of their personal shirt, pants and shoes and donned the protective clothing and gear before the start of their scheduled shift. Defendant required Mr. Walker and other similarly situated employed individuals to be dressed in their protective clothing and gear before they clocked in for work. Mr. Walker spent approximately ten minutes before each shift donning his protective clothing and gear. However, Mr. Walker and other similarly employed individuals are/were only paid from the start of their scheduled shift time. Therefore, Defendant did not pay Mr. Walker and other similarly situated employed individuals for the approximately 10 minutes of work time required before the start of their scheduled shift time. On shifts less than 8 hours or in weeks in which Mr. Walker worked less than 40 hours, Defendant owes Mr. Walker for his unpaid work time at minimum wage. On shifts of 8 or more hours or in weeks in which Mr. Walker worked 40 or more hours, Defendant owes Mr. Walker for his unpaid work at Mr. Walker's overtime rate.

As Defendant failed to pay all minimum and overtime wages properly, Defendant is liable for penalties of $100 per pay period for the first violation within the statutory period, and $200 per pay period for each additional violation.

**Break Period Violations**

1) Failure to Provide Second Meal Periods

During Mr. Walker's employment, Defendant regularly failed to provide, authorize, and/or permit to Mr. Walker and other similarly employed individuals all uninterrupted 30-minute meal periods to which they were entitled under California law.

Under Labor Code Sections 226.7 and 512, and Wage Order 1, Mr. Walker and other similarly situated employees were entitled to a meal period of at least 30 minutes for each workday they

worked more than 5 hours in any workday and a second meal period of at least 30 minutes for each workday they worked more than 10 hours. Additionally, they were entitled to one additional hour of pay for every day that a timely meal period was not provided.

Mr. Walker regularly worked more shifts lasting longer than 10 hours. Defendant and all other similarly employed individuals were released for their meal periods at the same time by their supervisor. Mr. Walker did not have discretion when to take his meal periods. Defendant did not release Mr. Walker and other similarly employed individuals for their second 30-minute meal period when they worked shifts lasting longer than 10 hours.

Because Defendant released Mr. Walker for his meal break, Defendant knew that he had worked shifts on which he was entitled to two meal periods. When said second meal periods were not provided, Defendant did not pay meal period premium wages, as required by California Labor Code Sections 512, 226.7 and Section 11 of Wage Order 1.

As Defendant failed to provide all meal periods required by California law and did not pay the required break premiums when such violations occurred, Defendant is liable for penalties of $100 per pay period for the first violation within the statutory period, and $200 per pay period for each additional violation.

2) Failure to Factor in All Forms of Pay When Calculating the Regular Rate for Payment of Meal and Rest Period Premiums.

Labor Code Section 226.7 and Section 11(D) of the applicable Wage Order of the Industrial Welfare Commission, including Wage Order 1, requires Defendant to pay employees, when their rights to meal breaks and rest breaks are violated, "one additional hour of pay at the employee's regular rate of compensation" for each workday that the meal or rest period is not provided. Defendant's policy and practice of paying missed break premiums has been to pay the break premium at the employee's base hourly rate without factoring in other wages paid for the labor performed.

California looks to Federal law in defining "regular rate" and the FLSA defines "regular rate" at 29 USC § 207(e) without reference to "of pay", or "of compensation":

(e) **"Regular rate" defined**
As used in this section the "regular rate" at which an employee is employed shall be deemed to include **all remuneration for employment paid to, or on behalf of, the employee**.... (emphasis added.)

The "all remuneration" requirement compels employers, in determining "regular rate" for an hour of work, to incorporate all remuneration an employee is paid for the hour (e.g. bonuses,

July 29, 2020
Page **5** of **7**

shift differentials, commissions, hourly pay, piece work wages, etc.).

During the one-year period prior to the date of submitting this letter, Defendant paid Mr. Walker and other similarly employed individuals break premiums at their base hourly rate without factoring in other wages paid for the labor performed, including incentive bonuses and shift differentials, among other things.

As Defendant failed to pay Mr. Walker and other similarly employed individuals break premiums at their correct regular rate of compensation under California, Defendant is liable for penalties of $100 per pay period for the first violation within the statutory period, and $200 per pay period for each additional violation.

## Inaccurate Wage Statements

Mr. Walker and similarly employed Californians received wage statements that did not list all wages earned, including the minimum, overtime and premium wages discussed above. As the above infractions explain, Mr. Walker and similarly employed persons were entitled to minimum, overtime and premium wages that were not paid and, therefore, are entitled to penalty payments pursuant to Labor Code Section 226.

## Unpaid Final Wages

Mr. Walker (and others) have ceased their employment with Defendant. Upon the cessation of that employment relationship (and as prescribed by statute), they did not receive all wages owed. Namely, said former employees (including Mr. Walker) did not receive all of their minimum and overtime wages due to Defendant's failure to include Incentive Pay in the calculation of their regular rate of pay and due to Defendant's failure to pay for pre-shift donning of protective clothing and gear.  Mr. Walker and those similarly situated, upon termination, did not receive all owed wages on the date of termination.  Therefore, Defendant has violated and continues to violate Labor Code Sections 201 and 202, because even if it pays employees timely, it has not paid the aforementioned wages and wage penalties.

## Failure to Reimburse

As discussed above, Defendant requires employees to wear certain articles of protective gear including masks and safety boots while they work. Defendant was required to provide N95 masks to Mr. Walker and other similarly employed individuals; however, once the Coronavirus pandemic started, not only did Defendant no longer provide N95 masks to Mr. Walker and others, Defendant provided no masks and required Mr. Walker and other similarly employed individuals to procure their own masks at their own expense. In order to protect himself and

July 29, 2020
Page **6** of **7**

comply with the mask requirement, Mr. Walker purchased disposable single use masks at a cost of approximately $4 per mask per workday without reimbursement. Mr. Walker worked three days per week. Similarly, Defendant was supposed to provide safety boots to Mr. Walker and other similarly employed individuals. However, when individuals needed new boots, Defendant did not provide employees with a new boot voucher to buy a replacement pair of boots. Employees were required to purchase replacement boots at their own expense without reimbursement.

Pursuant to California Labor Code Section 2802:

> "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer…"

Wage Order 1, Section 9(B) also states that an employer shall provide necessary tools or equipment, except in cases where the employee is paid two times the minimum wage.

At the time he was laid off, Mr. Walker was paid $16.4285 per hour. Similarly situated employees are also paid less than two times the minimum wage. As such, Defendant is required to provide all necessary tools and equipment. Moreover, pursuant to Labor Code Section 2802, Defendant is required to reimburse all necessary expenditures. Here, Defendant is required to indemnify Mr. Walker and all similarly situated employees for masks and replacement boots purchased in direct consequence of the discharge of their duties. Therefore, Defendant has violated Labor Code Section 2802, by requiring its employees to purchase their own masks and replacement boots and failing to reimburse the expense.

As Defendant failed to reimburse Mr. Walker and other similarly employed individuals for business expenses they incurred in violation of Section 2802, Defendant is liable for penalties of $100 per pay period for the first violation within the statutory period, and $200 per pay period for each additional violation.

<u>**Civil Penalties**</u>

As a result of the foregoing, Defendant is liable for civil penalties as provided for by California law. Consequently, Mr. Walker and all other similarly employed persons that worked at Defendant's facilities in California are entitled to recover all penalties permitted by the Labor Code and penalties provided for under California law, including but not limited to Labor Code § 2698 *et seq.*

July 29, 2020
Page **7** of **7**

Defendant violated and continues to violate the obligation to pay all minimum and overtime wages, to make available legally compliant meal breaks, pay break premiums at the correct rate, issue legally compliant wage statements, pay all final wages, and reimburse all necessary expenditures. Mr. Walker requests the agency to investigate the above allegations and provide notice of the investigation and findings pursuant to PAGA's provisions.  Alternatively, Mr. Walker requests that the agency inform him if it does not intend to investigate these violations so that he may file a lawsuit with respect to the allegations discussed in this letter.  Thank you for your immediate attention to this matter.  If you have any questions, please do not hesitate to contact me at (310) 982-2984.

Sincerely,
MOSS BOLLINGER, LLP

Jeremy F. Bollinger

7

# EXHIBIT 2

## to

## Motion for Leave to File First Amended Complaint

## *Walker v. Howmet Aerospace*

## Case No. CIVDS2022311

1   Jeremy F. Bollinger (SBN 240132)
    Dennis F. Moss (SBN 77512)
2   Ari E. Moss (SBN 238579)
    Kiara Bramasco (SBN 322600)
3   **MOSS BOLLINGER LLP**
    15300 Ventura Blvd., Ste. 207
4   Sherman Oaks, California 91403
    Telephone: (310) 982-2984
5   Facsimile: (818) 963-5954
    jeremy@mossbollinger.com
6   dennis@mossbollinger.com
    ari@mossbollinger.com
7   kiara@mossbollinger.com

8   Attorneys for Plaintiff
    DAVID WALKER

9

### SUPERIOR COURT OF CALIFORNIA

10

### COUNTY OF SAN BERNARDINO

11

| | |
|---|---|
| 12  **DAVID WALKER**, an individual, on behalf of himself and all others similarly situated, | Case No. CIVDS2022311 |
| 13                      Plaintiffs, | (Assigned for all purposes to Hon. David Cohn, Dept. S-26) |
| 14           vs. | **FIRST AMENDED COMPLAINT FOR DAMAGES** |
| 15  **HOWMET AEROSPACE, INC.**, a Delaware corporation; **SCHLOSSER FORGE COMPANY**, a Delaware corporation; and **DOES 1-50**, | 1.   PENALTIES PURSUANT TO PRIVATE ATTORNEY GENERAL ACT OF 2004 |
| 16 | |
| 17                      Defendants. | 2.   FAILURE TO PAY MINIMUM WAGES |
| 18 | 3.   FAILURE TO PAY OVERTIME WAGES |
| 19 | 4.   FAILURE TO PROVIDE ADEQUATE MEAL PERIODS AND PAY ALL PREMIUMS OWED |
| 20 | |
| 21 | 5.   FAILURE TO PAY ALL REST PERIOD PREMIUMS |
| 22 | 6.   FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS |
| 23 | 7.   FAILURE TO TIMELY PAY ALL WAGES UPON CESSATION OF EMPLOYMENT |
| 24 | |
| 25 | 8.   FAILURE TO REIMBURSE BUSINESS EXPENSES |
| 26 | 9.   UNFAIR COMPETITION |
| 27 | DEMAND FOR JURY TRIAL |

28

---

**FIRST AMENDED** COMPLAINT

Plaintiff David Walker ("PLAINTIFF"), on behalf of himself, other similarly aggrieved employees of Defendants Howmet Aerospace, Inc. and Schlosser Forge Company, and on behalf of the State of California, hereby complains and alleges as follows:

## INTRODUCTION

1.      This is a class and representative action by PLAINTIFF on behalf of himself, other similarly aggrieved employees, and the State of California against defendants Howmet Aerospace, Inc. and Schlosser Forge Company and Doe Defendants 1-50 (collectively, "DEFENDANTS"), pursuant to the California Private Attorney General Act, Labor Code sections 2698 *et seq.* ("PAGA") to recover civil penalties (75% payable to the Labor Workforce Development Agency and 25% payable to aggrieved employees) and remedies under Code of Civil Procedure § 382 for failure to pay all minimum and overtime wages, failure to provide adequate meal breaks, failure to correctly pay meal and rest break premiums, failure to provide accurate wage statements and failure to timely pay all wages upon cessation of employment and failure to reimburse business expenses to PLAINTIFF and other similarly aggrieved employees of DEFENDANTS in California.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action under Article 6 of the California Constitution and California Code of Civil Procedure § 410.10.

