EXHIBIT G

Jeremy F. Bollinger (SBN 240132)
Dennis F. Moss (SBN 77512)
Ari E. Moss (SBN 238579)
Kiara Bramasco (SBN 322600)
**MOSS BOLLINGER LLP**
15300 Ventura Blvd., Ste. 207
Sherman Oaks, California 91403
Telephone: (310) 982-2984
Facsimile: (818) 963-5954
jeremy@mossbollinger.com
dennis@mossbollinger.com
ari@mossbollinger.com
kiara@mossbollinger.com

Attorneys for Plaintiff
DAVID WALKER

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

| | |
|---|---|
| **DAVID WALKER**, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**HOWMET AEROSPACE, INC.**, a Delaware corporation; **SCHLOSSER FORGE COMPANY**, a Delaware corporation; and **DOES 1-50**,<br><br>Defendants. | Case No. CIVDS2022311<br><br>[Assigned for all purposes to Hon. David Cohn, Dept. S-26]<br><br>**PLAINTIFF DAVID WALKER'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>[*Filed concurrently with Supplemental Declaration of Jeremy F. Bollinger*]<br><br>Date: June 7, 2021<br>Time: 10:00 am<br>Dept: S-26<br><br>Action Filed: October 13, 2020 |

1

## <u>TABLE OF CONTENTS</u>

2  I.   INTRODUCTION -------------------------------------------------------------- 1

3  II.  ARGUMENT ------------------------------------------------------------------- 1

4     A. PLAINTIFF HAS SATISFIED CALIFORNIA'S LIBERAL STANDARD FOR AMENDING

5        PLEADINGS. ------------------------------------------------------------- 1

6     B. PLAINTIFF WAS DILIGENT IN SEEKING LEAVE AND DID NOT DELAY. --------------- 2

7     C. DEFENDANT HAS FAILED TO SHOW HOW IT WILL BE PREJUDICED. ---------------- 6

8        i.   Claims "Nearly Resolved" In Another Case Are Irrelevant To Plaintiff's Right To

9             Amend His Complaint Here. ------------------------------------------- 6

10       ii.  Plaintiff's Reason for Seeking Leave to Amend Is Just and Proper. --------------- 9

11    D. DEFENDANT'S INTENT TO INCLUDE THE PROPOSED CLAIMS IN STEWART DOES NOT

12       PRECLUDE PLAINTIFF BEING GRANTED LEAVE. ----------------------------------- 10

13 III.  CONCLUSION----------------------------------------------------------------- 10

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Dunzweiler v. Superior Court of Alameda County* (1968) 276 Cal. App. 2d 569 ......................... 8

*Higgins v. Del Faro* (1981) 123 Cal. App. 3d 558 .......................................................................... 2

*Hulsey v. Koehler* (1990) 218 Cal. App. 3d 1150........................................................................... 3

*Kittredge Sports Co. v. Superior Court* (1989) 213 Cal. App. 3d 1045 ..................................... 1, 5

*Kroplin v. Huston* (1947) 79 Cal. App. 2d 332............................................................................... 5

*Lemoge Electric v. County of San Mateo* (1956) 46 Cal.2d 659 .................................................... 1

*Melican v. Regents of University of California* (2007) 151 Cal.App.4th 168 ............................... 4

*Mesler v. Bragg Mgmt. Co.* (1985) 39 Cal. 3d 290 ....................................................................... 1

*Navarro v. Howmet Aerorspace, Inc.,* United States District Court for the Central District of

    California, Case No. 2:21-cv-00164-DSF-E.................................................................. passim

*Record v. Reason* (1999) 73 Cal. App. 4th 472 ............................................................................. 4

*Roemer v. Retail Credit Co.* (1975) 44 Cal. App. 3d 926.............................................................. 4

*Stewart v. Arconic Global Fasteners & Rings*, Orange County Superior Court Case No. 30-2018-

    00968137-CU-OE-CXC ....................................................................................... passim

<u>Statutes</u>

Labor Code §1198.5................................................................................................................... 5

Labor Code § 2699(*l*)(2) .......................................................................................................... 9

## I.    **INTRODUCTION**

Contrary to Defendant's unsupported claims of undue prejudice and unreasonable delay, Plaintiff David Walker ("Plaintiff") has properly and timely brought the instant Motion for Leave to File First Amended Complaint (the "Motion") to add class claims based on the same facts and theories already alleged in his Private Attorneys General Act ("PAGA") complaint. Defendant argues that Plaintiff is precluded from amending his complaint, for the first time, because the proposed claims are "already at-issue" in an earlier filed action, *Stewart v. Arconic Global Fasteners & Rings*, Orange County Superior Court Case No. 30-2018-00968137-CU-OE-CXC ("*Stewart*") and *Navarro v. Howmet Aerospace, Inc.*, United States District Court for the Central District of California, Case No. 2:21-cv-00164-DSF-E ("*Navarro*"), and Plaintiff unreasonably delayed in seeking amendment. Defendant's arguments fail for several reasons: (1) California's liberal standard for amending pleadings, (2) Plaintiff was diligent in seeking amendment, (3) Defendant has failed to show how it will be prejudiced, and (4) the procedural postures of other cases pending against Defendant should not dictate the framing of the pleadings in this case.

## II.    **ARGUMENT**

### A.    **Plaintiff Has Satisfied California's Liberal Standard For Amending Pleadings.**

Defendant's Opposition fails to counter California's "strong policy in favor of liberal allowance of amendments." *Mesler v. Bragg Mgmt. Co.* (1985) 39 Cal. 3d 290, 296; *Lemoge Electric v. County of San Mateo* (1956) 46 Cal.2d 659, 664 ("In the furtherance of justice, great liberality should be exercised in permitting a plaintiff to amend his complaint"). Defendant contends that Plaintiff was dilatory in seeking leave to amend. (Opp. at 8.) Not so. But, even if it were true, the only question for the Court to decide is whether there is any prejudice to the responding party from the delay attendant on the motion to amend. Absent prejudice, there is no good reason to deny the motion. *Kittredge Sports Co. v. Superior Court* (1989) 213 Cal. App. 3d 1045, 1048 ("Finally, Marker contends Kittredge unreasonably delayed moving to amend. [¶] Even if this were so, it is an abuse of discretion to deny leave to amend where the opposing party was

not misled or prejudiced by the amendment."); *Higgins v. Del Faro* (1981) 123 Cal. App. 3d 558, 564 ("Where no prejudice is shown to the adverse party, the liberal rule of allowance prevails.").

 As shown below, Defendant has failed to show that Plaintiff was, in fact, dilatory or how Defendant will be prejudiced by any such delay.

 **B.** **Plaintiff Was Diligent In Seeking Leave And Did Not Delay.**

 Defendant asserts that Plaintiff was "unreasonably dilatory" in seeking to amend his complaint which, it argues, "is grounds in and of itself to deny the Motion." (Opp. at 8.) The brief history of this case demonstrates that Plaintiff did not delay in bringing his Motion.

- October 13, 2020: Plaintiff files PAGA Complaint
- October 29, 2020: Court issues stay of proceedings, including formal discovery, until initial status conference set for January 26, 2021
- January 20, 2021: Parties file Initial Joint Case Management Conference Report which addressed the following:
  - Under "Applicable Arbitration Agreements", Defendant did not commit to whether an arbitration agreement existed and, instead, stated: "Plaintiff only alleges a single claim under PAGA which is not subject to arbitration." (Section VI);
  - The Parties agreed that September 1, 2021 be set as a deadline to amend the complaint to add new parties (Section II); and
  - The Parties request the next CMC be set out far enough "to allow the parties to engage in discovery and determine whether an early mediation is appropriate." (Section XII.A.)
- January 26, 2021: Court lifts stay and Plaintiff serves discovery the same day
- March 1, 2021: Defendant serves objections to discovery and produces no documents (Declaration of Jeremy F. Bollinger ["Bollinger Decl."] ¶ 7.)
- March 2-April 5, 2021: Parties Meet and Confer re Defendant's discovery responses (Bollinger Decl. ¶ 9, Exh. B.)

- April 5, 2021: Defense counsel announces that all of Plaintiff's claims "are being actively discussed as part of the *Stewart* settlement" (*Id.*)

- April 16, 2021: *Stewart* parties file stipulation stating Plaintiff intends to file Second Amended Complaint "within the next ten (10) days" (*Id.* ¶ 10 Exh. C at p.2.)

- April 19, 2021: Plaintiff emails a copy of proposed amended complaint to Defense counsel requesting stipulation to file amended complaint (*Id.* ¶ 2, Exh. A.)

- April 21, 2021: Defendant refuses to stipulate to filing amended complaint and Plaintiff's counsel reserves date for hearing on this Motion (*Id.* ¶ 2.)

- April 29, 2021: Plaintiff files his Motion.

No delay can be gleaned from this timeline. Plaintiff sought leave to amend his complaint *only three (3) months* after the Court lifted the stay of proceedings in this action and the Parties even anticipated that amendments might be made to the complaint as late as September 1, 2021. Putting aside the reason for waiting three months – which the timeline also shows was warranted and reasonable[1] – amending a complaint after three months cannot be said to be "unreasonably dilatory."

Unwarranted delay has been found where the proposed amendment is "'offered after long unexplained delay or on the eve of trial [] or where there is a lack of diligence'." *Hulsey v. Koehler* (1990) 218 Cal. App. 3d 1150, 1159 (no abuse of discretion to deny amendment "more than three years" after initial filing). For example, when a plaintiff seeks leave to amend his or her complaint only after the defendant has mounted a summary judgment motion directed at the allegations of

---

[1] Plaintiff sought leave to amend as soon as he determined that Defendant was attempting to extinguish Plaintiff's claims by having the *Stewart* plaintiff amend its complaint to include the proposed claims in Plaintiff's proposed amendment. At that point, Plaintiff could no longer wait to resolve the discovery dispute to determine whether an arbitration agreement existed and filed his Motion in time to secure the first available hearing date. Moreover, Plaintiff had been lulled by Defense counsel into believing the parties would engage in discovery to "determine whether an early mediation is appropriate." Unfortunately, Plaintiff had to learn the hard way that Defendant had no such intention at the time it signed the Joint Report.

the unamended complaint, "[i]t would be patently unfair to allow plaintiffs to defeat [the] summary judgment motion by allowing them to present a 'moving target' unbounded by the pleadings." *Melican v. Regents of University of California* (2007) 151 Cal.App.4th 168, 176. Defendant has identified no similar type of prejudicial delay, nor could it given the timeline above.

Instead, Defendant makes the blanket assertion that any delay may be "grounds in and of itself to deny the Motion." (Opp. at 8.) However, the authorities Defendant cites are inapposite to the facts of this case. In *Record v. Reason* (1999) 73 Cal. App. 4th 472, the main case Defendant cites for its proposition, the appellant filed a complaint for personal injuries in April 1995. *Id.* at 475. The respondent moved for summary judgment nearly **two years later**. *Id.* At the same time, the appellant moved for leave to amend his complaint to be heard on the same date as the summary judgment motion. *Id.* at 478. While *Record* states that a delay *can be* grounds in and of itself for denial of amendment, the court in *Record* did not deny amendment on that basis. The *Record* court denied the amendment because the "appellant put forth nearly identical evidence in opposition to summary judgment as he did in support of the motion to amend" and because the court affirmed summary judgment for the respondent, "the trial court did not abuse its discretion in denying appellant leave to amend his complaint" based on the same facts. *Id.* at 486–87.

In the only other case Defendant cites nominally to support its position, *Roemer v. Retail Credit Co*. (1975) 44 Cal. App. 3d 926, the delay was even more substantial – **"over three years later"** and **"at a second trial"**. *Id.* at 939. Moreover, the *Roemer* court was concerned that the proposed amendment contradicted a stipulation the moving party had entered into and, thus, "it would be improper to permit the proposed amendment after the entire case had been tried on the basis of the stipulation". *Id.* at 940.