3.      This Court has jurisdiction over Plaintiff's and Class Members' claims for unpaid minimum wages, unpaid overtime wages, meal period violations, rest break violations, failure to reimburse for business expenses and waiting time penalties under California Labor Code § 218.

4.      This Court has jurisdiction over Plaintiff's and the Class Members' claims for restitution of ill-gotten benefits arising from Defendant's unlawful and/or unfair business practices under California Business & Professions Code §§17200 *et seq.*

2.5.    This Court has jurisdiction over PLAINTIFF's claims for penalties pursuant to PAGA.

3.6.    Venue is proper in this Judicial district and the County of San Bernardino pursuant to California Code of Civil Procedure § 395.5 because DEFENDANTS employed PLAINTIFF at

1

1   its facility in Rancho Cucamonga, California, in the County of San Bernardino, and the acts,

2   omissions, and conduct alleged by PLAINTIFF herein occurred in this county.

3                              **PARTIES**

4       4.7.    Plaintiff David Walker is a resident of San Bernardino County, California.

5   PLAINTIFF was hired by Defendant Schlosser Forge Company dba Arconic, Inc., a Delaware

6   corporation, as a grinder at its facility in Rancho Cucamonga, California, in or around 2017. In

7   2020, Arconic, Inc. became Howmet Aerospace, Inc., a Delaware corporation. PLAINTIFF worked

8   for DEFENDANTS until he was laid off in the summer of 2020 by Howmet Aerospace, Inc.

9       5.8.    PLAINTIFF is informed and believes that DOES 1 through 50 are corporations,

10   individuals, limited liability partnerships, limited liability companies, general partnerships, sole

11   proprietorships or are other business entities or organizations of a nature not currently known to

12   PLAINTIFF.

13       6.9.    PLAINTIFF is unaware of the true names of Defendant DOES 1 through 50.

14   PLAINTIFF sues said Defendants by said fictitious name, and will amend this complaint when the

15   true names and capacities are ascertained or when such facts pertaining to liability are ascertained,

16   or as permitted by law or by the Court.  PLAINTIFF is informed and believes that each of the

17   fictitiously named Defendants is in some manner responsible for the events and allegations set forth

18   in this complaint.

19       7.10.    PLAINTIFF is informed and believes, and thereon alleges, that at all times herein

20   mentioned each Defendant, including all Defendants sued under fictitious names, was the

21   employee, or representative of each of the remaining Defendants, and in doing the things

22   hereinafter alleged, was at  times acting within the course and scope of this employment, and at

23   other times, acting in his or her own individual capacity. In the alternative, each of the individually

24   named Defendants, acted in concert and in furtherance of a fraudulent plan and scheme and each

25   actively participated in the wrongful acts alleged in this complaint.

26

27

28

1

**FACTUAL BACKGROUND**

2      8.11.   At all times during the liability period, DEFENDANTS employed PLAINTIFF and

3  other similarly situated hourly paid employees to perform services at DEFENDANTS' facilities

4  throughout California.

5      9.12.   When working in DEFENDANTS' facility, including during the one year period

6  before PLAINTIFF notified DEFENDANTS and the LWDA of his claims, in violation of Labor

7  Code Sections 510, 1194, 1197 and subsections 3 and 4 of applicable Industrial Welfare

8  Commission ("IWC") Wage Orders, including Wage Order 1, PLAINTIFF and other similarly

9  situated aggrieved employees were suffered and permitted to work before the start of their shifts to

10  don protective clothing and gear that was necessary for them to perform their work, including a

11  work shirt and pants, apron, safety boots, safety glasses, ear plugs, helmet, and N95 mask.

12  DEFENDANTS maintained lockers where PLAINTIFF and other similarly situated employed

13  individuals changed out of their personal shirt, pants and shoes and donned the protective clothing

14  and gear before the start of their scheduled shift. DEFENDANTS required PLAINTIFF and other

15  similarly situated employed individuals to be dressed in their protective clothing and gear before

16  they clocked in for work. PLAINTIFF performed this work with the knowledge of and at the

17  direction of his supervisors.

18      10.13.  PLAINTIFF spent approximately ten minutes before each shift donning his

19  protective clothing and gear. However, PLAINTIFF and other similarly employed individuals were

20  only paid from the start of their scheduled shift time. Therefore, DEFENDANTS did not pay

21  PLAINTIFF and other similarly situated employed individuals for the approximately 10 minutes of

22  work time required before the start of their scheduled shift time. On shifts less than 8 hours or in

23  weeks in which PLAINTIFF worked less than 40 hours, DEFENDANTS owe PLAINTIFF for his

24  unpaid work time at minimum wage. On shifts of 8 or more hours or in weeks in which

25  PLAINTIFF worked 40 or more hours, Defendant owes PLAINTIFF for his unpaid work at

26  PLAINTIFF's overtime rate.

27

28

1    11.14.   During his employment by DEFENDANTS, PLAINTIFF and other similarly

2    situated employed individuals often earned overtime pay for working more than 8 hours in a day or

3    more than 40 hours in a week. During the same pay periods in which he earned overtime, he also

4    was, at times, paid additional non-discretionary incentive pay (reflected on their wage statements as

5    "Perf Pay"). This incentive payment is not excludable under California law when calculating an

6    employee's regular rate. Accordingly, DEFENDANTS were required to include the amount of this

7    "Perf Pay" payment when calculating PLAINTIFF's regular rate of pay for the payment of

8    overtime. DEFENDANTS failed to do so. Instead, they only paid overtime on PLAINTIFF's base

9    hourly rate. DEFENDANTS continued this practice of failing to include incentive pay when

10   calculating the regular rate of pay for the aggrieved employees who worked during the one-year

11   period preceding the date PLAINTIFF gave notice to DEFENDANTS and the LWDA of these

12   claims. Accordingly, DEFENDANTS violated Labor Code Section 510 and IWC Wage Order 1,

13   subsection 3.

14        12.15.   Labor Code § 512 generally requires that employees working shifts of more than

15   five hours be provided with a meal period within the first five hours of work, and that employees

16   working shifts of more than ten hours be provided with a second meal period.  Lab. Code § 512; *see*

17   *also* Section 11 of the applicable Wage Orders, including Wage Orders 1.  Employees are,

18   therefore, entitled to one additional hour of pay at the employee's regular rate of pay for every day

19   that a meal period was not provided or is provided late.  *See id.*; Lab. Code § 226.7(c).

20        13.16.   During PLAINTIFF's employment, PLAINTIFF regularly worked shifts lasting

21   longer than 10 hours. PLAINTIFF and all other similarly employed individuals were released for

22   their meal periods at the same time by their supervisor. PLAINTIFF did not have discretion when to

23   take his meal periods. DEFENDANTS did not release PLAINTIFF and other similarly employed

24   individuals for their second 30-minute meal period when they worked shifts lasting longer than 10

25   hours. Accordingly, DEFENDANTS regularly failed to provide, authorize, and/or permit to

26   PLAINTIFF and other similarly employed aggrieved employees to take a second meal period on

27   shifts over ten hours, as required by California law. DEFENDANTS did not pay PLAINTIFF and

28

1 | the other similarly situated aggrieved employees an additional hour as premium pay, as required by

2 | California law.

3 | ~~14.~~17.  Labor Code Section 226.7 and Section 11(D) of the applicable IWC Wage Order,

4 | including Wage Order 1, requires DEFENDANTS to pay employees, when their rights to meal

5 | breaks and rest breaks are violated, "one additional hour of pay at the employee's regular rate of

6 | compensation" for each workday that the meal or rest period is not provided. When

7 | DEFENDANTS pay break premiums, DEFENDANTS' policy and practice has been to pay the

8 | break premium at the employee's base hourly rate without factoring in other wages paid for the

9 | labor performed.

10 | ~~15.~~18.  California looks to federal law in defining "regular rate" and the FLSA defines

11 | "regular rate" at 29 USC § 207(e) without reference to "of pay", or "of compensation":

12 |     (e) **"Regular rate" defined**

13 |     As used in this section the "regular rate" at which an employee is employed shall be deemed
to include **all remuneration for employment paid to, or on behalf of, the employee**....

14 |     (emphasis added.)

15 | ~~16.~~19.  The "all remuneration" requirement compels employers, in determining "regular

16 | rate" for an hour of work, to incorporate all remuneration an employee is paid for the hour (e.g.

17 | bonuses, shift differentials, commissions, hourly pay, piece work wages, etc.).

18 | ~~17.~~20.  During the one-year period prior to the date of submitting this letter,

19 | DEFENDANTS paid PLAINTIFF and other similarly employed individuals break premiums at

20 | their base hourly rate without factoring in other wages paid for the labor performed, including

21 | incentive bonuses and shift differentials, among other things.

22 | ~~18.~~21.  At all times during the liability period, PLAINTIFF and other similarly situated

23 | seasonal employees did not receive all money owed them at the time their employment with

24 | DEFENDANTS ceased and still have not received such pay.

25 | ~~19.~~22.  During the one-year period prior to the date of submitting this letter,

26 | DEFENDANTS issued wage statements to PLAINTIFF and similarly situated employed

27 | individuals that did not list all wages earned, including the minimum, overtime and premium wages

28 |

discussed above. As the above infractions explain, PLAINTIFF and similarly employed persons were entitled to minimum, overtime and premium wages that were not paid and, therefore, DEFENDANTS violated and continue to violate the provisions of Labor Code Section 226.

20.23.  PLAINTIFF (and others) have ceased their employment with DEFENDANTS. Upon the cessation of that employment relationship (and as prescribed by statute), they did not receive all wages owed. Namely, said former employees (including PLAINTIFF) did not receive all of their minimum and overtime wages ~~due to DEFENDANTS' failure to include Incentive Pay in the calculation of their regular rate of pay and~~ due to DEFENDANTS' failure to pay for pre-shift donning of protective clothing and gear.  PLAINTIFF and those similarly situated, upon termination, did not receive all owed wages on the date of termination.  Therefore, DEFENDANTS have violated and continue to violate Labor Code Sections 201 and 202.

21.24.  As alleged above, DEFENDANTS required PLAINTIFF and other similarly situated employed individuals to wear certain articles of protective gear including masks and safety boots while they work. DEFENDANTS were required to provide N95 masks to PLAINTIFF and other similarly employed individuals; however, once the Coronavirus pandemic started, not only did DEFENDANTS no longer provide N95 masks to PLAINTIFF and others, DEFENDANTS provided no masks and required PLAINTIFF and other similarly employed individuals to procure their own masks at their own expense. In order to protect himself and comply with the mask requirement, PLAINTIFF purchased disposable single use masks at a cost of approximately $4 per mask per workday without reimbursement. PLAINTIFF worked three days per week. Similarly, DEFENDANTS were supposed to provide safety boots to PLAINTIFF and other similarly employed individuals. However, when individuals needed new boots, DEFENDANTS did not provide employees with a new boot voucher to buy a replacement pair of boots. Employees were required to purchase replacement boots at their own expense without reimbursement.

22.25.  Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." Wage Order 1, Section 9(B), also states that an employer shall

1  provide necessary tools or equipment, except in cases where the employee is paid two times the

2  minimum wage.

3      23.26.  At the time PLAINTIFF was laid off, PLAINTIFF was paid $16.4285 per hour.