The lesson to be taken from *Record* and *Roemer* is that even when a party waits two or three years to amend a pleading, courts still find it necessary to cite additional circumstances justifying denial of the amendment beyond mere delay. Because neither *Record* nor *Roemer* denied the requested amendment based solely on the lengthy two or three year delay, this Court should

not use such authorities as the basis of denying Plaintiff's amendment on a three-month delay "in and of itself". And Defendant has offered no other authority for the Court to consider.

Defendant also contends that Plaintiff's reason for not filing his class claims in his original complaint – i.e., to pursue discovery of any applicable arbitration agreement – was not justified, because Defendant produced Plaintiff's personnel file in response to a pre-litigation request. (Opp. at 8-9.) Labor Code section 1198.5, the code section under which Plaintiff requested his employee records, states: "Every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains **relating to the employee's performance or to any grievance concerning the employee**." (Emphasis added.) Employers can and do exploit the limitation "relating to the employee's performance or to any grievance concerning the employee" to withhold certain records, including arbitration agreements, from Section 1198.5 requests. Plaintiff did not want to take the chance here that Defendant had withheld the arbitration agreement. Indeed, Defense counsel's stonewalling of Plaintiff's efforts to discover the existence of an arbitration agreement in formal discovery raised further suspicion that this was the case. Thus, it was reasonable for Plaintiff to wait as long as he did to let the discovery process play out in order to rule out the possibility of arbitration.

Finally, Defendant suggests that because Plaintiff was aware of all the facts necessary to allege the proposed class claims at the time he filed his original complaint, this demonstrates unreasonable delay. (Opp. at 8-9.) However, it is well-settled that "[t]he fact that the new matter [in the proposed amendment] may have been known to the applicant at the time of filing his original pleading is not sufficient ground for denying the right to amend." *Kroplin v. Huston* (1947) 79 Cal. App. 2d 332, 340. On the contrary, when the "the proposed amendments 'relate to the same general set of facts'", there's no prejudice to the opposing party and the amendment should be freely granted. *Kittredge Sports Co. v. Superior Ct.*, (1989) 213 Cal. App. 3d 1045, 1048; *see also* Mot. at 6-7.

**C.    Defendant Has Failed To Show How It Will Be Prejudiced.**

    i.    <u>Claims "Nearly Resolved" In Another Case Are Irrelevant To Plaintiff's Right To Amend His Complaint Here.</u>

Defendant's prejudice argument centers on the procedural posture of two other cases pending against Defendant: *Stewart* and *Navarro*. In short, Defendant states "there is simply no just or proper reason that Plaintiff should seek, or be permitted, to amend his Complaint to add claims he knows have **already been pled**, **litigated** and are **being resolved** on his behalf." (Opp. at 7 [original emphasis omitted; bold added].) No part of Defendant's argument withstands scrutiny.

Let's start with the argument that Plaintiff's claims have "already been pled" and "litigated" in other actions. Plaintiff extensively explained in his Motion that his proposed class claims and theories are distinct from those pled in the *Stewart* Action. (See Mot. at 4-5.) In fact, Plaintiff omitted from his proposed amended complaint the only theory of liability that was already pled in *Stewart* – the claim for unpaid overtime due to Defendant's failure to factor bonuses into its regular rate of pay. (*Id.* at 5.) *Navarro*'s unpaid wages claim is premised on the same unpaid overtime theory. (Supplemental Declaration of Jeremy F. Bollinger ["Supp. Bollinger Decl."] ¶ 2, Exh. D ¶ 43(b) [*Navarro* complaint defining Failure to Pay All Wages Sub-Class as those class members "who were not paid all wages due them … as a result of Defendants' illegal bonus policy"].) Neither *Stewart* nor *Navarro* allege a minimum wages claim and neither allege any claim for unpaid wages due to the donning and doffing protective gear, as Plaintiff Walker alleges in his complaint.

*Navarro* and *Walker* allege other overlapping claims, but as with the overtime claim, they allege different theories of liability. For example, *Navarro* and *Walker* both allege meal and rest break claims, but *Navarro* claims that meal breaks were provided late, rest breaks were interrupted and Defendant failed to pay premiums for these violations. (Supp. Bollinger Decl., Exh. D ¶¶ 29, 36, 38.) In contrast, Plaintiff Walker alleges in this case that Defendant failed to correctly calculate the meal and rest break premiums that Defendants ***actually paid***. (Bollinger Decl. ¶ 8.) The

difference is material because the plaintiffs in *Navarro* and *Stewart* are seeking **unpaid** break premiums and they are not focused on the facts surrounding those shifts when premiums were actually paid (as Plaintiff Walker is).

*Navarro*'s reimbursement claim presents the same issue.   (*Stewart* doesn't have a reimbursement claim.) The reimbursement claim in *Navarro* seeks reimbursement for **mileage** expenses. (Supp. Bollinger Decl., Exh. D ¶ 88 ["Defendants, by virtue of their mileage reimbursement policies and practices, failed to indemnify Plaintiffs ... for all necessary, mileage-related expenses"].) In contrast, here, Plaintiff Walker seeks reimbursement for the purchase of **masks** and **boots**. (Exh. 1, Proposed FAC ¶100 ["When PLAINTIFF and the Reimbursement Class members purchased their own N95 masks and boots, they were not reimbursed for these purchases"].) Again, this is a material difference.

Contrary to Defendant's statement that the interests of putative class members in this case "are advocated by class counsel in *Stewart* and *Navarro*", that simply is not the case when those cases allege separate theories of liability based on different facts. Plaintiff Navarro was employed as a "quality inspector" for Defendant (Supp. Bollinger Decl., Ex. D ¶ 15), whereas Plaintiff Walker was a "grinder".   (Exh. 1 to Mot. [Proposed FAC] ¶ 7.) Accordingly, it makes sense that different types of workers would have experienced different types of violations. As a grinder, Walker may not have needed to drive his car and incurred mileage. Likewise, as a quality inspector, Navarro may not have had to wear a mask or boots to perform a job that involved driving and incurring mileage. As such, it is very likely that these two plaintiffs are not members of each other's reimbursement classes and are not in a position to adequately represent the other's interests. Likewise, Navarro likely did not allege a donning and doffing claim, because as a quality inspector he may not have been required to wear protective clothing and equipment to perform his job, as Plaintiff Walker was required to do as a grinder. Because of the possibility – and likelihood – that Navarro and Walker are not typical of each other, the Court should not use the pendency of *Navarro* to foreclose claims in this action at the pleading stage.

In short, Defendant's argument that it will be prejudiced because of the possibility that it might have to "duplicate litigation from *Stewart* and/or *Navarro*" is purely speculative and *unlikely* given that Plaintiff Walker omitted from his proposed amended complaint the one overtime theory of liability that is already alleged in *Stewart* and *Navarro*.  Even so, it is "unreasonable to deny a party the right to amend where the only apparent hardship to the defendants is that they will have to defend." *Dunzweiler v. Superior Court of Alameda County* (1968) 276 Cal. App. 2d 569, 578.

Defendant's second argument that Plaintiff's claims are "being resolved" similarly provides no basis for denying Plaintiff's Motion. As an initial matter, according to Defendant, the *Stewart* Action has held the status of being "nearly resolved" for two years – which really just means that it isn't resolved. The *Stewart* parties attended a failed mediation on May 2, 2019, and another on October 8, 2020. (Opp. at 4.) They claim to have finally reached a settlement earlier this year, but in their joint stipulation to the Orange County Superior Court, the *Stewart* parties stated on April 16, 2021, that they are "***still engaged in discussions***". (Bollinger Decl., Exh. C at p.2 [emphasis added].)

The *Stewart* stipulation also demonstrates that Plaintiff Walker's proposed class claims in this case are not "already at-issue" in *Stewart*. The *Stewart* stipulation states that the *Stewart* plaintiff "inten[ds] to submit an amended Notice to the Labor Workforce Development Agency and file a second amended complaint adding PAGA/class claims", but neither has happened yet. To date, a search of the *Stewart* docket on the Orange County Superior Court's website demonstrates that no settlement agreement has been submitted for approval. Nor has the court set a date for a hearing on preliminary approval. (*See* Supp. Bollinger Decl. ¶ 3, Exh. E (screenshot of Court docket).) In fact, the last pleading filed in that case by a party is the April 16, 2021 stipulation which states that the parties anticipate, "finalizing said discussion and filing a stipulation and proposed second amended complaint within the next ten (10) days." (*Id.*; Bollinger Decl. ¶ 10 Exh. C at p.2.) That would have been by April 26, 2021, more than a month ago. Similarly, a PAGA search of *Stewart* on the LWDA's website also shows no indication that the *Stewart* plaintiff has submitted a copy of the settlement agreement as required by Labor Code §

2699(*l*)(2). (*See* Supp. Bollinger Decl. ¶ 4, Exh. F (screenshot of LWDA website for the *Stewart* case submissions). Until a settlement agreement has actually been filed in *Stewart*, the Court should not even consider its potential impact on Plaintiff's Motion. While it is difficult to see what relevance the settlement will have on Plaintiff's proposed amendment, given the different claims and theories alleged, until a settlement is presented to the *Stewart* court, Defendant's claim of prejudice based on *Stewart* is premature, speculative and unsubstantiated.

ii.    Plaintiff's Reason for Seeking Leave to Amend Is Just and Proper.

Defendant suggests that Plaintiff's counsel has an ill motive in pursuing the proposed amendment, namely "to argue for fees in connection with the Proposed Claims." (Opp. at 7.) It is not entirely clear what Defendant means by this, but Plaintiff's actions (as set forth in the timeline above) demonstrate that Plaintiff and his counsel have consistently acted to preserve the claims of putative class members and to ensure that they receive value for the claims Plaintiff has brought on their behalf.[2]

Any attorneys' fees Plaintiff's counsel may receive in this case must necessarily be approved and awarded by the Court. Whether the fees are sought as a percentage of a common fund or on a lodestar basis, Plaintiff's counsel will establish through competent evidence the work performed, the hours spent in that endeavor, and the results achieved. However, the fact of Plaintiff's counsel's potential attorneys' fees in this case should not play into the Court's consideration of whether to grant leave to amend Plaintiff's complaint. That Defendant cites no authority to suggest such considerations may be relevant on a motion for leave to amend a complaint underscores the absurdity of Defendant's position.

The fact is that Plaintiff has articulated a reason for seeking to amend his complaint at this time and that reason is consistent with his responsibility to protect the interests of absent class members. As soon as Plaintiff's counsel received notice from Defense counsel that "all of the

---

[2] Because fees are likely to be awarded as a percentage of a common fund, the amount of fees will be proportionate to the amount recovered for the class. Accordingly, Plaintiff's counsel could only increase its fees if it successfully recovers more compensation for class members, i.e., if Plaintiff's counsel does a good job for the class.

claims in the instant lawsuit you filed are being actively discussed as part of the *Stewart* settlement" and that the filing of an amended complaint in *Stewart* was imminent, Plaintiff promptly acted to preserve his class claims by filing his Motion. (Mot. at 5.)

**D.      Defendant's Intent To Include The Proposed Claims In *Stewart* Does Not Preclude Plaintiff Being Granted Leave.**

Defendant asserts that it can waive statute of limitations by agreement with the *Stewart* plaintiff thereby successfully settling the proposed claims in Plaintiff Walker's proposed amendment. Even if that is true, it is irrelevant to this Court's decision on the instant Motion because any settlement in *Stewart* will require the Orange County Superior Court's approval and this Court should not second guess how the *Stewart* court will rule. Any attempt by the *Stewart* parties to settle out the claims from under the plaintiffs in this action and/or *Navarro* will likely invite objections or intervention by the other plaintiffs (and potentially other class members) as well as heightened scrutiny by the court. Accordingly, even if the "nearly resolved" settlement evolves into a fully executed settlement agreement, court approval is far from a *fait accompli* and should not play into this Court's consideration of Plaintiff's Motion at this time.