4  Similarly situated employees are also paid less than two times the minimum wage. As such,

5  DEFENDANTS were required to provide all necessary tools and equipment. Moreover, pursuant to

6  Labor Code Section 2802, DEFENDANTS were required to reimburse all necessary expenditures.

7  Here, DEFENDANTS were required to indemnify PLAINTIFF and all similarly situated employees

8  for masks and replacement boots purchased in direct consequence of the discharge of their duties.

9  Therefore, DEFENDANTS have violated Labor Code Section 2802 by requiring its employees to

10  purchase their own masks and replacement boots and failing to reimburse the expense.

11              **COMPLIANCE WITH NOTIFICATION REQUIREMENTS**

12      24.27.  On July 29, 2020, PLAINTIFF, through his counsel, sent a certified letter to the

13  California Labor and Workforce Development Agency ("LWDA") informing it that

14  DEFENDANTS failed to meet their obligations under California law with regard to the violations

15  alleged in this complaint ("PAGA Letter"). Attached hereto as **Exhibit A** is a true and correct

16  copy of the July 29, 2020 letter also sent to DEFENDANTS at the offices of their Agents for

17  Service of Process.

18      25.28.  To date, more than 65 days after July 29, 2020 PAGA Letter was mailed, the

19  LWDA has not responded.

20      26.29.  The PAGA Letter outlined PLAINTIFF's claims for violations of the California

21  Labor Code and the applicable wage orders on behalf of himself, the State of California and other

22  aggrieved employees.

23      27.30.  Accordingly, PLAINTIFF exhausted administrative remedies as required by Labor

24  Code § 2699.3.

25              **CLASS DEFINITIONS AND CLASS ALLEGATIONS**

26      31.    PLAINTIFF brings this action on behalf of himself, on behalf of all others

27  similarly situated, and as members of Classes defined as follows:

28

7
**FIRST AMENDED** COMPLAINT

a.  Break and Unpaid Wages Class: All persons employed as a non-exempt employee by DEFENDANTS in California at any time from October 13, 2016 through the date Notice is mailed to the Class.

b.  Break Premium Regular Rate Class: All members of the Break & Unpaid Wages Class who were paid a meal or rest break premium by DEFENDANTS in California at any time from October 13, 2016 through the date Notice is mailed to the Class

c.  Donning and Doffing Class: All members of the Break & Unpaid Wages Class who were required by DEFENDANTS to don and/or doff protective clothing and gear that was necessary for them to perform their work, including a work shirt and pants, apron, safety boots, safety glasses, ear plugs, helmet, and/or N95 mask in California at any time from October 13, 2016 through the date Notice is mailed to the Class.

d.  Wage Statement Class: All members of the Break and Unpaid Wages Class who were employed by DEFENDANTS in California at any time from October 13, 2019 through the date Notice is mailed to the Class.

e.  Waiting Time Penalty Class: All members of the Break and Unpaid Wages Class who were employed by DEFENDANTS in California at any time from October 13, 2017 through the date Notice is mailed to the Class, including, but not limited to, anyone who may have been reemployed by DEFENDANTS after their prior employment ended.

f.  Reimbursement Class: All members of the Break & Unpaid Wages Class who were required by DEFENDANTS to wear N95 masks and/or safety boots in the performance of their work duties for DEFENDANTS in California at any time from October 13, 2016 through the date Notice is mailed to the Class.

32.    This action has been brought and may be properly maintained as a class action pursuant to the provisions of California Code of Civil Procedure § 382 and other applicable law.

33.     **Numerosity:** Code of Civil Procedure § 382: members of the Class are so numerous that their individual joinder is impracticable.  The precise number of Class members and their addresses are unknown to PLAINTIFF.  However, PLAINTIFF is informed and believes that the number can be obtained from DEFENDANTS' records.  Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

34.     **Existence of Predominance of Common Questions of Fact and Law:**  Code of Civil Procedure § 382:  Common questions of law and fact exist as to all members of the Class.  These questions predominate over any questions effecting only individual members of the class.  These common factual and legal questions include:

    (a)  Whether DEFENDANTS failed to compensate members of the Break and Unpaid Wages Class for all overtime owed.

    (b)  Whether DEFENDANTS failed to provide members of the Break and Unpaid Wages Class timely, thirty (30) minute uninterrupted meal breaks as contemplated by California law;

    (c)  Whether DEFENDANTS violated the applicable IWC Wage Orders and Labor Code Sections by failing to provide members of the Break and Unpaid Wages Class second meal periods on shifts over ten (10) hours;

    (d)  Whether DEFENDANTS failed to factor incentive bonuses and/or shift differentials into the calculation of the payment of break premiums to members of the Break Premium Regular Rate Class.

    (e)  Whether California law requires DEFENDANTS to factor incentive bonuses and/or shift differentials into the calculation of the payment of break premiums to members of the Break Premium Regular Rate Class.

    (f)  Whether DEFENDANTS failed to pay members of the Break and Unpaid Wages Class for time members of the class took to don and doff protective clothing and gear prior to the start of their shifts.

9

**FIRST AMENDED COMPLAINT**

(g) Whether DEFENDANTS failed to provide members of the Waiting Time Penalty Class all wages owed, including overtime wages, break premiums, at the time of the cessation of the employee-employer relationship;

(h) Whether DEFENDANTS failed to reimburse members of the Reimbursement Class for the cost of masks and boots members of the class purchased for use at work;

(i) Whether DEFENDANTS committed unlawful business practices or acts within the meaning of Business & Professions Code Sects. 17200 *et seq.*;

(j) Whether hourly paid employees are entitled to premium wage waiting time penalties, inaccurate wage statement penalties and other relief in conjunction with their meal and rest break claims;

(k) Whether, as a consequence of DEFENDANTS' unlawful conduct, the Class members are entitled to restitution, and/or equitable relief;

(l) Whether DEFENDANTS' affirmative defenses, if any, raise any common issues of law or fact as to Plaintiff and the Classes members as a whole.

35.     **Typicality:**  PLAINTIFF's claims are typical of the claims of the members of each Class because PLAINTIFF, as a non-exempt employee, was exposed to the same unlawful business practices as the members of the classes.  PLAINTIFF sustained the same types of injuries and losses that the class members sustained.  PLAINTIFF is subject to the same affirmative defenses as the members of the class.

36.     **Adequacy:**  PLAINTIFF will adequately and fairly protect the interests of the members of the Classes.  PLAINTIFF has no interest adverse to the interests of absent Class members.  PLAINTIFF is represented by legal counsel who has substantial class action experience in civil litigation and employment law.

28.37. **Superiority:** A class action is superior to other available means for fair and efficient adjudication of the claims of the Classes and would be beneficial for the parties and the court.  Class action treatment will allow a large number of similarly situated persons to prosecute

1  their common claims in a single forum, simultaneously, efficiently, and without the unnecessary

2  duplication of effort and expense that numerous individual actions would require.  The monetary

3  amounts due to many individual Class members are likely to be relatively small, and the burden

4  and expense of individual litigation would make it difficult or impossible for individual members

5  of the Class to seek and obtain relief.  A class action will serve an important public interest by

6  permitting such individuals to effectively pursue recovery of the sums owed to them.  Further,

7  class litigation prevents the potential for inconsistent or contradictory judgments raised by

8  individual litigation.

9  ## FIRST CAUSE OF ACTION

10  ## CIVIL PENALTIES UNDER PAGA

11  ### (By PLAINTIFF and Aggrieved Employees against DEFENDANTS)

12  29.38.  PLAINTIFF incorporates all of the foregoing paragraphs of this complaint as if fully

13  alleged herein.

14  30.39.  Under the Private Attorney General Act, Labor Code §§ 2698-99 ("PAGA"), private

15  parties may recover civil penalties for violations of the California Labor Code, including sections

16  510, 512, 1194, 1197, 2802, 201, 202, 203, 226, 226.7 and the Industrial Welfare Commission's

17  ("IWC") Wage Orders, including IWC Wage Order 1.  PAGA penalties are in addition to any other

18  relief available under the Labor Code.

19  31.40.  As set forth above, DEFENDANTS violated the California Labor Code by

20  consistently failing to employ PLAINTIFF and other similarly situated employees in compliance

21  with California law.

22  32.41.  At all times relevant to this action, PLAINTIFF and other aggrieved employees were

23  employees of DEFENDANTS entitled to the benefits of the IWC Wage Orders, including Wage

24  Orders 1.

25  33.42.  At all times relevant hereto, California Labor Code §§ 510, 1194(a) and 1197 and

26  the applicable wage orders, have required DEFENDANTS to pay their employees the applicable

27

28

1  minimum wage for all hours worked and overtime wages for all hours worked over 8 hours in a day
2  and over 40 hours in a week.

3  34.43. PLAINTIFF and the other aggrieved employees were not paid by DEFENDANTS,
4  during the relevant period, the applicable minimum and overtime wages for all hours worked
5  because DEFENDANTS required PLAINTIFF and others to perform work off the clock before the
6  start of their shift for which DEFENDANTS did not pay them, as alleged above.

7  35.44. At all relevant times, PLAINTIFF and the other aggrieved employees were
8  employees of DEFENDANTS covered by Labor Code Sections 510 and 1194 and the applicable
9  wage orders.

10  36.45. By failing to correctly pay PLAINTIFF and the other aggrieved employees for all
11  overtime hours worked, including by failing to include all non-discretionary incentive payments in
12  DEFENDANTS' calculation of the regular rate of pay for the payment of overtime,
13  DEFENDANTS willfully breached their obligation to pay overtime wages, violating the provisions
14  of Labor Code sections 510 and 1194 and the applicable wage orders.

15  37.46. By failing to pay PLAINTIFF and other aggrieved employees who performed pre-
16  shift work, DEFENDANTS willfully breached their obligations under Section 5 of the applicable
17  wage orders, including Wage Orders 1.

18  38.47. At all relevant times, PLAINTIFF and other aggrieved employees were employees
19  of DEFENDANTS covered by the meal period provisions of Labor Code Sections 226.7 and 512,
20  and the applicable wage orders, including Wage Orders 1.

21  39.48. Pursuant to Labor Code Sections 226.7 and 512, and the applicable wage orders,
22  PLAINTIFF and other aggrieved employees were entitled to a meal period of at least 30 minutes for
23  each workday they worked more than 5 hours in any workday, and one additional hour of pay for
24  every day that a timely meal period was not provided.

25  40.49. DEFENDANTS failed to provide PLAINTIFF and other aggrieved employees with
26  timely, uninterrupted, duty free meal periods in accordance with Labor Code Section 226.7 and
27  512, and the applicable wage orders. During the relevant period, DEFENDANTS maintained and

28

1  continue to maintain a policy or practice of failing to provide aggrieved employees, including

2  PLAINTIFF, with second meal periods on shifts over 10 hours, as alleged above.

3  ~~41.~~50. DEFENDANTS failed to provide PLAINTIFF and other aggrieved employees the

4  additional hour of pay required by Labor Code Section 226.7 and the applicable wage orders for the

5  meal period violations alleged herein. PLAINTIFF is informed and believes and thereon alleges

6  that at all relevant times within the relevant period, DEFENDANTS maintained and continue to

7  maintain a policy or practice of not paying additional pay to employees for meal period violations,

8  and when DEFENDANTS do pay premiums for meal and rest break violations, DEFENDANTS

9  have maintained and continue to maintain a policy or practice of failing to include all forms of

10  compensation in its calculation of those premiums payments, as alleged above.