**III.    CONCLUSION**

In light of the foregoing and Plaintiff's good faith and timely conduct in bringing this Motion, and the fact that the amendment sought will not prejudice Defendant, Plaintiff respectfully requests the Court grant this Motion and allow Plaintiff to file the proposed First Amended Complaint.

DATED: May 28, 2021                                    MOSS BOLLINGER, LLP

Jeremy F. Bollinger
Attorneys for Plaintiff DAVID WALKER

1  Jeremy F. Bollinger (SBN 240132)
   Dennis F. Moss (SBN 77512)
2  Ari E. Moss (SBN 238579)
   Kiara Bramasco (SBN 322600)
3  **MOSS BOLLINGER LLP**
   15300 Ventura Blvd., Ste. 207
4  Sherman Oaks, California 91403
   Telephone: (310) 982-2984
5  Facsimile: (818) 963-5954
   jeremy@mossbollinger.com
6  dennis@mossbollinger.com
   ari@mossbollinger.com
7  kiara@mossbollinger.com

8  Attorneys for Plaintiff
   DAVID WALKER

9

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

10

## COUNTY OF SAN BERNARDINO

11

| | |
|---|---|
| 12  **DAVID WALKER**, an individual, on behalf of himself and all others similarly situated, | Case No. CIVDS2022311 |
| 13 | [Assigned for all purposes to Hon. David Cohn, Dept. S-26] |
| 14                    Plaintiffs, | |
| 15           vs. | **SUPPLEMENTAL DECLARATION OF JEREMY F. BOLLINGER IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| 16  **HOWMET AEROSPACE, INC.**, a Delaware corporation; **SCHLOSSER FORGE COMPANY**, a Delaware corporation; and | |
| 17  **DOES 1-50**, | |
| 18                    Defendants. | [*Filed concurrently with Plaintiff's Reply In Support of Motion for Leave to File First Amended Complaint*] |
| 19 | |
| 20 | Date: June 7, 2021 |
| 21 | Time: 10:00 am |
|  | Dept: S-26 |
| 22 | |
| 23 | Action Filed: October 13, 2020 |

24

25

26

27

28

---

**SUPPLEMENTAL DECLARATION OF JEREMY F. BOLLINGER**

1            **SUPPLEMENTAL DECLARATION OF JEREMY F. BOLLINGER**

2       I, Jeremy F. Bollinger, declare as follows:

3           1.   I am an attorney licensed to practice law in the State of California, and my firm,

4  Moss Bollinger, LLP, of which I am a partner, is counsel of record for Plaintiff, David Walker

5  ("Plaintiff"). I have personal knowledge of the matters contained herein. This Declaration

6  supplements my original declaration that I submitted in support of Plaintiff's Motion for Leave to

7  File First Amended Complaint. If called as a witness, I would testify to the following:

8           2.   Attached hereto as **Exhibit D** is a true and correct copy of the complaint filed in

9  *Navarro v. Howmet Aerorspace, Inc.*, Los Angeles County Superior Court Case no. 20STCV46141

10  and removed to the United States District Court for the Central District of California, Case No.

11  2:21-cv-00164-DSF-E. The complaint attached as Exhibit D is accessible on Pacer.

12          3.   Attached hereto as **Exhibit E** is a true and correct copy the Case Summary for *Paul*

13  *A. Stewart v. Arconic Global Fasteners & Rings, Inc*, Orange County Superior Court Case No. 30-

14  2018-00968137-CU-OE-CXC, accessed by me on May 28, 2021. According to the court's website,

15  as of May 28, 2021, no party has filed a notice of settlement or a motion for preliminary approval

16  of a settlement, and the court has not set a hearing for preliminary approval. The only hearing

17  currently scheduled for this matter on the court's website is a status conference on June 4, 2021.

18          4.   Attached hereto as **Exhibit F** is a true and correct copy of the PAGA Notice Public

19  Search – Case Detail for LWDA Case No. LWDA-CM-417494-18 filed by Paul A. Stewart against

20  Acronic Global Fastners and Rings, Inc., accessed and printed by me on May 28, 2021. According

21  to the LWDA's website, as of May 28, 2021, no settlement agreement has been submitted to the

22  Labor & Workforce Development Agency for Case No. LWDA-CM-417494-18.

23       I declare under penalty of perjury under the laws of the State of California that the

24  foregoing is true and correct.

25       Executed on this 28th day of May, 2021, at Sherman Oaks, California.

26

27                               _____

28                      Jeremy F. Bollinger

# EXHIBIT D

## to

## Declaration of

## Jeremy F. Bollinger

# Exhibit A

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 03 2020

Sherri R. Carter, executive Officer/Clerk of Court

By _____ , Deputy

1  Sam Kim [SBN 258467]
   Yoonis Han [SBN 256151]
2  **VERUM LAW GROUP, APC**
   841 Apollo Street, Suite 340
3  El Segundo, California 90245
   Tel: (424) 320-2000
4  Fax: (424) 221-5010
   skim@verumlg.com
5
6  Attorneys for Plaintiff JOSE NAVARRO, and all others similarly situated

7            SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                  FOR THE COUNTY OF LOS ANGELES

9
   JOSE NAVARRO, on behalf of himself and all       CASE NO.
10 others similarly situated,                        Unlimited Civil **20STCV46141**

11         Plaintiff,                                 CLASS ACTION
           v.
12                                                    1.  FAILURE TO PAY ALL WAGES
13 HOWMET AEROSPACE INC., a Delaware                  2.  FAILURE TO PROVIDE MEAL PERIODS
   Corporation; ARCONIC INC., a Pennsylvania             OR COMPENSATION IN LIEU OF
14 Corporation and, DOES 1 through 100, inclusive,   3.  FAILURE TO PROVIDE REST BREAKS
                                                         OR COMPENSATION IN LIEU OF
15         Defendants.                               4.  FAILURE TO PROVIDE ACCURATE
                                                         ITEMIZED WAGE STATEMENTS
16                                                   5.  WAITING TIME PENALTIES
17                                                   6.  FAILURE TO REIMBURSE BUSINESS
                                                         EXPENSES
18                                                   7.  FAILURE TO PAY VACATION WAGES
                                                         TO EMPLOYEES
19                                                   8.  VIOLATIONS OF THE UNFAIR
                                                         COMPETITION LAW
20
21                                                   **DEMAND FOR JURY TRIAL**
22
23        Plaintiff JOSE NAVARRO (hereinafter "Plaintiff"), on behalf of himself and all others

24 similarly situated, brings this action against Defendants HOWMET AEROSPACE INC., ARCONIC

25 INC., and DOES 1-100 (collectively "Defendants"), and alleges on information and belief, except

26 those allegations relating to Plaintiff himself, which are asserted on personal knowledge as follows:

27 ///

28 ///

                                        1
                              CLASS ACTION COMPLAINT

## I.  JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to Code of Civil Procedure §410.10 as Defendants do business in the State of California and have employed Plaintiff and each member of the putative class in the State of California and all of the unlawful conduct alleged herein occurred in the State of California.

2.      The California Superior Court has jurisdiction in the matter because Plaintiff and each defendant are residents of and/or domiciled in the State of California.  Further, there is no federal question at issue as the issues herein are based solely on California statutes and laws including the California Labor Code, Industrial Welfare Commission Wage Orders, Code of Civil Procedure, Rule of Court, and Business and Professions Code.

3.      Venue is proper in this Court because Plaintiff, at all relevant times, was employed at a place of business located within the County of Los Angeles.

4.      Venue as to each defendant is proper in this judicial district pursuant to Code of Civil Procedure §395.  Defendants operate and do business within the State of California, including Los Angeles, and each defendant is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and each of the similarly-situated members of the putative class within the State of California ("Plaintiff Class").  Defendants employ numerous members of the Plaintiff Class within the State of California, including Los Angeles, California.

5.      Plaintiff is informed, believes, and thereon alleges that Defendants' conduct, as alleged herein, forms a significant basis for the claims asserted by Plaintiff and his fellow members of the Plaintiff Class in this action.

6.      Plaintiff is informed, believes, and thereon alleges that Plaintiff and his fellow members of the Plaintiff Class are seeking significant relief from Defendants.

7.      Plaintiff is informed, believes, and thereon alleges that the principal injuries sustained by Plaintiff and his fellow members of the Plaintiff Class, as alleges herein, resulted from the conduct of Defendants, and were incurred in the forum state - California.

8.      Plaintiff is informed, believes, and thereon alleges that the claims asserted is this action will be governed exclusively by the laws of the forum state - California – the state in which

1   this action is originally filed.

2   9.   Plaintiff is informed, believes, and thereon alleges that this action is brought in the

3   County of Los Angeles Court for the State of California as said forum has a distinct nexus with

4   Plaintiff and his fellow members of the Plaintiff Class, the harm alleged, as well as Defendants.

5   10.   Plaintiff is informed, believes and thereon alleges that, at all times mentioned herein,

6   the claims alleged in this action, and the causes of action derived therefrom, do not involve a federal

7   question(s).

8                                   II.      **INTRODUCTION**

9   11.   This is a Class Action, pursuant to Code of Civil Procedure §382, on behalf of

10  Plaintiff and other similarly-situated members of the Plaintiff Class employed by or formerly

11  employed by Defendants within the State of California.

12  12.   For at least four years prior to the filing of this action and through to the present,

13  Defendants have had a consistent policy of failing to: pay all wages, including regular and overtime

14  wages, provide meal and rest breaks, pay wages of terminated or resigned employees, comply with

15  the itemized wage statement provisions, failure to reasonable necessary business expenses, and

16  failure to pay vacation wages to employees, in violation of California wage and hour laws, provide

17  valid written notice compliant with Labor Code §2810.5, and violating the Unfair Competition law

    under Business & Professions Code § 17200 et seq.

18  13.   Plaintiff, on behalf of himself and all members of the Plaintiff Class, brings this

19  action pursuant to, including but not limited to, Labor Code §§200, 201, 202, 203, 204, 226, 226.7,,

20  227.3, 510, 512, 1194, 2802,  and applicable Wage Orders, seeking unpaid overtime wages and/or

21  proper calculation of the overtime rate, meal and rest period premiums, penalties, and reasonable

22  attorneys' fees and costs.

23  14.   Plaintiff, on behalf of himself and all members of the Plaintiff Class, pursuant to

24  Business & Professions Code §§17200 and 17208, also seeks restitution of unpaid wages and

25  reimbursements.

26  III.   **THE PARTIES**

27  15.   Plaintiff JOSE NAVARRO resides in the County of Los Angels in the State of

28  California.  Plaintiff was employed by Defendants as a non-exempt employee and performed duties

3

1   including but not limited to a quality inspector from May 2017 to December 12, 2019.

2      16.    Defendant HOWMET AEROSPACE INC. ("HAI") is a Delaware Corporation, with

3 its principal place of business in Los Angeles, California, that is an established industry leader in

4 engineered metal products, including engines, fasteners, and structures for aerospace and defense.

5      17.    Defendant ARCONIC INC. ("AI") is a Pennsylvania Corporation, with its principal

6 place of business in Los Angeles, California, that is an established industry leader in aluminum

7 sheet, plate and extrusions, architectural products in the automotive, aerospace, commercial

8 transportation, industrial, and building and construction markets.