11  ~~42.~~51. Pursuant to Labor Code Section 201, PLAINTIFF and other similarly aggrieved

12  employees were entitled upon cessation of employment with DEFENDANTS to timely payment of

13  all wages earned and unpaid prior to termination and/or discharge, including layoff. Employees

14  who were discharged were entitled to payment of all wages earned and unpaid prior to discharge

15  immediately upon termination. Pursuant to Section 202, employees who voluntarily terminated

16  their employment with DEFENDANTS were entitled to timely payment of all wages earned and

17  unpaid within 72 hours of giving notice of their resignation.

18  ~~43.~~52. DEFENDANTS failed to pay PLAINTIFF and other aggrieved terminated

19  employees all wages earned and unpaid prior to termination timely in accordance with Labor Code

20  Sections 201 and 202. ~~PLAINTIFF is informed and believes and thereon alleges that at all relevant~~

21  ~~times within the applicable limitations period, DEFENDANTS maintained and continue to maintain~~

22  ~~a policy or practice of not paying terminated employees all their final wages earned before~~

23  ~~termination or layoff due under Labor Code Sections 201 and 202.~~

24  ~~44.~~53. DEFENDANTS' failure to pay PLAINTIFF and other terminated employees all

25  wages earned prior to termination in accordance with Labor Code Sections 201 and 202 was willful.

26  DEFENDANTS had the ability to pay all wages earned by employees prior to termination in

27

28

**FIRST AMENDED COMPLAINT**

1 | accordance with Labor Code Sections 201 and 202, but intentionally adopted policies or practices
2 | incompatible with the requirements of Section 201 and 202.

3 | 45.54. Pursuant to Labor Code Section 203, PLAINTIFF and other terminated employees
4 | were entitled to continuation of their wages, from the day their earned and unpaid wages were due
5 | upon termination until paid, up to a maximum of 30 days. DEFENDANTS did not comply with
6 | their obligations under Section 203.

7 | 46.55. DEFENDANTS failed to reimburse PLAINTIFF and other aggrieved employees for
8 | necessary expenditures or losses incurred by the employees in direct consequence of the discharge
9 | of their duties in violation of Labor Code Section 2802.

10 | **SECOND CAUSE OF ACTION**

11 | **FAILURE TO PAY MINIMUM WAGES**

12 | **(By PLAINTIFF and the Donning and Doffing Class Against All Defendants)**

13 | 56. PLAINTIFF incorporates all of the foregoing paragraphs of this complaint as if
14 | fully alleged herein.

15 | 57. At all relevant times, PLAINTIFF and the other members of the Donning and
16 | Doffing Class were employees of DEFENDANT covered by Labor Code Section 1197 and IWC
17 | Wage Order 14.

18 | 58. Pursuant to Labor Code Section 1197 and Wage Order 14, PLAINTIFF and the
19 | other members of the Donning and Doffing Class were entitled to receive minimum wages for all
20 | hours worked.

21 | 59. DEFENDANT failed to pay PLAINTIFF and other members of the Donning and
22 | Doffing Class minimum wages for all hours worked in violation of Labor Code Section 1197 and
23 | Wage Order 1. PLAINTIFF is informed and believes and thereon alleges that at all relevant
24 | times within the applicable limitations period, DEFENDANTS maintained and continue to
25 | maintain a policy or practice of requiring PLAINTIFF and putative class members to perform
26 | various duties before the start of their scheduled shift, their meal break and after their scheduled

27 |

28 |

1   shift and meal breaks, including the donning and doffing of protective clothing and gear, but

2   does not pay those employees for the time it takes them to don and doff their apparel.

3          60.    As a result of DEFENDANTS' unlawful conduct, PLAINTIFF and other

4   members of the Donning and Doffing Class have suffered damages in an amount, subject to

5   proof, to the extent they were not paid minimum wages for all hours actually worked.

6          47.61.  Pursuant to Labor Code Sections 1197 and Wage Order 1, PLAINTIFF and other

7   members of the Donning and Doffing Class are entitled to recover the full amount of unpaid

8   minimum wages, prejudgment interest, liquidated damages, reasonable attorney's fees and costs of

9   suit.

10                          **THIRD CAUSE OF ACTION**

11                       **FAILURE TO PAY OVERTIME WAGES**

12            **(Plaintiff and the Donning and Doffing Class Against All Defendants)**

13          62.    PLAINTIFF incorporates all of the foregoing paragraphs of this complaint as if

14   fully alleged herein.

15          63.    At all relevant times, PLAINTIFF and other members of the Donning and Doffing

16   Class were employed by DEFENDANTS and covered by Labor Code Section 510 and Wage

17   Order 1.

18          64.    Pursuant to Labor Code Section 510 and Wage Order 1, PLAINTIFF and other

19   members of the Donning and Doffing Class were entitled to overtime wages payable at the rate

20   of at least one and one-half times their regular rate of pay for all work more than 8 hours in one

21   workday.

22          65.    PLAINTIFF is informed and believes and thereon alleges that at all relevant times

23   within the applicable limitations period, DEFENDANTS maintained and continue to maintain a

24   policy or practice of requiring PLAINTIFF and members of the Donning and Doffing Class to

25   perform various duties before the start of scheduled shifts on shifts of 8 hours or more in length,

26   including the donning and doffing of protective clothing and gear, but does not pay those

27   employees for the time it takes them to don and doff their apparel.

28

                                              15

66.     In committing the violations of state law as herein alleged, DEFENDANT has knowingly and willfully refused to perform its obligations to compensate class members for all wages earned and all hours worked.

67.     As a direct result, PLAINTIFF and members of the Donning and Doffing Class have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages, lost interest on such monies and expenses and attorney's fees in seeking to compel DEFENDANTS to fully perform its obligation under state law, all to its respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

68.     PLAINTIFF on behalf of himself and the Donning and Doffing Class requests the unpaid wages, all penalties to which they may recover interest, attorneys' fees, costs, and any other remedies allowed by law in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ADEQUATE MEAL PERIODS AND PAY ALL PREMIUMS OWED

**(Plaintiff and the Break and Unpaid Wages Class and Break Premium Regular Rate Class Against All Defendants)**

69.     PLAINTIFF incorporates all of the foregoing paragraphs of this complaint as if fully alleged herein.

70.     At all relevant times, PLAINTIFF and the other members of the Break and Unpaid Wages Class and Break Premium Regular Rate Class were employees of DEFENDANT covered by Labor Code Sections 226.7 and 512, and Wage Order 1.

71.     Pursuant to Labor Code Sections 226.7 and 512, and Wage Order 1, PLAINTIFF and the other members of the Break and Unpaid Wages Class and Break Premium Regular Rate Class were entitled to a meal period of at least 30 minutes for each workday they worked more than 5 hours in any workday, and one additional hour of pay for every day that a timely meal period was not provided.

72.    By requiring PLAINTIFF and other members of the Break and Unpaid Wages Class and Break Premium Regular Rate Class to don and doff before the scheduled start of their shifts, DEFENDANTS failed to provide PLAINTIFF and other members of the Break and Unpaid Wages Class meal periods within the first 5 hours of their workday for each workday that they worked more than 5 hours in accordance with Labor Code Section 226.7 and 512, and Wage Order 1.  Moreover, PLAINTIFF and other putative class members take their meal breaks at the direction of their supervisor. PLAINTIFF is informed and believes and thereon alleges that during the applicable limitations period, DEFENDANTS maintained and continue to maintain a policy or practice of releasing its hourly employees to take their meal periods after working 5 hours in a workday and preventing putative class members from taking their meal periods within the first 5 hours of the workday.

73.    PLAINTIFF and other members of the Break and Unpaid Wages Class were entitled to a second 30-minute meal period on shifts over 10 hours; however, DEFENDANTS failed to provide PLAINTIFF and other members of the Break and Unpaid Wages Class a second meal period on such shifts.

74.    DEFENDANTS regularly failed to provide PLAINTIFF and other members of the Break and Unpaid Wages Class the additional hour of pay required by Labor Code Section 226.7 and Wage Order 1 for late or missed meal periods.  PLAINTIFF is informed and believes and thereon alleges that at all relevant times within the applicable limitations period, DEFENDANTS maintained and continues to maintain a policy or practice of not paying an additional hour of pay to employees for late, short or missed meal periods.

75.    When DEFENDANTS have paid PLAINTIFF and other members of the Break Premium Regular Rate Class a premium for a meal break violation, DEFENDANTS have failed to factor incentive bonus and shift differential payments into the regular rate of pay for the payment of those meal break premiums, as alleged above.

76.    As a result of DEFENDANTS' unlawful conduct, PLAINTIFF and other members of the Break and Unpaid Wages Class and Break Premium Regular Rate Class have

1  suffered damages in an amount, subject to proof, to the extent they were not paid additional pay

2  owed for meal break violations.

3       77.    Pursuant to Labor Code Section 218, PLAINTIFF and other members of the

4  Break and Unpaid Wages Class and Break Premium Regular Rate Class are entitled to recover

5  the full amount of their unpaid additional pay for late and missed meal periods.  Pursuant to

6  Labor Code Section 218.5, PLAINTIFF and other members of the Break and Unpaid Wages

7  Class and Break Premium Regular Rate Class are entitled to recover their reasonable attorney's

8  fees and costs of suit.  Pursuant to Labor Code Section 218.6 or Civil Code Section 3287(a),

9  PLAINTIFFS and other members of the Putative Classes are entitled to recover prejudgment

10  interest on the additional pay owed for late and missed meal periods.

11                          **FIFTH CAUSE OF ACTION**

12              **FAILURE TO PAY ALL REST PERIOD PREMIUMS**

13     **(Plaintiff and the Break Premium Regular Rate Class Against All Defendants)**

14       78.    PLAINTIFF incorporates all of the foregoing paragraphs of this complaint as if

15  fully alleged herein.

16       79.    At all relevant times, PLAINTIFF and the other members of the Break Premium

17  Regular Rate Class were employees of DEFENDANTS covered by Labor Code Sections 226.7

18  and 512, and Wage Order 1.

19       80.    Pursuant to Labor Code Sections 226.7 and 512, and Wage Order 1, PLAINTIFF

20  and the other members of the Break Premium Regular Rate Class were entitled to a rest period of

21  at least 10 minutes for each four-hour period of work, or major fraction thereof, and one hour of

22  additional pay for every day a required rest period was not provided.

23       81.    When DEFENDANTS paid PLAINTIFF and other members of the Break

24  Premium Regular Rate Class a premium for a rest break violation, DEFENDANTS have failed to

25  factor incentive bonus and shift differential payments into the regular rate of pay for the payment

26  of those rest break premiums, as alleged above.

27

28

**FIRST AMENDED COMPLAINT**

82.     As a result of DEFENDANT's unlawful conduct, PLAINTIFF and other members of the Break Premium Regular Rate Class have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed and short rest periods.

83.     Pursuant to Labor Code Section 218, PLAINTIFF and other members of the Break Premium Regular Rate Class are entitled to recover the full amount of their unpaid additional pay for rest period Break Premium Regular Rate Class.  Pursuant to Labor Code Section 218.5, PLAINTIFF and other members of the Break Premium Regular Rate Class are entitled to recover their reasonable attorney's fees and costs of suit.  Pursuant to Labor Code Section 218.6 or Civil Code Section 3287(a), PLAINTIFF and other members of the Break Premium Regular Rate Class are entitled to recover prejudgment interest on the additional pay owed for missed and short rest periods.