9      18.    DOES 1 through 100, inclusive, are persons or entities whose true names and

10 identities are now unknown to Plaintiff, and who therefore are sued by such fictitious names under

11 Code of Civil Procedure §474. Plaintiff will amend this complaint to allege their true names and

12 capacities once ascertained. Plaintiff is informed and believes that each of the fictitiously-named

13 Doe defendants, including any such defendants that may be the agents, representatives, or parents or

14 subsidiary corporations of the named Defendants, is responsible in some manner for the occurrences,

events, transactions, and injuries alleged herein and that the harm suffered by Plaintiff and Plaintiff

15 Class were proximately caused by them in addition to Defendants.

16      19.    Plaintiff is informed and believes and thereon alleges that each defendant, including

17 the Doe defendants, acted in concert with each and every other defendant, intended to and did

18 participate in the events, acts, practices and courses of conduct alleged herein, and was a proximate

19 cause of damage and injury thereby to Plaintiff and Plaintiff Class as alleged herein.

20      20.    At all times herein mentioned, each defendant was the agent or employee of each of

21 the other Defendants and was acting within the course and scope of such agency or employment.

22      21.    Plaintiff is informed and believes that Defendants are joint employers in that they are

23 and were operating as a joint enterprise and/or single enterprise, and as the employer of Plaintiff and

24 Plaintiff Class.

25      22.    Plaintiff is informed and believes that HAI is the successor of the AI, and the

26 employer of Plaintiff and Plaintiff Class.

27      23.    Plaintiff is informed and believes, and based thereon alleges, that each defendant

28 acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint

1 | scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are
2 | legally attributable to the other Defendants.

3 |     24.    Plaintiff is informed and believes, and based thereon alleges, that Defendants are
4 | now, and/or at all times mentioned in this Complaint were the agents, servants, franchisers,
5 | franchisees, representatives, owners, partners, shareholders, and/or employees of some or all other
6 | Defendants, and vice-versa, and in doing the things alleged in this Complaint and that Defendants
7 | are now and/or at all times mentioned in this Complaint were acting within the course and scope of
8 | that agency, servitude, retention and/or employment.

9 |     25.    On information and belief, Defendants are now, and/or at all times mentioned in this
10 | Complaint were the affiliates of some or all other Defendants, and vice-versa, and in doing the things
11 | alleged in this Complaint, Defendants were directly or indirectly controlling, controlled by or under
12 | common control with such other Defendants.

13 |     26.    On information and belief, Defendants at all times mentioned in this Complaint
14 | approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions
| alleged in this Complaint.

15 |     27.    Plaintiff is ignorant of the true names, capacities, relationships and extent of
16 | participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 100,
17 | inclusive, but on information and belief allege that said Defendants are legally responsible for the
18 | payment of proper overtime wages, rest and meal period compensation and/or Labor Code section
19 | 203 penalties to the Plaintiff Class by virtue of their unlawful practices, and therefore sue these
20 | Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names
21 | and capacities of the DOE Defendants when ascertained.

22 |     28.    Plaintiff is informed and believes, and based thereon allege, that each Defendant
23 | acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint
24 | scheme, business plain or policy in all respects pertinent hereto, and the acts of each Defendant is
25 | legally attributable to the other Defendant.

26 |     **IV.**    **GENERAL ALLEGATIONS**

27 |     29.    Plaintiff and Plaintiff Class are employees or former employees of Defendants and
28 | have not been paid, during the relevant liability periods, the proper overtime wages for all hours

1   actually worked.   Plaintiff and Plaintiff Class were not paid meal period premiums for missed,
2   interrupted or late meal periods.  Plaintiff and Plaintiff Class were not paid rest break premiums for
3   missed rest breaks.

4       30.   Plaintiff and Plaintiff Class, at all times pertinent hereto, were not exempt from
5   overtime wage requirements, meal and rest break requirements, or the implementing rules and
6   regulations of the applicable IWC California Wage Orders.

7       31.   At the time Plaintiff's employment ended, and the employment of other former
8   employees of Defendants ended, Defendants willfully failed to pay all the wages then owing,
9   including overtime wages then owing and meal and rest break premiums.

10       32.   Defendants have failed to comply with Labor Code §226(a) by not providing Plaintiff
11   and Plaintiff Class with itemized wage statements accurately reporting all applicable hourly rates or
12   the correct amount of regular, and/or overtime wages earned.

13       33.   Plaintiff received a non-discretionary, performance-based bonus.  However, the bonus
14   payments were not included in the calculation of Plaintiff's overtime wages.  Therefore, Plaintiff
15   was routinely forced to work in excess of 8 hours each shift, but was not paid his proper overtime
16   rate as required under California law.  On information and belief, this was also true for the Plaintiff
17   Class during the liability period.

18       34.   Because Defendants failed to calculate and pay proper overtime wages, neither the
19   Plaintiff nor Plaintiff Class received accurate itemized wage statements showing the proper overtime
20   hourly rates or the proper overtime wages due and owing employees.

21       35.   Finally, again because Defendants failed to properly calculate overtime rates and pay
22   proper overtime wages, Plaintiff and Plaintiff Class did not receive payment of all wages earned and
23   unpaid immediately upon termination or resignation of their employment.

24       36.   When Plaintiff and Plaintiff Class worked more than five hours in a day with
25   Defendants, and were provided with a meal period, the meal periods were consistently provided later
26   than the end of the employee's fifth hour of work.

27       37.   Plaintiff and Plaintiff Class were also entitled to a second meal period on days they
28   worked more than ten hours in a day, however, Defendants had a company-wide policy which failed
    to provide a second meal period on such days.

38.     Additionally, Plaintiff and Plaintiff Class were consistently interrupted during the ten-minute rest breaks provided by Defendants.

39.     Additionally, Plaintiff and Plaintiff Class were not reimbursed for necessary business expenses, including but not limited to tools.

40.     Additionally, Plaintiff and Plaintiff Class were not paid vacation pay a the end of their employment.

41.     Furthermore, Defendants failed and/or refused to pay Plaintiff Class one (1) hour's pay at the employees' regular rate of pay as premium compensation for failure to provide full rest and/or meal periods or failure to provide such rest and/or meal periods within the statutory time frame, as a result of their company-wide improper meal period and rest break policies.

42.     Further, Business and Professions Code section 17203 provides that any person who engages in unfair competition may be enjoined in any court of competent jurisdiction. Business and Professions Code section 17204 provides that any person who has suffered actual injury and has lost money or property as a result of the unfair competition may bring an action in a court of competent jurisdiction.

## V.     CLASS ALLEGATIONS

43.     Plaintiff brings this action on behalf of himself and all other similarly situated persons, as a class action pursuant to California Civil Code of Procedure section 382. Plaintiff seeks to represent the class and sub-classes as follows:

    a.  **Class:**
       All current and former California residents who work or worked for Defendants as a non-exempt employee during the liability period, to be determined;

    b.  **Sub-Class 1: "Failure to Pay All Wages"**
       All current and former California residents who work or worked for Defendants as a non-exempt employee, during the liability period, to be determined, and who were not paid all wages due them, including but not limited to overtime and double overtime wages, as a result of Defendants' illegal bonus policy;

    c.  **Sub-Class 2: "Failure to Provide Meal Periods"**
       All current and former California residents who work or worked for Defendants as a non-exempt employee, during the liability period, to be determined, and who were not provided legally complaint meal periods, or meal period premiums;

    d.  **Sub-Class 3: "Failure to Provide Rest Breaks"**
       All current and former California residents who work or worked for Defendants

7

as a non-exempt employee, during the liability period, to be determined, and who were not provided legally compliant rest periods, or rest period premiums;

e.  **Sub-Class 4: "Waiting Time Class"**
All current and former California residents who worked for Defendants as a non-exempt employee, during the liability period, to be determined, who have been terminated or resigned, and have not been paid wages pursuant to Labor Code section 203 and are owed restitution for waiting time penalties deriving from unpaid wages;

f.  **Sub-Class 5: "Failure to Furnish Accurate Itemized Wage Statements"**
All current and former California residents who work or worked for Defendants as a non-exempt employee, during the liability period, to be determined, and who were not provided pay stubs that complied with Labor Code §226; and

g.  **Sub-Class 6: "Necessary Business Expenses"**
All current and former California residents who work or worked for Defendants as a non-exempt employee, during the liability period, to be determined, and who were not reimbursed necessary business expenses, including but not limited to tools;

h.  **Sub-Class 7: "Failure to Employees Vacation Wages"**
All current and former California residents who work or worked for Defendants as a non-exempt employee, during the liability period, to be determined, and who were not paid vacation wages at the end of employment;

i.  **Sub-Class 8: "UCL Class"**
All current and former California residents who work or worked for Defendants as a non-exempt employee, during the liability period, to be determined, and who suffered injury, including lost money, as a result of Defendants' unfair competition, including but not limited to their policy of willfully failing to provide proper meal and rest periods, failing to compensate for all wages earned, including overtime and double overtime wages, and failing to provide properly itemized wage statements.

44.     Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

45.     This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure §382 because there is a well-defined common interest of many persons and it is impractical to bring them all before the court.

a) *Numerosity*: The potential members of the Class as defined are so numerous that joinder of all members of the Class is impracticable. While the precise number of members of the Class

1    has not been determined at this time, Plaintiff is informed and believes that Defendants
2    currently employ, and during the liability period employed, over 50 employees in the State of
3    California. Accounting for employee turnover during the liability period necessarily
4    increases this number substantially. Plaintiff alleges Defendants' employment records would
5    provide information as to the number and location of all members of the Class. Joinder of all
6    members of the Class is not practicable.

7    b) *Commonality:* There are questions of law and fact common to all members of the Class and
8    subclasses. These common questions include, but are not limited to:

      a.  Did Defendants violate Labor Code §1194 by not providing members of the Class the
          proper overtime compensation applicable to such Class members?

      b.  Did Defendants violate Labor Code §204 by not paying members of the Class for all
          overtime wages earned during each pay period?

      c.  Did Defendants violate Labor Code §226(a) by not furnishing members of the Class
          with accurate wage statements?

      d.  Did Defendants violate Labor Code §§201 or 202 by not paying all overtime wages
          and vacation wages owed upon termination or resignation?

      e.  Are Defendants liable to members of the Class for penalty wages under Labor Code
          §203?

      f.  Are Defendants liable to reimburse members of the Class Necessary Business
          Expenses?

      g.  Are Defendants liable to members of the Class for penalties under Labor Code
          §226(e)?

      h.  Did Defendants violate the unfair competition law, Business & Professions Code
          §17200 et seq., by their failure to properly compensate employees for overtime hours
          worked?

      i.  Did Defendants violate the unfair competition law, Business & Professions Code
          §17200 et seq., by their failure to provide proper meal periods and rest breaks and
          provide premium compensation?

      j.  Are members of the Class entitled to attorneys' fees and costs?

9

k.   Are members of the Class entitled to interest?

c)  *Typicality:* The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any member of the Plaintiff Class, and the relief sought is typical of the relief which would be sought by members of the Plaintiff Class in separate actions. Plaintiff and Plaintiff Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct, in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

d)  *Adequacy of Representation:* Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Counsels who represent Plaintiff are competent and experienced in litigating class actions, including wage and hour class actions.

e)  *Superiority of Class Action:* A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all members of the Class is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class·has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to properly compensate members of the Class for wages.

f)  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## VI.   CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### FAILURE TO PAY ALL WAGES
### (On Behalf of Plaintiff and Plaintiff Class)
### (Against All Defendants)

45.    Plaintiff, individually, and on behalf of Plaintiff Class, hereby reallege and incorporate by reference each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

10

46.    Defendants have had a consistent policy and practice of failing to pay all wages due under its illegal bonus policies.  At all relevant times herein, Defendants did not include bonus payments in the calculation of regular, overtime, and double overtime wages.