## SIXTH CAUSE OF ACTION

### FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS

#### (Plaintiff and the Wage Statement Class Against All Defendants)

84.     PLAINTIFF incorporates all of the foregoing paragraphs of this complaint as if fully alleged herein.

85.     Section 226(a) of the California Labor Code requires DEFENDANTS to accurately report total hours worked by PLAINTIFF and the members of the proposed Wage Statement Class, and to accurately set forth wages earned.  DEFENDANTS have knowingly and intentionally failed to comply with Labor Code section 226(a) on each wage statement provided to PLAINTIFF and members of the proposed Wage Statement Class during pay periods in which DEFENDANTS failed to pay minimum and/or overtime wages or break premiums owed to PLAINTIFF or a member of the class.

86.     As a consequence of DEFENDANTS' knowing and intentional failure to comply with Labor Code section 226(a), PLAINTIFF and each Wage Statement Class member he seeks to represent are each entitled to actual damages or penalties not to exceed $4000 pursuant to Labor Code section 226(b), together with interest thereon and attorneys' fees and costs.

19

**FIRST AMENDED** COMPLAINT

## SEVENTH CAUSE OF ACTION

### FAILURE TO PAY WAGES TIMELY UPON CESSATION OF EMPLOYMENT

### (Plaintiff and the Waiting Time Penalty Class Against All Defendants)

87.   PLAINTIFF incorporates all of the foregoing paragraphs of this complaint as if fully alleged herein.

88.   PLAINTIFF and the other members of the Waiting Time Penalty Class were employees of DEFENDANTS covered by Labor Code Section 201 whose employment was terminated by DEFENDANTS during the relevant class period.

89.   Labor Code Section 201 provides: "(a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

90.   A layoff, for purposes of Labor Code Section 201, irrespective of the promise or prospect of reemployment for another season, is a discharge.

91.   Pursuant to Labor Code Sections 201, PLAINTIFF and other members of the Waiting Time Penalty Class were entitled upon cessation of employment with DEFENDANTS to timely payment of all wages earned and unpaid prior to termination and/or discharge, including layoff.  Employees who were discharged were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.

92.   DEFENDANTS failed to pay PLAINTIFF and other members of the Waiting Time Penalty Class all wages earned and unpaid prior to termination timely in accordance with Labor Code Section 201 or 202.  PLAINTIFF is informed and believes and thereon alleges that at all relevant times within the applicable limitations period, DEFENDANTS maintained and continue to maintain a policy or practice of not paying terminated and laid off employees all their final wages earned before termination or layoff due under Labor Code Section 201.

93.   DEFENDANTS' failure to pay PLAINTIFF and members of the Waiting Time Penalty Class all wages earned prior to termination in accordance with Labor Code Section 201 was willful.  DEFENDANTS had the ability to pay all wages earned by employees prior to

FIRST AMENDED COMPLAINT

1  termination in accordance with Labor Code Section 201, but intentionally adopted policies or

2  practices incompatible with the requirements of Labor Code Section 201.

3      94.    Pursuant to Labor Code Section 201, PLAINTIFF and other members of the

4  Waiting Time Penalty Class are entitled to all wages earned prior to termination that

5  DEFENDANTS failed to pay them.

6      95.    Pursuant to Labor Code Section 203, PLAINTIFF and other members of the

7  Waiting Time Penalty Class are entitled to continuation of their wages, from the day their earned

8  and unpaid wages were due upon termination until paid, up to a maximum of 30 days.

9      96.    As a result of DEFENDANTS' conduct, PLAINTIFF and other members of the

10  Waiting Time Penalty Class have suffered damages in an amount, subject to proof, to the extent

11  they were not paid for all wages earned prior to termination.

12      97.    As a result of DEFENDANTS' conduct, PLAINTIFF and members of the

13  Waiting Time Penalty Class have suffered damages in an amount, subject to proof, to the extent

14  they were not paid all continuation wages owed under Labor Code Section 203.

15      98.    Pursuant to Labor Code Sections 218 and 218.5, PLAINTIFF and other members

16  of the Waiting Time Penalty Class are entitled to recover the full amount of their unpaid wages,

17  continuation wages under Labor Code Section 203, reasonable attorney's fees and costs of suit.

18  Pursuant to Labor Code Section 218.6 or Civil Code Section 3287(a), Plaintiff and other

19  members of the Waiting Time Penalty Class are entitled to recover prejudgment interest on the

20  amount of their unpaid wages and unpaid continuation wages.

21                 **EIGHTH CAUSE OF ACTION**

22      **FAILURE TO REIMBURSE FOR BUSINESS EXPENSES**

23      **(Plaintiff and the Reimbursement Class Against All Defendants)**

24      99.    PLAINTIFF incorporates all of the foregoing paragraphs of this complaint as if

25  fully alleged herein.

26      100.    Labor Code § 2802 provides that "[a]n employer shall indemnify his or her

27  employee for all necessary expenditures or losses incurred by the employee in direct

28

1 | consequence of the discharge of his or her duties."

2 |     101.   DEFENDANTS required PLAINTIFF and the other members of the

3 | Reimbursement Class to wear N95 masks and safety boots while they worked. When

4 | PLAINTIFF and the Reimbursement Class members purchased their own N95 masks and boots,

5 | they were not reimbursed for these purchases, as alleged above.

6 |     102.   PLAINTIFF and the other members of the Reimbursement Class are entitled to

7 | reimbursement for these necessary expenditures, plus interest under Labor Code § 2802.

8 |     103.   As a result of DEFENDANTS' violations of Labor Code § 2802, DEFENDANTS

9 | are also liable for attorneys' fees and costs under Labor Code § 2802(c).

10 |     104.   PLAINTIFF, on behalf of himself and the other members of the Reimbursement

11 | Class, requests relief as described below.

12 | **NINTH CAUSE OF ACTION**

13 | **UNFAIR COMPETITION**

14 | **(Plaintiff and the All Classes Against All Defendants)**

15 |     105.   PLAINTIFF incorporates all of the foregoing paragraphs of this complaint as if

16 | fully alleged herein.

17 |     106.   The unlawful conduct of DEFENDANTS alleged herein constitutes unfair

18 | competition within the meaning of Business and Professions Code Section 17200. Due to its

19 | unlawful and unfair business practices in violation of the Labor Code, DEFENDANTS haVE

20 | gained a competitive advantage over other comparable companies doing business in the State of

21 | California that comply with their obligations to compensate employees for all earned wages as

22 | required by law.

23 |     107.   As a result of DEFENDANTS' unfair competition as alleged herein, PLAINTIFF

24 | and other members of the Classes have suffered injury in fact and lost money or property.

25 | PLAINTIFF and members of the Class have been deprived of their rights to meal and rest

26 | periods and additional pay for late or missed meal and rest periods; unpaid minimum and

27 |

28 |

**FIRST AMENDED COMPLAINT**

1 | overtime wages; accurate wage statements; reimbursement for business expenses; and/or timely
2 | payment of all earned wages due upon termination of employment.
3 |     108.    Pursuant to Business and Professions Code Section 17203, PLAINTIFF and other
4 | class members are entitled to restitution of all wages and other monies owed and belonging to
5 | them, including interest thereon, that DEFENDANTS wrongfully withheld from them and
6 | retained for itself by means of its unlawful and unfair business practices.
7 |     48.109.    PLAINTIFF and class members are entitled to recover reasonable
8 | attorney's fees in connection with their unfair competition claims pursuant to Code of Civil
9 | Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all other aggrieved and similarly situated employees and the State of California, prays for relief and judgment against Defendants as follows:

**CLASS CERTIFICATION:**

1. An order that the action be certified as a class action;
2. An order that Plaintiff be certified as the representative of the Classes;
3. An order that counsel for Plaintiff be confirmed as Class counsel;

**ON THE FIRST CAUSE OF ACTION:**

1. Civil penalties under Labor Code Section 2699 (75% payable to the LWDA and 25% payable to aggrieved employees);
2. Costs;
3. Reasonable attorney's fees; and
4. Such other and further relief as this Court may deem just and proper.

**ON THE SECOND CAUSE OF ACTION:**

1. Damages for unpaid minimum wages;
2. Prejudgment interest;
3. Liquidated damages;

**ON THE THIRD CAUSE OF ACTION:**

23

1.   Damages for unpaid overtime wages;

2.   Prejudgment interest;

3.   Liquidated damages;

### ON THE FOURTH CAUSE OF ACTION:

1.   Damages for unpaid additional pay owed for late meal periods;

2.   Prejudgment interest;

### ON THE FIFTH CAUSE OF ACTION:

1.   Damages for unpaid additional pay owed for missed rest periods;

2.   Prejudgment interest;

### ON THE SIXTH CAUSE OF ACTION:

1.   Damages for inaccurate wage statements for each relevant pay period;

2.   Prejudgment interest;

### ON THE SEVENTH CAUSE OF ACTION:

1.   Damages for unpaid wages earned prior to termination of employment;

2.   Damages for unpaid continuation wages owed for failing to pay all earned wages timely upon termination of employment;

3.   Prejudgment interest;

### ON THE EIGHTH CAUSE OF ACTION:

1.   Damages for unreimbursed business expenses;

2.   Prejudgment interest;

### ON THE NINTH CAUSE OF ACTION:

1.   Restitution of all unpaid wages and other monies owed and belonging to Class members that Defendants unlawfully withheld from them and retained for itself;

2.   Prejudgment interest;

### ON ALL CAUSES OF ACTION:

1.   Judgment in favor of Plaintiff and the putative Classes and against Defendants;

2.   Reasonable attorney's fees;

24

**FIRST AMENDED COMPLAINT**

1      3.     Costs of suit; and

2      4.     Such other relief as the Court deems just and proper.

3 Dated: April 28, 2021            MOSS BOLLINGER LLP

4

5            By:_____

           Jeremy F. Bollinger

6            Attorneys for Plaintiff DAVID WALKER

7            **DEMAND FOR JURY TRIAL**

8     Plaintiff demands a trial by jury for themselves and the Class on all claims so triable.

9 Dated: April 28, 2021            MOSS BOLLINGER LLP

10

11            By:_____

           Jeremy F. Bollinger

12            Attorneys for Plaintiff DAVID WALKER

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 0 7 2021

BY _____
JESSICA MORALES, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN BERNARDINO**

| | |
|---|---|
| **DAVID WALKER**, an individual, on behalf of himself and all others similarly situated,<br><br>          Plaintiffs,<br><br>   vs.<br><br>**HOWMET AEROSPACE, INC.**, a Delaware corporation; **SCHLOSSER FORGE COMPANY**, a Delaware corporation; and **DOES 1-50**,<br><br>          Defendants. | Case No. CIVDS2022311<br><br>[Assigned for all purposes to Hon. David Cohn, Dept. S-26]<br><br>[~~PROPOSED~~] ORDER GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT<br><br>Date: June 7, 2021<br>Time: 10:00 am<br>Dept: S-26<br><br>Action Filed: October 13, 2020 |

[PROPOSED] ORDER

1          [~~PROPOSED~~] ORDER

2          This matter came on regularly for hearing on June 7, 2021, before the Hon. David Cohn,

3    Judge Presiding, in Department S-26 of the above-entitled court.

4          Upon reading and considering the Motion for Leave to File First Amended Complaint (the

5    "Motion"), and GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT:

6          1.  Plaintiff's Motion is hereby granted.

7          2.  The proposed amended complaint is deemed filed and served as of the date of the

8              granting of the Motion.

9          3.  Defendant has 30 days from the date this order is served to respond to the amended

10             complaint.

11

12

13   DATED: ___6/7/21___

14                                              JUDGE OF THE SUPERIOR COURT

15                                              DAVID COHN

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

11

**DAVID WALKER**, an individual, on behalf of himself and all others similarly situated,

| Case No. CIVDS2022311

12

13

Plaintiffs,

[Assigned for all purposes to Hon. David Cohn, Dept. S-26]

14

vs.