47.    The bonus payments described herein were not discretionary "gifts" or "gratuities," rather a sum required to be paid for services rendered by the members of the Failure to Pay All Wages Class.  Therefore, these bonus payments are deemed "wages" under California law and Labor Code §200.

48.    Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, pursuant to Labor Code §218, to recovery by Plaintiff and the members of the Failure to Pay All Wages Class, in a civil action, of the unpaid balance of the full amount of wages owing, calculated at the appropriate rate.

49.    Pursuant to Labor Code §218.6 and CCP §3287, the members of the Failure to Pay All Wages Class seek recovery of pre-judgment interest on all amounts recovered herein.

50.    Pursuant to Labor Code §218.5, the members of the Failure to Pay All Wages Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS OR COMPENSATION IN LIEU OF

### (On Behalf of Plaintiff and Plaintiff Class)

### (Against All Defendants)

51.    Plaintiff, individually, and on behalf of Plaintiff Class, hereby reallege and incorporate by reference each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

52.    Labor Code §226.7(b) provides that, "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

53.    Labor Code §512 provides that, "[a]n employer may not employee an employee for a work period of more than five hours per day without providing the employee with a meal period of

11

1   not less than 30 minutes, except that if the total work period per day of the employee is no more than

2   six hours, the meal period may be waived by mutual consent of both the employer and employee.

3   An employer may not employ an employee for a work period of more than 10 hours per day without

4   providing the employee with a second meal period of not less than 30 minutes, except that if the total

5   hours worked is no more than 12 hours, the second period may be waived by mutual consent of the

6   employer and the employee only if the first meal period was not waived."

7       54.    Labor Code §516 provides that the Industrial Welfare Commission "may adopt or

8   amend working condition orders with respect to break period, meal periods, and days of rest for any

9   workers in California consistent with the health and welfare of those workers."

10       55.    Section 11(A) of the IWC Wage Order(s) provides that, "[u]nless the employee is

11   relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty'

12   meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the

13   nature of the work prevents an employee from being relieved of all duty and when by written

14   agreement between the parties an on-the-job paid meal period is agreed to. The written agreement

    shall state that the employee may, in writing, revoke the agreement at any time."

15       56.    Section 11(B) of the IWC Wage Order(s) provides that, "[i]f an employer fails to

16   provide an employee a meal period in accordance with the applicable provisions of this order, the

17   employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation

18   for each workday and that the meal period is not provided."

19       57.    On one or more occasions, Plaintiff and Plaintiff Class worked over five (5) hours per

20   shift and therefore were entitled to a meal period of not less than thirty (30) minutes prior to

21   exceeding five (5) hours of employment.

22       58.    Further, on one more occasions, Plaintiff and Plaintiff Class worked over ten (10)

23   hours per shift and therefore were entitled to a second meal period of not less than thirty (30)

24   minutes.

25       59.    Plaintiff and Plaintiff Class did not validly or legally waive their meal periods, by

26   mutual consent with Defendants or otherwise.

27       60.    Plaintiff and Plaintiff Class did not enter into any written agreement with Defendants

28   agreeing to an on-the-job paid meal period.

1    61.    As a matter od Defendants' established company policy, Defendants failed to always

2    comply with the meal period requirements established by Labor Code §§226.7, 512 and 516, and

3    Section11 of the IWC Wage Order(s) by failing to always provide Plaintiff and Plaintiff Class with a

4    first and in some cases a second legally compliant meal period.

5    62.    Pursuant to Section 11(B) of the IWC Wage Order(s) and Labor Code §226.7(c)

6    which states, "[i]f an employer fails to provide an employee a meal or rest or recovery period in

7    accordance with a state law, including, but not limited to, an applicable statute or applicable

8    regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and

9    Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay

10   the employee one additional hour of pay at the employee's regular rate of compensation for each

11   workday that the meal or rest or recovery period is not provided," Plaintiff and Plaintiff Class are

12   entitled to damages in an amount equal to one (1) additional hour of pay at each employee's regular

13   rate of compensation for each work day that the meal period was not provided, in a sum to be proven

     at trial.

14                                **THIRD CAUSE OF ACTION**

15            **FAILURE TO PROVIDE REST BREAKS OR COMPENSATION IN LIEU OF**

16                            **(On Behalf of Plaintiff and Plaintiff Class)**

17                                  **(Against All Defendants)**

18   63.    Plaintiff, individually, and on behalf of the Plaintiff Class, hereby reallege and

19   incorporate by reference each and every one of the allegations contained in the preceding and

20   foregoing paragraphs of this Complaint as if fully set forth herein.

21   64.    Labor Code §226.7 requires employers to authorize and permit all employees to take

22   a paid ten (10) minute rest break for every four (4) work hours, or major fraction thereof.

23   65.    Labor Code §226.7(b) provides that if an employer fails to provide an employee rest

24   breaks in accordance with this section, the employer shall pay the employee one (1) hour of pay at

25   the employee's regular rate of compensation for each workday that the rest break is not provided.

26   66.    Defendants, and each of them, failed and or refused to implement a relief system by

27   which Plaintiff and Plaintiff Class could receive rest breaks and/or work free rest breaks.

28   Furthermore, due to Defendants' relief system, Plaintiff and Plaintiff Class did not receive their rest

1  breaks within the required statutory time frame.   By and through their actions, Defendants
2  intentionally and improperly denied rest periods to the Plaintiff and Plaintiff Class in violation of
3  Labor Code §§226.7 and 512.

4       67.     At all times relevant hereto, Plaintiff and Plaintiff Class have worked more than four
5  (4) hours in a workday.

6       68.     Pursuant to Section 11(B) of the IWC Wage Order(s) and Labor Code §226.7(c)
7  which states, "[i]f an employer fails to provide an employee a meal or rest or recovery period in
8  accordance with a state law, including, but not limited to, an applicable statute or applicable
9  regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and
10  Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay
11  the employee one additional hour of pay at the employee's regular rate of compensation for each
12  workday that the meal or rest or recovery period is not provided," Plaintiff and Plaintiff Class are
13  entitled to damages in an amount equal to one (1) additional hour of pay at each employee's regular
14  rate of compensation for each work day that the rest break was not provided, in a sum to be proven
   at trial.

15                            **FOURTH CAUSE OF ACTION**
16       **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
17                       **(On Behalf of Plaintiff and Plaintiff Class)**
18                            **(Against All Defendants)**

19       69.     Plaintiff, individually, and on behalf of the Plaintiff Class, hereby reallege and
20  incorporate by reference each and every one of the allegations contained in the preceding and
21  foregoing paragraphs of this Complaint as if fully set forth herein.

22       70.     Labor Code §226(a) states in pertinent part: "Every employer shall, semimonthly or
23  at the time of each payment of wages, furnish each of his or her employees, either as a detachable
24  part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid
25  by personal check or cash, an accurate itemized statement in writing showing (1) gross wages
26  earned, (2) total hours worked by the employee…(4) all deductions…(5) net wages earned…and (9)
27  all applicable hourly rates in effect during the pay period and the corresponding number of hours
28  worked at each hourly rate by the employee…"

71.     Further, the IWC Wage Order(s) §7(A) states in pertinent part: "(A) Every employer shall keep accurate information with respect to each employee including the following:…(3) Time records showing when the employee begins and ends each work period.  Meals periods, split shift intervals, and total daily hours worked shall also be records…(5) Total hours worked in the payroll period and applicable rate of pay…"

72.     Therefore, pursuant to Labor Code §226(a) and the IWC Wage Order(s) §7(A), California employers are required to maintain accurate records pertaining to the total hours worked for Defendants by Plaintiff and Plaintiff Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

73.     As a pattern and practice, in violation of Labor Code §226(a) and IWC Wage Order(s) §7A, Defendants did not and still do not furnish Plaintiff and Plaintiff Class with an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned, and/or (5) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by each respective forecaddie.

74.     As a pattern and practice, in violation of Labor Code §226(a) and the IWC Wage Order(s) §7(A), Defendants did not and do not maintain accurate records pertaining to the total hours worked for Defendants by Plaintiff and Plaintiff Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

75.     As of January 1, 2013, SB 1255 amended Labor Code §226 to clarify that an employee suffers injury if the employer fails to provide accurate and complete information as required of any one or more items listed in Labor Code §226(a)(1)-(9) and the employee cannot promptly and easily ascertain requisite information within reference to other documents or information.

76.     Here, Plaintiff and Plaintiff Class suffered injury because Defendants failed to provide accurate and complete information as required of one or more items listed in Labor Code

15

1 §226(a)(1)-(9) and Plaintiff and Plaintiff Class could not and cannot promptly and easily ascertain

2 requisite information without reference to other documents or information.

3    77.    In addition, Plaintiff and Plaintiff Class have suffered injury as a result of

4 Defendants' failure to maintain accurate records for Plaintiff and Plaintiff Class in that Plaintiff and

5 Plaintiff Class were not timely provided written accurate itemized statements showing all requisite

6 information, including but not limited to total hours worked by the employee, net wages earned and

7 all applicable hourly rates in effect during the pay period and the corresponding number of hours

8 worked at each hourly rate, in violation of Labor Code §226 and the IWC Wage Order(s) §7(A),

9 such that Plaintiff and Plaintiff Class were misled by Defendants as to the correct information

10 regarding various items, including but not limited to total hours worked by the employee, net wages

11 earned and all applicable hourly rates in effect during the pay period and the corresponding number

12 of hours worked at each hourly rate.

13    78.    Pursuant to Labor Code §226(e), Plaintiff and Plaintiff Class are entitled to fifty

dollars ($50) per employee for the initial pay period in which a violation hereunder occurs and one

14 hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an

15 aggregate penalty of four thousand dollars ($4,000).

16    79.    Pursuant to Labor Code §226(g), the currently-employed Plaintiff and Plaintiff Class

17 are entitled to injunctive relief to ensure Defendants' compliance with Labor Code §226.

18    80.    Pursuant to Labor Code §226(e) and/or §226(g), Plaintiff and Plaintiff Class are also

19 entitled to an award of costs and reasonable attorneys' fees.

20                         **FIFTH CAUSE OF ACTION**

21                         **WAITING TIME PENALTIES**

22                   **(On Behalf of Plaintiff and Plaintiff Class)**

23                         **(Against All Defendants)**

24    81.    Plaintiff, individually, and on behalf of the Plaintiff Class, hereby reallege and

25 incorporate by reference each and every one of the allegations contained in the preceding and

26 foregoing paragraphs of this Complaint as if fully set forth herein.

27

28

82.     Labor Code §§201 and 202 require Defendants to pay their employees all wages due immediately at the time of discharge, layoff, or resignation made with at least 72 hours of notice, or within 72 hours of resignation made within 72 hours of notice.

83.     Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon separation, as required by §§201 or 202, then the employer is liable for waiting time penalties in the form of one day of wages for up to 30 days.

84.     Plaintiff and Plaintiff Class are informed, believe, and allege thereon that Defendants have failed to pay all earned wages to Plaintiff and Plaintiff Class during their employment with Defendants.  In addition, Plaintiff and Plaintiff Class have been discharged, laid off, resigned, retired or otherwise separated from employment, but Defendants have not unconditionally paid earned wages upon separation of employment within the time frame mandated by Labor Code §§201 and 202.  Defendants' conduct in this regard has been willful.

85.     As a consequence of Defendants' willful failure to pay wages due to each such employee following separation from employment as required by Labor Code §§201 and 202, Plaintiff and Plaintiff Class whose employment ended prior to the filing of this case and continuing through the date of class certification are entitled to recover from Defendants an additional sum as penalty, pursuant to Labor Code §203, equal to a day's wages, for thirty (30) days, plus interest, for each employee who separated from employment Defendants, in amounts according to proof at trial.