**[PROPOSED] ORDER GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT**

15

**HOWMET AEROSPACE, INC.**, a Delaware corporation; **SCHLOSSER FORGE COMPANY**, a Delaware corporation; and **DOES 1-50**,

16

17

Defendants.

Date: June 7, 2021
Time: 10:00 am
Dept: S-26

18

19

Action Filed: October 13, 2020

20
21
22
23
24
25
26
27
28

**[PROPOSED] ORDER**

This matter came on regularly for hearing on June 7, 2021, before the Hon. David Cohn, Judge Presiding, in Department S-26 of the above-entitled court.

Upon reading and considering the Motion for Leave to File First Amended Complaint (the "Motion"), and GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion is hereby granted.

2. The proposed amended complaint is deemed filed and served as of the date of the granting of the Motion.

3. Defendant has 30 days from the date this order is served to respond to the amended complaint.


DATED: _____

_____
JUDGE OF THE SUPERIOR COURT

| CASE ATTACHMENT COVER PAGE | (ENDORSED)<br>**ELECTRONICALLY** |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO | **FILED** |
| STREET ADDRESS 247 West Third Street | |
| MAILING ADDRESS: | BY SUPERIOR COURT |
| CITY AND ZIP CODE San Bernardino, CA 92415 | OF CALIFORNIA, COUNTY OF |
| BRANCH NAME San Bernardino Justice Center | San Bernardino |
| WEBSITE http://www.sb-court.org | on May 3, 2021 |
| ATTACHMENT NAME: Declaration: Declaration of Jeremy Bollinger | CLERK OF THE SUPERIOR COURT<br>Deputy Clerk: Liliana Mariscal |
| CASE NAME David Walker vs. Howmet Aerospace, Inc., et al. | CASE NUMBER<br>CIVDS2022311 |
| **Please log on to www.TurboCourt.com regularly for updates** | |

**Please staple this to your original attachment**

1  Jeremy F. Bollinger (SBN 240132)
   Dennis F. Moss (SBN 77512)
2  Ari E. Moss (SBN 238579)
   Kiara Bramasco (SBN 322600)
3  **MOSS BOLLINGER LLP**
   15300 Ventura Blvd., Ste. 207
4  Sherman Oaks, California 91403
   Telephone: (310) 982-2984
5  Facsimile: (818) 963-5954
   jeremy@mossbollinger.com
6  dennis@mossbollinger.com
   ari@mossbollinger.com
7  kiara@mossbollinger.com

8  Attorneys for Plaintiff
   DAVID WALKER
9
                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10
                      **COUNTY OF SAN BERNARDINO**
11

12 | **DAVID WALKER**, an individual, on behalf of | Case No. CIVDS2022311
   | himself and all others similarly situated, |
13 | | [Assigned for all purposes to Hon. David
   |                 Plaintiffs, | Cohn, Dept. S-26]
14 | |
   |        vs. | **DECLARATION OF JEREMY F.**
15 | | **BOLLINGER IN SUPPORT OF**
   | **HOWMET AEROSPACE, INC.**, a Delaware | **PLAINTIFF'S MOTION FOR LEAVE**
16 | corporation; **SCHLOSSER FORGE** | **TO FILE FIRST AMENDED**
   | **COMPANY**, a Delaware corporation; and | **COMPLAINT**
17 | **DOES 1-50**, |
   | | [*Filed concurrently with Notice of Motion*
18 |                 Defendants. | *and Motion for Leave to File First*
   | | *Amended Complaint; and [Proposed]*
19 | | *Order*]
20 | | Date: June 7, 2021
   | | Time: 10:00 am
21 | | Dept: S-26
22 |
23 | | Action Filed: October 13, 2020
24
25
26
27
28

              _____
                    **DECLARATION OF JEREMY F. BOLLINGER**

## DECLARATION OF JEREMY F. BOLLINGER

I, Jeremy F. Bollinger, declare as follows:

1.   I am an attorney licensed to practice law in the State of California, and my firm, Moss Bollinger, LLP, of which I am a partner, is counsel of record for Plaintiff, David Walker ("Plaintiff" or "Walker"). I have personal knowledge of the matters contained herein. This Declaration is submitted in support of the concurrently filed Motion for Leave to File First Amended Complaint.  If called as a witness, I would testify to the following:

2.   On April 19, 2021, I emailed a draft of Plaintiff's proposed First Amended Complaint ("FAC") showing the proposed amendments in redline. Attached hereto as **Exhibit A** is a true and correct copy of an email chain between me and counsel for Defendants, Carter Norfleet, dated April 19, 2021 11:12 AM to April 21, 2021 10:47 AM. On the same day that Defendants refused to stipulate to the filing of *any* amended complaint, my office contacted the Court to reserve a date for a hearing on this Motion.

3.   The proposed amendments eliminate all allegations related to one theory of liability for PAGA penalties based on unpaid overtime and add eight new causes of action based on the exact same facts that formed the basis of Plaintiff's PAGA claims alleged in the original complaint. The new causes of action allege class claims for: (1) failure to pay minimum wages, (2) failure to pay overtime wages, (3) failure to provide adequate meal periods, (4) failure to allow rest periods, (5) failure to furnish accurate itemized wage statements, (6) failure to timely pay all wages upon cessation of employment, (7) failure to reimburse business expenses, and (8) unfair competition. Plaintiff eliminated the claim for PAGA penalties based on Defendants' failure to include the amount of non-discretionary incentive pay when calculating aggrieved employees' regular rate of pay for the payment of overtime because that theory is covered by a previously filed PAGA action entitled *Stewart v. Arconic Global Fasteners & Rings*, Orange County Superior Court Case No. 30-2018-00968137-CU-OE-CXC. However, Plaintiff maintains his separate theory of liability for unpaid overtime based on off the clock donning of protective clothing and gear that was not alleged in the *Stewart* Action. The FAC also is amended to assert the basis for this Court's jurisdiction over the new causes of action.

1        4.   As the eight new causes or action are brought on a class basis, the FAC adds a

2    section entitled "Class Definitions and Class Allegations" in which it defines the alleged classes

3    that Plaintiff seeks to represent and sets out the basis for maintaining a class action pursuant to the

4    provisions of California Code of Civil Procedure § 382.

5        5.   The FAC also amends the prayer for relief to request relief for each of the eight

6    new causes of action and for an order certifying the classes and confirming Plaintiff as the

7    representative of the classes and counsel for Plaintiff as Class counsel.

8        6.   Plaintiff delayed bringing his class claims (which are based on the same factual

9    predicate as his filed PAGA claims) until he could confirm that no arbitration agreement existed

10   between the parties that would preclude Plaintiff from filing his class claims in court. To that end,

11   after the Court lifted the stay following the Initial Case Management Conference, Plaintiff

12   propounded a request for production of documents on Defendant Howmet Aerospace, Inc.

13   ("Howmet") seeking copies of all documents in his employment file as well as all documents

14   referencing Plaintiff during his employment by Howmet. Plaintiff hoped to confirm in a verified

15   response from Howmet that Defendants had no documented agreements that would obligate

16   Plaintiff to arbitrate his proposed claims.

17       7.   On March 1, 2021, Howmet served its responses to Plaintiff's document requests.

18   In those responses, Howmet stated: "This action (and any discovery) should be stayed pending the

19   final approval of the class settlement in the Stewart Action and the Responding Party objects to

20   providing any documents until the issue of the stay is resolved." Accordingly, Howmet said it

21   would only produce the requested documents after the issue of a stay was resolved: "Subject to

22   and without waiving the foregoing objections and specifically reserving the same, and **only to the**

23   **extent the matter is not stayed and particular claims are not precluded**, Responding Party

24   responds as follows: Responding Party will produce non-privileged and otherwise non-

25   objectionable documents responsive to this Request to the extent they exist and subject to a

26   stipulated protective order." (Emphasis added.)

27       8.   The Stewart Action is a separately filed class action lawsuit that alleges some but

28   not all of the claims alleged in this lawsuit. Unlike this lawsuit, the Stewart plaintiff did not allege

1  claims for unpaid minimum wages, failure to provide meal periods, waiting time penalties or non-
2  reimbursement of business expenses. While the Stewart plaintiff alleged claims for unpaid
3  overtime and rest break violations, the Stewart Action did not include all of the same theories of
4  liability as Plaintiff Walker. For example, Stewart alleged that he was denied third rest breaks on
5  shifts over 10 hours and was *not paid* rest break premiums for those violations whereas Plaintiff
6  Walker alleges that Defendant failed to correctly calculate the rest break premiums that Defendants
7  *actually paid* him. Likewise, Stewart's unpaid overtime claim is based solely on the theory that
8  Defendants failed to factor bonuses into the overtime rate whereas Plaintiff Walker also alleges
9  that Defendants failed to pay him and others who were required to wear protective clothing and
10 gear for the time it took them to don that gear before the start of their shifts.

11   9. Plaintiff's counsel proceeded to meet and confer with Defendants' counsel
12 regarding Howmet's refusal to produce the responsive documents based on a potential settlement
13 in the Stewart Action. Then, on April 5, 2021, Defendant's Counsel emailed Plaintiff's Counsel to
14 inform him that "all of the claims in the instant lawsuit you filed are being actively discussed as
15 part of the Stewart settlement". Attached hereto as **Exhibit B** is a true and correct copy of an email
16 chain between me and counsel for Defendants, including an email from Carter Norfleet to me dated
17 April 5, 2021 5:22 PM.

18   10. Attached hereto as **Exhibit C** is a true and correct copy of the Stipulation to Request
19 Continuance of Status Conference ("Stipulation") filed on April 16, 2021, in *Stewart v. Arconic*
20 *Global Fasteners & Rings, Inc.*, Orange County Superior Court Case No. 30-2018-00968137
21 which was provided to me by counsel for Defendants.

22   11. I took the statements in Mr. Norfleet's April 5, 2021 email and the Stipulation to
23 mean that Defendant was seeking to settle out the claims alleged in this lawsuit that were not
24 previously alleged in the Stewart Action by having the Stewart plaintiff amend its complaint and
25 PAGA letter. While Plaintiff has scheduled an Informal Discovery Conference with the Court
26 regarding the discovery dispute, my client and I determined that we could no longer wait for the
27 resolution of the discovery dispute (and get confirmation regarding the existence of any arbitration
28 agreement) to file the amended complaint.

DECLARATION OF JEREMY F. BOLLINGER

1     I declare under penalty of perjury under the laws of the State of California that the

2   foregoing is true and correct.

3       Executed on this 28th day of April, 2021, at Sherman Oaks, California.

4

5

6   Jeremy F. Bollinger

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

DECLARATION OF JEREMY F. BOLLINGER

# EXHIBIT A

## to

## Declaration of

## Jeremy F. Bollinger

 Gmail

Jeremy Bollinger <jeremy@mossbollinger.com>

## Walker v. Howmet: First Amended Complaint

**Norfleet, Carter L.** <Carter.Norfleet@klgates.com>                                        Wed, Apr 21, 2021 at 10:47 AM
To: Jeremy Bollinger <jeremy@mossbollinger.com>, "Ryu, Gene C." <Gene.Ryu@klgates.com>
Cc: "Nunn, Todd" <todd.nunn@klgates.com>, Anthony Flores <anthony@mossbollinger.com>

Hi Jeremy –

Thanks for your email and apologies for missing your call (I was on the other line).