### SIXTH CAUSE OF ACTION

### VIOLATIONS OF THE UNFAIR COMPETITION LAW

### (On Behalf of Plaintiff and Plaintiff Class)

### (Against All Defendants)

86.     Plaintiff, on behalf of himself and all class members, hereby incorporate the preceding paragraphs as though fully set forth herein.

87.     Labor Code § 2802(a) provides:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

88. Within the last four years of the filing of this Complaint, Defendants, by virtue of their mileage reimbursement policies and practices, failed to indemnify Plaintiffs and the Business Reimbursement subclass appropriately for all necessary, mileage-related expenses that Plaintiffs and the Business Reimbursement subclass incurred while performing work for Defendants.

89. Plaintiffs and the Business Reimbursement subclass incurred substantial out-of-pocket losses because of Defendants' failure to reimburse Plaintiff and the Business Reimbursement subclass appropriately for all necessary, mileage-related expenses that Plaintiffs and the Business Reimbursement subclass incurred while performing work for Defendants. To date, Defendants have failed to indemnify Plaintiffs and the Business Reimbursement subclass for these out-of-pocket losses.

90. Under Labor Code § 2802(c), Plaintiffs and the Business Reimbursement subclass are entitled to recover all reasonable costs, including attorney's fees, incurred in enforcing their rights granted by Labor Code § 2802.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PAY VACATION WAGES**

**(On Behalf of Plaintiff and Plaintiff Class)**

**(Against All Defendants)**

91. When California employees who have accrued vacation are terminated, their employers must pay them all vacation wages owed.

92. California employers are not required to provide paid vacation to their workers. But, if they do, California law treats paid vacation the same as other wages in the sense that when employees who have accrued vacation are terminated, their employers must pay them all vacation wages owed. Employers who fail to do so may be liable for all of the unpaid vacation wages, interest, and waiting time penalties.

93. California Labor Code section 227.3 provides, in pertinent part, as follows:

[W]henever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served;

18

CLASS ACTION COMPLAINT

provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination. The Labor Commissioner or a designated representative, in the resolution of any dispute with regard to vested vacation time, shall apply the principles of equity and fairness.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF UNFAIR COMPETITION LAW

### (On Behalf of Plaintiff and Plaintiff Class)

### (Against All Defendants)

94.     Plaintiff, individually, and on behalf of the Plaintiff Class, hereby reallege and incorporate by reference each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

95.     Business & Professions Code §17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

96.     Business & Professions Code §17204 allows "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the UCL.

97.     Within the liability period, Defendants have improperly, fraudulently, and unlawfully excluded the payment of bonus payments in its calculation of overtime wages and have thereby committed unlawful, unfair and/or fraudulent business acts and practices and defined by Business & Professions Code §17200, by engaging in the following conduct:

    a.  Failing to pay Plaintiff and Plaintiff Class proper overtime compensation for all hours worked over eight (8) in a day or forty (40) in a workweek, as required by Labor Code §§510, 1194 *et seq.* and IWC Wage Order(s);

    b.  Failing and refusing to provide meal periods to Plaintiff and Plaintiff Class, as required by Labor Code §§226.7 and IWC Wage Order(s);

    c.  Failing and refusing to provide rest breaks to Plaintiff and Plaintiff Class, as required by Labor Code §§226.7 and IWC Wage Order(s);

    d.  Failing to provide accurate itemized wage statements to Plaintiff and the Plaintiff Class, as required by Labor Code §226;

  e. Failing to maintain payroll records showing the actual hours worked each day by Plaintiff and Plaintiff Class, as required by Labor Code §1174 *et seq.* and IWC Wage Order(s);

  f. Failing to reimburses for necessary business expenses as required under Labor Code § 2802;

  g. Failing to pay vacation wages owed to employees, as required under Labor Code § 227.3;

  h. Failing to pay, upon termination of employment all wages due to Plaintiff and Plaintiff Class, as required by Labor Code §§201, 202, and 203; and

 98. The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of Business and Professions Code §17200.

 99. As a result of the aforementioned actions, Plaintiff and Plaintiff Class have lost and continue to lose money or property and suffered and continue to suffer injury in fact.  Defendants continue to hold unpaid wages and other funds legally belonging to Plaintiff and Plaintiff Class.

 100. Plaintiff and Plaintiff Class are entitled to restitution pursuant to Business & Professions Code §§17203 and 17208 for all unpaid wages, overtime pay, missed meal period compensation, and interest since at least four years prior to the filing of this Complaint.

 101. Pursuant to Business & Professions Code §17203, Plaintiff and Plaintiff Class are entitled to: (a) restitution of money acquired by Defendants by means of their unfair business practices, in amounts not yet ascertained by to be ascertained at trial; (b) a declaration that Defendants' business practices are unfair within the meaning of the statute, (c) a permanent injunction to prohibit Defendants from classifying Plaintiff and Plaintiff Class as independent contractors.

 102. Plaintiff and Plaintiff Class are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code §17202.

 103. By all of the foregoing alleged conduct, Defendants have committed, and are continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Business & Professions Code §17200 *et seq.*

104.    Plaintiff have assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action which is in the public interest. Therefore, reasonable attorneys' fees are appropriate pursuant to Cal. Code of Civil Procedure §1021.5.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the above-described Plaintiff Class, pray for relief as follows, jointly and severally from all Defendants:

A.    That the Court determine that this action may be maintained as a class action under Code of Civil Procedure §382, and define the class as requested herein;

B.    Provision of class notice to all members of Plaintiff Class;

C.    A declaratory judgment that Defendants' violations described above were willful;

D.    An equitable accounting to identify, locate, and restore to Plaintiff and Plaintiff Class, the wages due;

E.    For an Order requiring Defendants to identify each of the member of Plaintiff Class by name, home address, home telephone number and, if available, email address;

F.    For an Order requiring Defendants to make full restitution and payment pursuant to California law;

G.    A permanent injunction to prohibit Defendants from classifying Plaintiff and Plaintiff Class as independent contractors;

H.    For all other appropriate injunctive, declaratory and equitable relief;

I.    An award to Plaintiff and Plaintiff Class in the amount of unpaid wages, including but not limited to proper overtime compensation, meal period and rest break premiums, including interest thereon, subject to proof at trial;

J.    An award of reasonable attorneys' fees and costs, pursuant to Labor Code §§226, 218.5 and 1194, Code of Civil Procedure §1021.5 and/or other applicable law; and

K.    An award to Plaintiff and Plaintiff Class of such other and further relief as this Court deems just and proper.

///

///

Dated: December 2, 2020

**VERUM LAW GROUP, APC**

By:_____
    Yoonis Han
    Sam Kim
    Attorneys for Plaintiff JOSE NAVARRO, and all others
    similarly situated

CLASS ACTION COMPLAINT

# EXHIBIT E

## to

## Declaration of

## Jeremy F. Bollinger

5/28/2021                                  Civil Case Access - Print Case Information

Case Summary:

| Case Id: | 30-2018-00968137-CU-OE-CXC |
| Case Title: | PAUL A STEWART VS. ARCONIC GLOBAL FASTENERS & RINGS, INC |
| Case Type: | OTHER EMPLOYMENT |
| Filing Date: | 01/18/2018 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 4806354 RECEIVED ON 01/18/2018 12:56:41 PM. | 01/19/2018 | | *NV* | |
| 2 | COMPLAINT FILED BY STEWART, PAUL A ON 01/18/2018 | 01/18/2018 | | 11 pages | |
| 3 | CIVIL CASE COVER SHEET FILED BY STEWART, PAUL A ON 01/18/2018 | 01/18/2018 | | 1 pages | |
| 4 | SUMMONS ISSUED AND FILED FILED BY STEWART, PAUL A ON 01/18/2018 | 01/18/2018 | | 2 pages | |
| 5 | PAYMENT RECEIVED BY ONELEGAL FOR 194 - COMPLAINT OR OTHER 1ST PAPER, 34 - COMPLEX CASE FEE - PLAINTIFF IN THE AMOUNT OF 1,435.00, TRANSACTION NUMBER 12285134 AND RECEIPT NUMBER 12108868. | 01/19/2018 | | 1 pages | |
| 6 | CASE ASSIGNED TO JUDICIAL OFFICER SANDERS, GLENDA ON 01/18/2018. | 01/18/2018 | | 1 pages | |
| 7 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 06/12/2018 AT 01:30:00 PM IN CX101 AT CIVIL COMPLEX CENTER. | 02/14/2018 | | *NV* | |
| 8 | THE CASE MANAGEMENT CONFERENCE IS SCHEDULED FOR 06/12/2018 AT 01:30 PM IN DEPARTMENT CX101. | 02/14/2018 | | *NV* | |
| 9 | MINUTES FINALIZED FOR CHAMBERS WORK 2018-02-14 11:18:00.0. | 02/14/2018 | | 17 pages | |
| 10 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 02/14/2018 | | 18 pages | |
| 11 | E-FILING TRANSACTION 4829115 RECEIVED ON 03/27/2018 06:36:38 AM. | 03/27/2018 | | *NV* | |
| 12 | PROOF OF SERVICE FILED BY STEWART, PAUL A ON 03/27/2018 | 03/27/2018 | | 2 pages | |
| 13 | PROOF OF SERVICE FILED BY STEWART, PAUL A ON 03/27/2018 | 03/27/2018 | | 2 pages | |
| 14 | E-FILING TRANSACTION 2661448 RECEIVED ON 04/17/2018 11:48:35 AM. | 04/17/2018 | | *NV* | |
| 15 | ANSWER TO COMPLAINT (JURY TRIAL DEMANDED) FILED BY ARCONIC GLOBAL FASTENERS & RINGS, INC ON 04/17/2018 | 04/17/2018 | | 12 pages | |
| 16 | PAYMENT RECEIVED BY ONELEGAL FOR 195 - ANSWER OR OTHER 1ST PAPER, 35 - COMPLEX CASE FEE - RESPONSE IN THE AMOUNT OF 1,435.00, TRANSACTION NUMBER 12332774 AND RECEIPT NUMBER 12156504. | 04/17/2018 | | 1 pages | |
| 17 | E-FILING TRANSACTION 2679440 RECEIVED ON 06/08/2018 02:14:36 PM. | 06/11/2018 | | *NV* | |
| 18 | STATUS CONFERENCE STATEMENT FILED BY STEWART, PAUL A ON 06/08/2018 | 06/08/2018 | | 5 pages | |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 19 | E-FILING TRANSACTION 4855543 RECEIVED ON 06/13/2018 12:46:39 PM. | 06/13/2018 | | *NV* | |
| 20 | NOTICE OF HEARING FILED BY STEWART, PAUL A ON 06/13/2018 | 06/13/2018 | | 3 pages | |
| 21 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 09/12/2018 AT 01:30:00 PM IN CX101 AT CIVIL COMPLEX CENTER. | 06/12/2018 | | *NV* | |
| 22 | CASE MANAGEMENT CONFERENCE CONTINUED TO 09/12/2018 AT 01:30 PM IN THIS DEPARTMENT PURSUANT TO PARTY'S MOTION. | 06/12/2018 | | *NV* | |
| 23 | MINUTES FINALIZED FOR CASE MANAGEMENT CONFERENCE 06/12/2018 01:30:00 PM. | 06/13/2018 | | 1 pages | |
| 24 | PROPOSED ORDER RECEIVED ON 09/07/2018 | 09/07/2018 | | 4 pages | |
| 25 | E-FILING TRANSACTION 2710220 RECEIVED ON 09/07/2018 05:19:15 PM. | 09/12/2018 | | *NV* | |
| 26 | STIPULATION AND ORDER (RE REQUEST CONTINUANCE OF STATUS CONFERENCE) FILED BY STEWART, PAUL A ON 09/12/2018 | 09/12/2018 | | 4 pages | |
| 27 | PAYMENT RECEIVED BY ONELEGAL FOR 37 - STIPULATION AND ORDER IN THE AMOUNT OF 20.00, TRANSACTION NUMBER 12416805 AND RECEIPT NUMBER 12240496. | 09/12/2018 | | 1 pages | |
| 28 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 12/12/2018 AT 01:30:00 PM IN CX101 AT CIVIL COMPLEX CENTER. | 09/12/2018 | | *NV* | |
| 29 | CASE MANAGEMENT CONFERENCE CONTINUED TO 12/12/2018 AT 01:30 PM IN THIS DEPARTMENT PURSUANT TO STIPULATION. | 09/12/2018 | | *NV* | |
| 30 | MINUTES FINALIZED FOR CASE MANAGEMENT CONFERENCE 09/12/2018 01:30:00 PM. | 09/13/2018 | | 1 pages | |
| 31 | PROPOSED STIPULATION AND ORDER RECEIVED ON 12/07/2018 | 12/07/2018 | | 5 pages | |
| 32 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 03/13/2019 AT 01:30:00 PM IN CX101 AT CIVIL COMPLEX CENTER. | 12/12/2018 | | *NV* | |
| 33 | CASE MANAGEMENT CONFERENCE CONTINUED TO 03/13/2019 AT 01:30 PM IN THIS DEPARTMENT PURSUANT TO STIPULATION. | 12/12/2018 | | *NV* | |
| 34 | MINUTES FINALIZED FOR CASE MANAGEMENT CONFERENCE 12/12/2018 01:30:00 PM. | 12/12/2018 | | 1 pages | |
| 35 | E-FILING TRANSACTION 3737366 RECEIVED ON 12/07/2018 08:22:24 AM. | 12/13/2018 | | *NV* | |
| 36 | STIPULATION AND ORDER (CONTINUANCE OF STATUS CONFERENCE) FILED BY STEWART, PAUL A ON 12/10/2018 | 12/10/2018 | | 6 pages | |
| 37 | PAYMENT RECEIVED BY ONELEGAL FOR 37 - STIPULATION AND ORDER IN THE AMOUNT OF 20.00, TRANSACTION NUMBER 12467950 AND RECEIPT NUMBER 12291647. | 12/13/2018 | | 1 pages | |
| 38 | PROPOSED STIPULATION AND ORDER RECEIVED ON 03/11/2019 | 03/11/2019 | | 4 pages | |