We are not going to stipulate to the filing of a first amended complaint in this action.

Best,
Carter

**K&L GATES**

**Carter L. Norfleet**
Associate
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Phone: (310) 552-5077
carter.norfleet@klgates.com
www.klgates.com

**From:** Jeremy Bollinger <jeremy@mossbollinger.com>
**Sent:** Wednesday, April 21, 2021 10:45 AM
**To:** Norfleet, Carter L. <Carter.Norfleet@klgates.com>; Ryu, Gene C. <Gene.Ryu@klgates.com>
**Cc:** Nunn, Todd <todd.nunn@klgates.com>; Anthony Flores <anthony@mossbollinger.com>
**Subject:** Re: Walker v. Howmet: First Amended Complaint

Carter and Gene,

I am following up on my email below. I suspect that your client is still contending that this action should be stayed pending the settlement in the Stewart case and therefore will not stipulate to the filing of Mr. Walker's First Amended Complaint. If your client's position has changed, please let me know today as we are preparing the motion for leave to file the amended complaint to be filed later this week.  If your client is willing to stipulate then I will prepare the stipulation today so we can file that this week.

I am available to discuss this today if you have any questions. Thank you for your cooperation on this matter.


Best,
Jeremy


Jeremy F. Bollinger

## Moss Bollinger, LLP

15300 Ventura Blvd., Suite 207

Sherman Oaks, California 91403

Tel. (310) 982-2984, Ext. 2

Fax (818) 963-5954

Email: jeremy@mossbollinger.com


On Mon, Apr 19, 2021 at 11:12 AM Jeremy Bollinger <jeremy@mossbollinger.com> wrote:

> Carter and Gene,
>
>
> We are planning to file a first amended complaint in the Walker action to add the class claims for the violations set forth
> in Mr. Walker's PAGA complaint. We ask that you and your client stipulate to the filing of the first amended complaint to
> avoid motion practice. Attached is a redline showing the changes from the original complaint to the amended
> complaint. You'll see that no new factual allegations are alleged. Because these claims relate back to the original
> complaint, the relevant class periods are based on the October 13, 2020 filing. (*Brown v. Ralphs Grocery Co.* (2018) 28
> Cal. App. 5th 824, 841-842.)
>
>
> We understand that the Stewart plaintiff intends to amend its complaint to add claims Mr. Walker has alleged, but as
> you know those claims will not relate back to the filing of the Stewart original complaint. Accordingly, we do not see any
> reason why the Stewart action would preclude the proposed amendments to the Walker complaint.
>
>
> Please let us know your client's position right away. Thank you.
>
>
> Jeremy F. Bollinger
>
> ## Moss Bollinger, LLP
>
> 15300 Ventura Blvd., Suite 207
>
> Sherman Oaks, California 91403
>
> Tel. (310) 982-2984, Ext. 2
>
> Fax (818) 963-5954

Email: jeremy@mossbollinger.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Carter.Norfleet@klgates.com.

# EXHIBIT B

## to

## Declaration of

## Jeremy F. Bollinger

4/22/2021                    Moss Bollinger LLP Mail - Walker v. Howmet//Defendants' Objections to Plaintiff's Written Discovery

 Gmail                                              Jeremy Bollinger <jeremy@mossbollinger.com>

## Walker v. Howmet//Defendants' Objections to Plaintiff's Written Discovery

**Norfleet, Carter L.** <Carter.Norfleet@klgates.com>                        Mon, Apr 5, 2021 at 5:22 PM
To: Jeremy Bollinger <jeremy@mossbollinger.com>, "Ryu, Gene C." <Gene.Ryu@klgates.com>
Cc: "Nunn, Todd" <todd.nunn@klgates.com>

Hi Jeremy –

We wanted to reach back out to follow-up on our conversation this past Friday. We had a chance to speak with Todd and get up to speed regarding the Stewart Settlement.

There is a case management hearing in the Stewart case on April 23, 2021 and the parties are required to file a joint report ahead of the conference (no later than April 16, 2021). Once we get that on file you will see all the causes of action covered at that time. Engaging in discovery in this matter prior to our joint report submission in Stewart on April 16, 2021, is premature as all of the claims in the instant lawsuit you filed are being actively discussed as part of the Stewart settlement.

As I stated on Friday, you have no class certification deadline as your lawsuit is PAGA only. If you are concerned about your motion to compel deadline, we are happy to provide an extension, if necessary. We do not feel motion practice is necessary at this point in light of the information we are providing you. Any motion filed may be moot in a few weeks anyway, and if not we can address those issues at that time.

We hope that you can agree to give us 11 days to sort out Stewart. Please let us know if you would like to discuss further.

Best,

Carter

**K&L GATES**

**Carter L. Norfleet**
Associate
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Phone: (310) 552-5077
carter.norfleet@klgates.com
www.klgates.com

**From:** Jeremy Bollinger <jeremy@mossbollinger.com>
**Sent:** Friday, April 2, 2021 2:15 PM
**To:** Norfleet, Carter L. <Carter.Norfleet@klgates.com>; Ryu, Gene C. <Gene.Ryu@klgates.com>
**Cc:** Nunn, Todd <todd.nunn@klgates.com>
**Subject:** Fwd: Walker v. Howmet//Defendants' Objections to Plaintiff's Written Discovery


Carter and Gene,


Here is the email correspondence between me and Todd pursuant to my meet and confer efforts. Please discuss what Todd discussed with your client since he reached out to your client to discuss my proposal on March 12. Let's talk on Monday after you've spoken to Todd. Thank you.


Jeremy F. Bollinger

## Moss Bollinger, LLP

15300 Ventura Blvd., Suite 207

Sherman Oaks, California 91403

Tel. (310) 982-2984, Ext. 2

Fax (818) 963-5954

Email: jeremy@mossbollinger.com


---------- Forwarded message ---------
From: <jeremy@mossbollinger.com>
Date: Fri, Mar 12, 2021 at 2:18 PM
Subject: Re: Walker v. Howmet//Defendants' Objections to Plaintiff's Written Discovery
To: Nunn, Todd <todd.nunn@klgates.com>
Cc: Anthony Flores <anthony@mossbollinger.com>


Todd,


At a minimum, I will wait until you have served the RFA responses before moving to compel. That way we can address all potential disputes in one motion. Do you think you'll have a signed settlement agreement in the other case by then?

Jeremy


Sent from my iPhone


> On Mar 12, 2021, at 12:44 PM, Nunn, Todd <todd.nunn@klgates.com> wrote:

I am still discussing options with my client. I believe it makes the most sense for you to allow us the time to get the written settlement agreement finalized. I will then provide that to you and we can discuss what makes sense going forward. I am not talking about a huge delay. But I think it is reasonable to handle this a step at a time.

We should probably schedule a meet and confer for next week. Thanks.

**From:** Jeremy Bollinger <jeremy@mossbollinger.com>
**Sent:** Thursday, March 11, 2021 2:46 PM
**To:** Nunn, Todd <todd.nunn@klgates.com>
**Subject:** Re: Walker v. Howmet//Defendants' Objections to Plaintiff's Written Discovery

Todd,

I take it from your lack of a reply that you are not agreeable to providing amended responses to the discovery requests limited to the claims and theories that are not at issue in the operative Stewart complaint. If that is not the case and you are agreeable to my proposal, please let me know. Thank you.

Jeremy F. Bollinger

## Moss Bollinger, LLP

15300 Ventura Blvd., Suite 207

Sherman Oaks, California 91403

Tel. (310) 982-2984, Ext. 2

Fax (818) 963-5954

Email: jeremy@mossbollinger.com

On Fri, Mar 5, 2021 at 4:36 PM Jeremy Bollinger <jeremy@mossbollinger.com> wrote:

Todd,

You never told me that you needed an extension because the settlement in Stewart "once finally approved, will preclude Plaintiff's and aggrieved employees' claims in the present case". You simply said you wanted to discuss the "scope" of the requests which suggests that you felt the requests were overbroad, not that they were barred entirely. As we discussed before, the claims in the Stewart case do not dispose of all claims in Mr. Walker's complaint. At a minimum, your clients should respond as to those claims that will still be live after the Stewart settlement, assuming it is approved. If you agree to that compromise, I will agree that your clients do not have to respond as to the requests that are only relevant to the claims being settled in the Stewart case until after the Stewart court considers the Stewart motion for approval of that settlement. If that's agreeable to you, we can hop on the phone on Wednesday and go through the requests to agree on which requests your clients will respond to at this time and which will be tabled pending Stewart settlement approval. Let me know your thoughts.

Thank you.

Jeremy F. Bollinger

## Moss Bollinger, LLP

15300 Ventura Blvd., Suite 207

Sherman Oaks, California 91403

Tel. (310) 982-2984, Ext. 2

Fax (818) 963-5954

Email: jeremy@mossbollinger.com

On Fri, Mar 5, 2021 at 4:14 PM Nunn, Todd <todd.nunn@klgates.com> wrote:

Jeremy,

I am surprised by your reaction, and your position is not reasonable.

First, I requested a 30 day extension of time to respond well ahead of the deadline. A request that virtually every attorney I have ever dealt with has granted, and one I would have granted if on the other side. You declined to provide the extension unless I guaranteed that I would produce substantive responses. I told you that I intended to object because we had issues with the scope of the requests, among other concerns. So, we responded within the original 30 day time frame with that understanding. Now you feign surprise at receiving objections.

Second, you appear to be accusing me of lying about having reached a settlement in the *Stewart* case, which is reckless and unprofessional. We have settled that case. After a lengthy negotiation process through a mediator we have reached an agreement in principal and we are now negotiating the written settlement agreement. The written settlement agreement is not yet final or executed. This is not an unusual process in class action settlements. I will provide you with the written settlement agreement when it is executed, and not before. You needn't have wasted your time combing the dockets for filings regarding the settlement. Those will happen in due course and as part of the approval process.

There is no surprise here. I listed the *Stewart* case as a related case in the Initial Case Management Conference Report, and I raised the potential settlement of the case with the court during the Initial CMC conference.

Third, you misread the responses to the RFP. It states that to the extent there is no stay (an issue that has not yet been decided) we will produce non-privileged non-objectionable material. There is nothing in that response that states we will produce documents immediately, and again, that is an unreasonable position given our objections and prior request for an extension.

If you wish to engage in a good faith meet and confer, I have availability to have a call mid-next week. If you wish to continue to engage in gamesmanship, then I suppose that is what you will do. In that case, we will leave it to the court to assess whether a stay is warranted in light of the *Stewart* settlement, whether you have satisfied your meet and confer obligations, and whether your behavior is appropriate and to be condoned under the circumstances.

Please let me know times you are available to discuss next Wednesday or Thursday.

Todd

**From:** Jeremy Bollinger <jeremy@mossbollinger.com>
**Sent:** Tuesday, March 02, 2021 2:54 PM
**To:** Nunn, Todd <todd.nunn@klgates.com>
**Cc:** Wheat, Kathy J. <Kathy.Wheat@klgates.com>; Hamer, Spencer <Spencer.Hamer@klgates.com>; Terzes, Carol <Carol.Terzes@klgates.com>; Anthony Flores <anthony@mossbollinger.com>
**Subject:** Re: Walker v. Howmet//Defendants' Objections to Plaintiff's Written Discovery

Todd,

I am writing to meet and confer with you with regard to Defendant's objections to Plaintiff Walker's requests for production of documents, special interrogatories and Form Interrogatories. As you did not respond to my email or send me any settlement papers from the Stewart case, I checked the Orange County Superior Court's website and found no mention of settlement in the Stewart case docket. I checked the LWDA's website for the Stewart PAGA claim and found no notice of a settlement there. Accordingly, your client's statement that it has agreed to settle claims in the Stewart case that overlap with Mr. Walker's claims appears to mean that no settlement has actually been reached in the Stewart case. If a settlement agreement has been reached, please provide me a copy of the settlement agreement or provide me a comprehensive list of the claims and theories of liability that purportedly have been settled. Please respond by Friday, March 5, 2021.