Civil Case Access - Print Case Information

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 39 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 05/14/2019 AT 01:30:00 PM IN CX101 AT CIVIL COMPLEX CENTER. | 03/12/2019 | | *NV* | |
| 40 | E-FILING TRANSACTION 2771660 RECEIVED ON 03/11/2019 04:17:27 PM. | 03/12/2019 | | *NV* | |
| 41 | STIPULATION AND ORDER (CONTINUANCE OF STATUS CONFERENCE) FILED BY STEWART, PAUL A ON 03/12/2019 | 03/12/2019 | | 4 pages | |
| 42 | PAYMENT RECEIVED BY ONELEGAL FOR 37 - STIPULATION AND ORDER IN THE AMOUNT OF 20.00, TRANSACTION NUMBER 12514694 AND RECEIPT NUMBER 12338410. | 03/12/2019 | | 1 pages | |
| 43 | PROPOSED STIPULATION AND ORDER RECEIVED ON 05/09/2019 | 05/09/2019 | | 4 pages | |
| 44 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 07/17/2019 AT 01:30:00 PM IN CX101 AT CIVIL COMPLEX CENTER. | 05/09/2019 | | *NV* | |
| 45 | E-FILING TRANSACTION 3789872 RECEIVED ON 05/09/2019 12:32:55 PM. | 05/09/2019 | | *NV* | |
| 46 | STIPULATION AND ORDER (TO CONTINUE STATUS CONFERENCE) FILED BY STEWART, PAUL A ON 05/09/2019 | 05/09/2019 | | 4 pages | |
| 47 | PAYMENT RECEIVED BY ONELEGAL FOR 37 - STIPULATION AND ORDER IN THE AMOUNT OF 20.00, TRANSACTION NUMBER 12549814 AND RECEIPT NUMBER 12373693. | 05/09/2019 | | 1 pages | |
| 48 | PROPOSED ORDER RECEIVED ON 07/12/2019 | 07/12/2019 | | 4 pages | |
| 49 | PROPOSED ORDER RECEIVED ON 07/12/2019 | 07/12/2019 | | 4 pages | |
| 50 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 09/18/2019 AT 01:30:00 PM IN CX101 AT CIVIL COMPLEX CENTER. | 07/12/2019 | | *NV* | |
| 51 | PROPOSED ORDER RECEIVED ON 07/12/2019 | 07/12/2019 | | 5 pages | |
| 52 | E-FILING TRANSACTION 3811919 RECEIVED ON 07/12/2019 12:19:56 PM. | 07/15/2019 | | *NV* | |
| 53 | STIPULATION - OTHER (CONTINUE STATUS CONFERENCE) FILED BY STEWART, PAUL A ON 07/12/2019 | 07/12/2019 | | 4 pages | |
| 54 | PAYMENT RECEIVED BY ONELEGAL FOR 37 - MOTION/NOTICE TO CONTINUE HEARING OR CMC IN THE AMOUNT OF 20.00, TRANSACTION NUMBER 12585863 AND RECEIPT NUMBER 12409902. | 07/15/2019 | | 1 pages | |
| 55 | E-FILING TRANSACTION 1643492 RECEIVED ON 07/12/2019 12:19:59 PM. | 07/15/2019 | | *NV* | |
| 56 | STIPULATION AND ORDER (CONTINUANCE OF STATUS CONFERENCE) FILED BY STEWART, PAUL A ON 07/12/2019 | 07/12/2019 | | 4 pages | |
| 57 | PAYMENT RECEIVED BY ONELEGAL FOR 37 - STIPULATION AND ORDER IN THE AMOUNT OF 20.00, TRANSACTION NUMBER 12586007 AND RECEIPT NUMBER 12410046. | 07/15/2019 | | 1 pages | |
| 58 | E-FILING TRANSACTION 3811901 RECEIVED ON 07/12/2019 11:59:50 AM. | 07/15/2019 | | *NV* | |
| 59 | PROPOSED STIPULATION AND ORDER RECEIVED ON 07/12/2019. | 07/12/2019 | | 4 pages | |
| 60 | E-FILING TRANSACTION NUMBER 1643475 REJECTED. | 07/19/2019 | | 1 pages | |

5/28/2021                                    Civil Case Access - Print Case Information

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|-----|--------|-------------|--------------|----------|--------|
| 61 | PROPOSED ORDER RECEIVED ON 09/13/2019 | 09/13/2019 | | 5 pages | |
| 62 | E-FILING TRANSACTION 1665837 RECEIVED ON 09/13/2019 12:09:41 PM. | 09/13/2019 | | NV | |
| 63 | PROPOSED STIPULATION AND ORDER (TO REQUEST CONTINUANCE OF STATUS CONFERENCE) RECEIVED ON 09/13/2019. | 09/13/2019 | | 5 pages | |
| 64 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 12/18/2019 AT 01:30:00 PM IN CX101 AT CIVIL COMPLEX CENTER. | 09/17/2019 | | NV | |
| 65 | E-FILING TRANSACTION 41012176 RECEIVED ON 09/13/2019 12:09:47 PM. | 09/18/2019 | | NV | |
| 66 | STIPULATION AND ORDER (CONTINUE STATUS CONFERENCE) FILED BY STEWART, PAUL A ON 09/17/2019 | 09/17/2019 | | 6 pages | |
| 67 | PAYMENT RECEIVED BY ONELEGAL FOR 37 - STIPULATION AND ORDER IN THE AMOUNT OF 20.00, TRANSACTION NUMBER 12622521 AND RECEIPT NUMBER 12447000. | 09/18/2019 | | 1 pages | |
| 68 | PROPOSED STIPULATION AND ORDER RECEIVED ON 12/06/2019 | 12/06/2019 | | 14 pages | |
| 69 | PROPOSED STIPULATION AND ORDER RECEIVED ON 12/13/2019 | 12/13/2019 | | 5 pages | |
| 70 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 03/18/2020 AT 01:30:00 PM IN CX101 AT CIVIL COMPLEX CENTER. | 12/17/2019 | | NV | |
| 71 | THE CASE MANAGEMENT CONFERENCE IS RESET TO 03/18/2020 AT 01:30 PM IN THIS DEPARTMENT. | 12/17/2019 | | NV | |
| 72 | MINUTES FINALIZED FOR CHAMBERS WORK 12/17/2019 04:04:00 PM. | 12/17/2019 | | 1 pages | |
| 73 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 12/17/2019 | | 2 pages | |
| 74 | E-FILING TRANSACTION NUMBER 3866973 REJECTED. | 12/30/2019 | | 1 pages | |
| 75 | E-FILING TRANSACTION 41042698 RECEIVED ON 12/06/2019 04:46:30 PM. | 01/02/2020 | | NV | |
| 76 | STIPULATION AND ORDER (PROTECTIVE ORDER) FILED BY ARCONIC GLOBAL FASTENERS & RINGS, INC ON 12/31/2019 | 12/31/2019 | | 15 pages | |
| 77 | PAYMENT RECEIVED BY AMERICANLEGALNET FOR 37 - STIPULATION AND ORDER IN THE AMOUNT OF 20.00, TRANSACTION NUMBER 12684155 AND RECEIPT NUMBER 12509054. | 01/02/2020 | | 1 pages | |
| 78 | PROPOSED STIPULATION AND ORDER RECEIVED ON 03/11/2020 | 03/11/2020 | | 4 pages | |
| 79 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 05/07/2020 AT 01:30:00 PM IN CX101 AT CIVIL COMPLEX CENTER. | 03/12/2020 | | NV | |
| 80 | E-FILING TRANSACTION 2901453 RECEIVED ON 03/11/2020 01:54:30 PM. | 03/12/2020 | | NV | |
| 81 | STIPULATION AND ORDER (RE REQUEST TO CONTINUE STATUS CONFERENCE) FILED BY STEWART, PAUL A ON 03/12/2020 | 03/12/2020 | | 3 pages | |

5/28/2021                                   Civil Case Access - Print Case Information