In addition, Defendant's responses state that it will produce documents in response to Plaintiff's document requests, but no documents were produced. Moreover, the responses state that Defendant is only producing "non-objectionable documents". Please produce these "non-objectionable documents" by this Friday along with any privilege log showing the basis for withholding any responsive documents so that we can meet and confer on what I anticipate -- based on the responses -- will be an inadequate document production.

If you do not provide any evidence of a settlement and the details about which specific claims and theories of liability have been resolved by the purported settlement by this Friday, I will ask that you withdraw your objections based on the Stewart settlement and provided supplemental responses. If we are unable to resolve this dispute, I will plan to file a motion to compel substantive responses to the discovery next week.

I look forward to hearing from you by this Friday, March 5, 2021.

Jeremy F. Bollinger

## Moss Bollinger, LLP

15300 Ventura Blvd., Suite 207

Sherman Oaks, California 91403

Tel. (310) 982-2984, Ext. 2

Fax (818) 963-5954

Email: jeremy@mossbollinger.com

On Mon, Mar 1, 2021 at 5:31 PM Jeremy Bollinger <jeremy@mossbollinger.com> wrote:

> Todd,
>
> Please send me the settlement papers in the Stewart case so that I can fully understand your objections. Thank you.
>
> Jeremy F. Bollinger
>
> ## Moss Bollinger, LLP
>
> 15300 Ventura Blvd., Suite 207
>
> Sherman Oaks, California 91403
>
> Tel. (310) 982-2984, Ext. 2
>
> Fax (818) 963-5954
>
> Email: jeremy@mossbollinger.com
>
> On Mon, Mar 1, 2021 at 4:42 PM Nunn, Todd <todd.nunn@klgates.com> wrote:
>
>> Hello Jeremy,
>>
>> As we discussed previously, enclosed are Defendants' Objections and Responses to Plaintiff's Requests for Production, Objections to Plaintiff's Special Interrogatories, and Objections to Plaintiff's Form Interrogatories.  We are serving these pursuant to our agreement on electronic service.
>>
>> We can schedule a time to discuss the specific concerns expressed in these objections and timing of substantive answers and responses.  Thanks.

## K&L GATES

**Todd L. Nunn**

K&L Gates

925 Fourth Avenue

Suite 2900

Seattle, WA 98104-1158

Phone:    (206) 623-7580 (ext. 7616)

Dir. Dial: (206) 370-7616

Fax:       (206) 623-7022

email:  todd.nunn@klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at todd.nunn@klgates.com.-5

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at todd.nunn@klgates.com.-5

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at todd.nunn@klgates.com.-5

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Carter.Norfleet@klgates.com.-5

# EXHIBIT C

## to

## Declaration of

## Jeremy F. Bollinger

Electronically Received by Superior Court of California, County of Orange, 04/16/2021 02:13:44 PM.
30-2018-00968137-CU-OE-CXC - ROA # 130 - DAVID H. YAMASAKI, Clerk of the Court By ocuser ocuser, Deputy Clerk.

31004724

James R. Hawkins, Esq. SBN 192925
Isandra Fernandez, Esq. SBN 220482
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL:   (949) 387-7200
FAX:   (949) 387-6676

Attorneys for Plaintiff, PAUL A. STEWART
on behalf of himself and all others similarly situated

TODD L. NUNN (SBN 320687)
EUGENE C. RYU (SBN 209104)
CARTER L. NORFLEET (SBN 318152)
**K&L GATES LLP**
10100 Santa Monica Boulevard, Eighth Floor
Los Angeles, California  90067
Telephone:     310.552.5000
Facsimile:      310.552.5001
Email:          todd.nunn@klgates.com
                gene.ryu@klgates.com
                carter.norfleet@klgates.com

Attorneys for Defendants
HOWMET AEROSPACE INC. and ARCONIC INC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| PAUL A. STEWART , on behalf of himself and all others similarly situated | Case No. 30-2018-00968137-CU-OE-CXC |
| | ASSIGNED FOR ALL PURPOSES TO: |
| | JUDGE: Hon. Kirk Nakamura |
| Plaintiff, | DEPT:   CX103 |
| | |
| vs. | **STIPULATION TO REQUEST** |
| | **CONTINUANCE OF STATUS** |
| ARCONIC GLOBAL FASTENERS & RINGS, INC; a Delaware corporation; ALCOA GLOBAL FASTENERS, INC., a business form unknown and DOES 1 through 50, inclusive, | **CONFERENCE; [PROPOSED] ORDER** |
| | |
| | Date:  April 23, 2021 |
| | Time: 9:00 a.m. |
| | Dept.: CX 103 |
| Defendants. | |

- 1 -

1    Plaintiff PAUL A. STEWART ("Plaintiff") and Defendants ARCONIC GLOBAL

2 FASTENERS & RINGS, INC., and ALCOA GLOBAL FASTENERS, INC. ("Defendants") (jointly

3 referred herein as the "Parties"), through undersigned counsel, hereby submit this Stipulation to

4 Request Continuance of Status Conference scheduled for April 23, 2021. This request is based on

5 the following:

6    1.    On October 8, 2020, the Parties participated in a second full day mediation with

7 mediator Hon. Jay C. Gandhi (Ret) but did not reach a settlement by the end of the mediation.

8 After continued settlement discussions, with the assistance of Judge Ganhdhi, the Parties have

9 reached a settlement in principle of this matter and have exchanged drafts of the proposed formal

10 settlement agreement.  Once the agreement is finalized and executed by the parties, Plaintiff will

11 file a motion for preliminary approval with the court.

12    2.    The Parties are also still engaged in discussions regarding Plaintiff's intention to

13 submit an amended Notice to the Labor Workforce Development Agency and file a second

14 amended complaint adding PAGA/class claims. The Parties anticipate finalizing said discussion

15 and filing a stipulation and proposed second amended complaint within the next ten (10) days.

16    3.    In light of the foregoing, the parties do not have anything further to report to the

17 Court on April 23, 2021. As such, in order not to waste the Court's time, the Parties respectfully

18 request that said status conference be continued to June 4, 2021 or any date thereafter at the

19 Court's convenience.

Respectfully submitted,

20

21

22

23 **Dated: April 16, 2021**        **JAMES HAWKINS, APLC**

24

25        */s/Isandra Y. Fernandez*
         Isandra Y. Fernandez, Esq.
26        Attorneys for Plaintiff
         PAUL A. STEWART

27

28                    - 2 -

1   **Dated:  April 16, 2021**              **K & L GATES, LLP**

2                                           */s/Todd Nunn*_____

3                                           Todd Nunn, Esq.
                                            Eugene C. Ryu
4                                           Carter L. Norfleet
                                            Attorneys for Defendants
5                                           ARCONIC GLOBAL FASTENERS & RINGS, INC.
                                            ALCOA GLOBAL FASTENERS, INC
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        - 3 -

STIPULATION TO REQUEST CONTINUANCE OF CASE MANAGEMENT CONFERENCE
309561132.2

1

**[PROPOSED] ORDER**

2        Pursuant to the Stipulation made herein and good cause appearing therefore, it is ordered

3   that the Status Conference scheduled herein for  April 23, 2021 is continued to

4   _____.

5

6

7   Dated: _____, 2021

        _____

        Hon. Kirk Nakamura

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                            - 4 -

## PROOF OF SERVICE, COUNTY OF ORANGE

I am a resident of the State of California, County of Orange.  I am over the age of eighteen years and not a party to the within action.  My business address is 9880 Research Drive., Suite 200, Irvine, California 92618.

On April 16, 2021, I served on the interested parties in this action the following document(s) entitled:

- **STIPULATION TO REQUEST CONTINUANCE OF STATUS CONFERENCE;**

   **[PROPOSED] ORDER**

**[XX] BY ELECTRONIC SERVICE**: Based on a court Order or an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from the email address jocelyn@jameshawkinsaplc.com to the persons at the e-mail addresses listed in the Service List below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

### SERVICE LIST

| | |
|---|---|
| Spencer Hamer, Esq.<br>K&L GATES LLP<br>1 Park Plaza, 12th Floor<br>Irvine, CA 92614<br>Tel: 949-623-3553<br>Fax: 949-253-0902<br>spencer.hamer@klgates.com | Todd L. Nunn, Esq.<br>K&L GATES LLP<br>925 Fourth Avenue, Suite 2900<br>Seattle, WA 98104<br>Tel: 206-370-7616<br>Fax: 206-623-7022<br>todd.nunn@klgates.com |
| *Attorneys for Defendant*<br>*ARCONIC GLOBAL FASTENERS & RINGS, INC.*<br>*f/k/a ALCOA GLOBAL FASTENERS, INC.* | |

**[X] STATE:** I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on April 16, 2021, at Irvine, California.

/s/Jocelyn Mateo
Jocelyn Mateo

- 1 -

PROOF OF SERVICE

1   Jeremy F. Bollinger (SBN 240132)
    Dennis F. Moss (SBN 77512)
2   Ari E. Moss (SBN 238579)
    Kiara Bramasco (SBN 322600)
3   **MOSS BOLLINGER LLP**
    15300 Ventura Blvd., Ste. 207
4   Sherman Oaks, California 91403
    Telephone: (310) 982-2984
5   Facsimile: (818) 963-5954
    jeremy@mossbollinger.com
6   dennis@mossbollinger.com
    ari@mossbollinger.com
7   kiara@mossbollinger.com

8   Attorneys for Plaintiff
    DAVID WALKER
9
            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10
                    **COUNTY OF SAN BERNARDINO**
11

12  **DAVID WALKER**, an individual, on behalf of       Case No. CIVDS2022311
    himself and all others similarly situated,
13                                                       [Assigned for all purposes to Hon. David
            Plaintiffs,                                  Cohn, Dept. S-26]
14
            vs.                                          **PROOF OF SERVICE**
15
    **HOWMET AEROSPACE, INC.**, a Delaware             Date: June 7, 2021
16  corporation; **SCHLOSSER FORGE**                     Time: 10:00 am
    **COMPANY**, a Delaware corporation; and           Dept: S-26
17  **DOES 1-50,**
18          Defendants.                                  Action Filed: October 13, 2020
19

20

21

22

23

24

25

26

27

28

                              **PROOF OF SERVICE**

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  15300 Ventura Blvd, Suite 207, Sherman Oaks, CA 91403.  On April 29, 2021, I served the foregoing document(s) described as:

- **PLAINTIFF DAVID WALKER'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
- **DECLARATION OF JEREMY F. BOLLINGER IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
- **[PROPOSED] ORDER GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT**

on the interested party(ies) below, using the following means:

Gene Ryu
Carter L. Norfleet
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Email:  gene.ryu@klgates.com; carter.norfleet@klgates.com
*Attorneys for Defendants Howmet Aerospace, Inc.*
*and Schlosser Forge Company*

☐ BY UNITED STATES MAIL.  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☒ BY ELECTRONIC TRANSMISSION.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (STATE)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 29, 2021 at Los Angeles, California.

Lea Garbe
[Print Name of Person Executing Proof]                              [Signature]

PROOF OF SERVICE