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 82 | PAYMENT RECEIVED BY ONELEGAL FOR 37 - STIPULATION AND ORDER IN THE AMOUNT OF 20.00, TRANSACTION NUMBER 12726366 AND RECEIPT NUMBER 12552325. | 03/12/2020 | | 1 pages | |
| 83 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 03/13/2020 | | 4 pages | |
| 84 | STATUS CONFERENCE SCHEDULED FOR 08/11/2020 AT 01:30:00 PM IN CX101 AT CIVIL COMPLEX CENTER. | 05/20/2020 | | NV | |
| 85 | THE STATUS CONFERENCE IS SCHEDULED FOR 08/11/2020 AT 01:30 PM IN DEPARTMENT CX101. | 05/20/2020 | | NV | |
| 86 | MINUTES FINALIZED FOR CHAMBERS WORK 05/20/2020 04:10:00 PM. | 05/20/2020 | | 1 pages | |
| 87 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 05/20/2020 | | 2 pages | |
| 88 | PROPOSED STIPULATION AND ORDER RECEIVED ON 08/06/2020 | 08/06/2020 | | 4 pages | |
| 89 | PROPOSED STIPULATION AND ORDER RECEIVED ON 08/07/2020 | 08/07/2020 | | 17 pages | |
| 90 | STATUS CONFERENCE SCHEDULED FOR 09/08/2020 AT 01:30:00 PM IN CX101 AT CIVIL COMPLEX CENTER. | 08/10/2020 | | NV | |
| 91 | STATUS CONFERENCE CONTINUED TO 09/08/2020 AT 01:30 PM IN THIS DEPARTMENT PURSUANT TO COURT'S MOTION. | 08/10/2020 | | NV | |
| 92 | MINUTES FINALIZED FOR CHAMBERS WORK 08/10/2020 03:26:00 PM. | 08/10/2020 | | 1 pages | |
| 93 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 08/10/2020 | | 2 pages | |
| 94 | E-FILING TRANSACTION NUMBER 1757619 REJECTED. | 08/11/2020 | | 1 pages | |
| 95 | E-FILING TRANSACTION NUMBER 2929725 REJECTED. | 08/20/2020 | | 1 pages | |
| 96 | PROPOSED ORDER RECEIVED ON 08/20/2020 | 08/20/2020 | | 3 pages | |
| 97 | E-FILING TRANSACTION 2933110 RECEIVED ON 08/20/2020 02:17:11 PM. | 08/25/2020 | | NV | |
| 98 | ORDER - OTHER (GRANTING LEAVE TO FILE 1ST AMENDED COMPLAINT) FILED BY STEWART, PAUL A ON 08/24/2020 | 08/24/2020 | | 17 pages | |
| 99 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 08/26/2020 | | 18 pages | |
| 100 | E-FILING TRANSACTION 1763015 RECEIVED ON 08/26/2020 11:09:53 AM. | 08/26/2020 | | NV | |
| 101 | AMENDED COMPLAINT (FIRST) FILED BY STEWART, PAUL A ON 08/26/2020 | 08/26/2020 | | 13 pages | |
| 102 | PROPOSED STIPULATION AND ORDER RECEIVED ON 09/02/2020 | 09/02/2020 | | 4 pages | |
| 103 | STATUS CONFERENCE SCHEDULED FOR 11/10/2020 AT 01:30:00 PM IN CX101 AT CIVIL COMPLEX CENTER. | 09/03/2020 | | NV | |
| 104 | E-FILING TRANSACTION 3933180 RECEIVED ON 09/02/2020 10:00:45 AM. | 09/03/2020 | | NV | |
| 105 | STIPULATION AND ORDER (RE REQUEST TO CONTINUE STATUS CONFERENCE) FILED BY STEWART, PAUL A ON 09/03/2020 | 09/03/2020 | | 3 pages | |
| 106 | PAYMENT RECEIVED BY ONELEGAL FOR 37 - STIPULATION AND ORDER IN THE AMOUNT OF 20.00, TRANSACTION NUMBER 12777167 AND RECEIPT NUMBER 12603862. | 09/03/2020 | | 1 pages | |
| 107 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 09/03/2020 | | 4 pages | |

5/28/2021                                Civil Case Access - Print Case Information

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 108 | E-FILING TRANSACTION 1771477 RECEIVED ON 09/24/2020 04:47:08 PM. | 09/25/2020 | | *NV* | |
| 109 | ANSWER TO AMENDED COMPLAINT (TO FIRST AMENDED COMPLAINT) FILED BY ARCONIC GLOBAL FASTENERS & RINGS, INC ON 09/24/2020 | 09/24/2020 | | 12 pages | |
| 110 | PROPOSED STIPULATION AND ORDER RECEIVED ON 11/04/2020 | 11/04/2020 | | 4 pages | |
| 111 | STATUS CONFERENCE SCHEDULED FOR 01/19/2021 AT 01:30:00 PM IN CX101 AT CIVIL COMPLEX CENTER. | 11/09/2020 | | *NV* | |
| 112 | E-FILING TRANSACTION 41129796 RECEIVED ON 11/04/2020 11:10:55 AM. | 11/10/2020 | | *NV* | |
| 113 | STIPULATION AND ORDER (CONTINUE STATUS CONFERENCE) FILED BY STEWART, PAUL A ON 11/09/2020 | 11/09/2020 | | 5 pages | |
| 114 | PAYMENT RECEIVED BY ONELEGAL FOR 37 - STIPULATION AND ORDER IN THE AMOUNT OF 20.00, TRANSACTION NUMBER 12806147 AND RECEIPT NUMBER 12633186. | 11/10/2020 | | 1 pages | |
| 115 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 11/10/2020 | | 6 pages | |
| 116 | CASE REASSIGNED TO KIRK NAKAMURA EFFECTIVE 01/04/2021. | 12/10/2020 | | 2 pages | |
| 117 | STATUS CONFERENCE REASSIGNED TO CX103 AT CIVIL COMPLEX CENTER ON 01/19/2021 AT 01:30:00 PM. | 01/04/2021 | | *NV* | |
| 118 | PROPOSED STIPULATION AND ORDER RECEIVED ON 01/14/2021 | 01/14/2021 | | 4 pages | |
| 119 | STATUS CONFERENCE SCHEDULED FOR 02/19/2021 AT 09:00:00 AM IN CX103 AT CIVIL COMPLEX CENTER. | 01/15/2021 | | *NV* | |
| 120 | E-FILING TRANSACTION 1803083 RECEIVED ON 01/14/2021 01:51:37 PM. | 01/15/2021 | | *NV* | |
| 121 | STIPULATION AND ORDER (CONTINUE STATUS CONFERENCE) FILED BY STEWART, PAUL A ON 01/15/2021 | 01/15/2021 | | 4 pages | |
| 122 | PAYMENT RECEIVED BY ONELEGAL FOR 37 - STIPULATION AND ORDER IN THE AMOUNT OF 20.00, TRANSACTION NUMBER 12832814 AND RECEIPT NUMBER 12660153. | 01/15/2021 | | 1 pages | |
| 123 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 01/15/2021 | | 5 pages | |
| 124 | PROPOSED STIPULATION AND ORDER RECEIVED ON 02/16/2021 | 02/16/2021 | | 4 pages | |
| 125 | E-FILING TRANSACTION 1812986 RECEIVED ON 02/16/2021 12:09:47 PM. | 02/18/2021 | | *NV* | |
| 126 | STIPULATION AND ORDER (CONTINUE STATUS CONFERENCE) FILED BY STEWART, PAUL A ON 02/17/2021 | 02/17/2021 | | 4 pages | |
| 127 | PAYMENT RECEIVED BY ONELEGAL FOR 37 - STIPULATION AND ORDER IN THE AMOUNT OF 20.00, TRANSACTION NUMBER 12845726 AND RECEIPT NUMBER 12673285. | 02/18/2021 | | 1 pages | |
| 128 | STATUS CONFERENCE SCHEDULED FOR 04/23/2021 AT 09:00:00 AM IN CX103 AT CIVIL COMPLEX CENTER. | 02/18/2021 | | *NV* | |
| 129 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 02/18/2021 | | 5 pages | |
| 130 | PROPOSED STIPULATION AND ORDER RECEIVED ON 04/16/2021 | 04/16/2021 | | 5 pages | |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 131 | STATUS CONFERENCE SCHEDULED FOR 06/04/2021 AT 09:00:00 AM IN CX103 AT CIVIL COMPLEX CENTER. | 04/20/2021 | | *NV* | |
| 132 | E-FILING TRANSACTION 31004724 RECEIVED ON 04/16/2021 02:13:44 PM. | 04/20/2021 | | *NV* | |
| 133 | STIPULATION AND ORDER (CONTINUE STATUS CONFERENCE) FILED BY STEWART, PAUL A ON 04/19/2021 | 04/19/2021 | | 5 pages | |
| 134 | PAYMENT RECEIVED BY ONELEGAL FOR 37 - STIPULATION AND ORDER IN THE AMOUNT OF 20.00, TRANSACTION NUMBER 12874871 AND RECEIPT NUMBER 12702590. | 04/20/2021 | | 1 pages | |
| 135 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 04/21/2021 | | 6 pages | |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| ARCONIC GLOBAL FASTENERS & RINGS, INC | DEFENDANT | | 01/19/2018 | |
| PAUL A STEWART | PLAINTIFF | | 01/19/2018 | |
| ALCOA GLOBAL FASTENERS, INC | DEFENDANT | | 01/19/2018 | |
| K&L GATES | ATTORNEY | | 04/17/2018 | |
| JAMES HAWKINS APLC | ATTORNEY | | 01/19/2018 | |

Hearings:

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|
| STATUS CONFERENCE | 06/04/2021 | 09:00 | CX103 | NAKAMURA |

Print this page

# EXHIBIT F

## to

## Declaration of

## Jeremy F. Bollinger



**Department of**
**Industrial Relations**
STATE OF CALIFORNIA

### PAGA NOTICE PUBLIC SEARCH - CASE DETAIL

**Case Information**

Case Number: LWDA-CM-417494-18
Plaintiff for PAGA Case: Paul A. Stewart
Filer/Attorney for PAGA Case: Isandra Fernandez
Law Firm for PAGA Plaintiff: JAMES HAWKINS APLC
Employer: Arconic Global Fasteners and Rings, Inc.
Date Case Received:
Filer for Employer:
Employer Filer Firm:
Court Type:
Court Name:
PAGA Court Case Number:
Violation Type:
Related BOFE Case:

**Attachments**

| Attachment Name | Description | Date Submitted | Type |
|---|---|---|---|
| | | | |

Jeremy F. Bollinger (SBN 240132)
Dennis F. Moss (SBN 77512)
Ari E. Moss (SBN 238579)
Kiara Bramasco (SBN 322600)
**MOSS BOLLINGER LLP**
15300 Ventura Blvd., Ste. 207
Sherman Oaks, California 91403
Telephone: (310) 982-2984
Facsimile: (818) 963-5954
jeremy@mossbollinger.com
dennis@mossbollinger.com
ari@mossbollinger.com
kiara@mossbollinger.com

Attorneys for Plaintiff
DAVID WALKER

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SAN BERNARDINO

| | |
|---|---|
| **DAVID WALKER**, an individual, on behalf of himself and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>**HOWMET AEROSPACE, INC.**, a Delaware corporation; **SCHLOSSER FORGE COMPANY**, a Delaware corporation; and **DOES 1-50**,<br><br>                    Defendants. | Case No. CIVDS2022311<br><br>[Assigned for all purposes to Hon. David Cohn, Dept. S-26]<br><br>**PROOF OF SERVICE**<br><br>Date: June 7, 2021<br>Time: 10:00 am<br>Dept: S-26<br><br>Action Filed: October 13, 2020 |

1

PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

3

　　　I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and

4

not a party to the within action; my business address is:  15300 Ventura Blvd, Suite 207, Sherman Oaks, CA 91403.  On May 28, 2021, I served the foregoing document(s) described as:

5

- **PLAINTIFF DAVID WALKER'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

6

- **SUPPLEMENTAL DECLARATION OF JEREMY F. BOLLINGER IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

7

8

on the interested party(ies) below, using the following means:

9

Gene Ryu

10

Carter L. Norfleet
K&L Gates LLP

11

10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067

12

Email: gene.ryu@klgates.com; carter.norfleet@klgates.com
*Attorneys for Defendants Howmet Aerospace, Inc.*

13

*and Schlosser Forge Company*

14

☐ BY UNITED STATES MAIL.  I enclosed the documents in a sealed envelope or package addressed to the

15

respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice of

16

collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States

17

Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

18

☒ BY ELECTRONIC TRANSMISSION.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail

19

address(es) of the party(ies) as stated above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

20

☒ (STATE)  I declare under penalty of perjury under the laws of the State of California that the foregoing

21

is true and correct.

22

　　　Executed on May 28, 2021 at Los Angeles, California.

23

24

Lea Garbe
[Print Name of Person Executing Proof]

[Signature]

25

26

27

28

PROOF OF SERVICE