EXHIBIT J

1    EUGENE RYU, Bar No. 209104
     gene.ryu@klgates.com
2    CARTER L. NORFLEET Bar No. 318152
     carter.norfleet@klgates.com
3    K&L GATES LLP
     10100 Santa Monica Blvd.
4    8th Floor
     Los Angeles, CA  90067
5    Telephone:   310.553.5000
     Fax No.:       310.553.5001
6

7    Attorneys for Defendant,
     HOWMET AEROSPACE, INC. AND
     SCHLOSSER FORGE COMPANY
8

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10            FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| 11   DAVID WALKER, an individual, on behalf of himself and all others similarly situated. | Case No.  CIVDS2022311 |
| 13          Plaintiff, | **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| 14      v. | *ASSIGNED FOR ALL PURPOSES TO JUDGE DAVID COHN, DEPT. S-26* |
| 15   HOWMET AEROSPACE INC., a Delaware corporation; SCHLOSSER FORGE COMPANY, a Delaware corporation; and DOES 1-50, | Trial Date:  None Set<br>Complaint Filed:  October 13, 2020<br>FAC Filed:  June 7, 2021 |
| 17          Defendants. | |

18

19

20

21

22

23

24

25

26

27

28

1    Defendants Howmet Aerospace Inc. and Schlosser Forge Company ("Defendants"), hereby

2    answer Plaintiff David Walker's ("Plaintiff") Unverified First Amended FAC ("FAC") for Damages

3    as follows:

4                              **GENERAL DENIAL**

5        Defendants generally deny each and every allegation contained in Plaintiff's FAC, and further

6    deny that Plaintiff is entitled to equitable or injunctive relief, compensatory damages, economic and/or

7    special damages, unpaid wages, penalties, restitution, interest, attorneys' fees, costs of suit, or any

8    other relief of any kind whatsoever.  Inter alia, Defendants generally deny that this action meets the

9    elements of a class action.  Defendants further deny that they failed to pay all wages due, failed to

10   provide meal and rest breaks (or pay in lieu of), failed to provide accurate itemized wage statements,

11   failed to pay all wages due upon termination or during employment, failed to reasonably reimburse

12   employees for necessary business expenses, or that it engaged in unfair business practices.

13                           **AFFIRMATIVE DEFENSES**

14       Defendants further assert the following affirmative defenses.  By asserting these

15   defenses, Defendants do not concede that they have the burden of production or proof as to any

16   affirmative defense asserted below.  Moreover, Defendants do not presently know all the factors

17   concerning the conduct of Plaintiffs sufficient to state all affirmative defenses at this time.

18   Accordingly, Defendants will seek leave to amend this Answer should they later discover facts

19   demonstrating the existence of additional affirmative defenses.

20                        **FIRST AFFIRMATIVE DEFENSE**

21                          **(Failure to State a Claim)**

22       1.    Defendants allege that the FAC, and each and every alleged cause of action therein,

23   fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

24                       **SECOND AFFIRMATIVE DEFENSE**

25                       **(Claims Not Suitable on a Class Basis)**

26       2.    The FAC, and each and every cause of action therein, are barred because Plaintiff is

27   not an adequate and proper representative of any group of putative class members Plaintiff seeks to

28   represent.

---

DEFENDANTS 'ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## THIRD AFFIRMATIVE DEFENSE

### (No Knowledge, Authorization, or Ratification)

3.    Defendants are not liable for the alleged damages because, if any person or entity engage in intentional, willful, or unlawful conduct as alleged in the FAC, he/she/it did so without the knowledge, authorization, or ratification of Defendants.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4.    Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege, that the FAC and the purported causes of action therein are barred by the equitable doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

5.    Defendants allege that any recovery of Plaintiff's FAC is barred, in whole or in part, to the extent that Plaintiff and/or the alleged putative class members, by reason of their acts, conduct, and/or omissions, have waived or released their rights, if any, to obtain the relief sought in the FAC, including, *inter alia*, by contract and/or were provided and/or authorized and permitted to take meal and/or rest breaks but declined to take breaks.

## SIXTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

6.    Plaintiff is barred from seeking relief under each and every cause of action asserted in the FAC to the extent such causes of action are based on acts or event which occurred outside the applicable statutes of limitation, including, but not limited to, those set forth in the California Labor Code, Code of Civil Procedure, Civil Code, and Business & Professions Act.

## SEVENTH AFFIRMATIVE DEFENSE

### (Settlement/Release)

7.    The FAC, and each and every cause of action therein, are barred to the extent that Plaintiff and/or the putative class members/alleged aggrieved employees have voluntarily settled

3.

310366361.2

and/or released all or one or more of the purported causes of action set forth in the FAC; and Plaintiff and/or the putative class members are, under the terms of such settlements and/or releases, barred from pursuing all or one or more of such purported causes of action.

## EIGHTH AFFIRMATIVE DEFENSE

### (Federal Preemption)

8.   Plaintiff's and/or the putative class members'/alleged aggrieved employees' claims are barred, in whole or in part, by federal law.

## NINTH AFFIRMATIVE DEFENSE

### (Labor Code and IWC Orders Unconstitutionally Vague)

9.   Defendants allege that the FAC and each cause of action therein, or some of them, are barred because the applicable Labor Code sections and/or wage order(s) of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendants' rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

## TENTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

10.   Plaintiff's and/or the putative class members'/alleged aggrieved employees' claims are barred by the equitable defenses of laches, unclean hands and/or consent.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Use Ordinary Care)

11.   Plaintiff's and/or putative class members' individual claims are barred by California Labor Code §§ 2854 and 2856 in that Plaintiff and/or the putative class members failed to use ordinary care and diligence in the performance of their duties and failed to comply substantially with the reasonable directions of their employer.

## TWELFTH AFFIRMATIVE DEFENSE

### (Full Performance)

12.   Without admitting the existence of any duties or obligations as alleged in the FAC, any such duties or obligations which were owed to Plaintiff and/or the putative class members/alleged aggrieved employees have been fully performed, satisfied or discharged by, inter alia, paying all wages

4.

owed, providing meal and rest breaks, providing accurate itemized wage statements, reimbursing employees for necessary business expenses, and timely paying for time worked.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (*De Minimus*)

13.     Plaintiff and/or the putative class members/alleged aggrieved employees are barred, in whole or in part due to the *de minimis* doctrine, and any alleged unpaid work was minute and/or irregular.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith and Lack of Willfulness)

14.     Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege, that any violation of the California Labor Code or an Order of the Industrial Welfare Commission was an act or omission made in good faith and Defendants had reasonable grounds for believing that its practices complied with applicable laws and that any such act or omission was not a violation of the California Labor Code or any Order of the Industrial Welfare Commission such that Plaintiff and/or the putative class members/alleged aggrieved employees are not entitled to any damages, including but not limited to any allegations of failure to timely way terminating employees.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (*Bona Fide* Dispute)

15.     Defendants allege that any claims for damages or penalties, including, but not limited to penalties predicated on Labor Code sections 201-204, are barred, in whole or in part, because (1) there are bona fide good faith disputes as to whether further compensation is due to Plaintiff and/or to the putative class members/alleged aggrieved employees Plaintiff seeks to represent, and if so, as to the amount of such further compensation, (2) Defendants have not willfully or intentionally failed to pay such compensation, if any is owed, (3) the meal and rest period premiums sought do not constitute wages; and/or (4) to impose penalties in this case would be inequitable and unjust.

5.

310366361.2

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Class Action and PAGA - Standing)**

16.     Defendants allege the claims fail to the extent that Plaintiff lacks standing to assert the legal rights or interests of others.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Offset)**

17.     Defendants allege that it is entitled to an offset against any relief due to Plaintiff and/or the putative class members/alleged aggrieved employees that Plaintiff seeks to represent, based upon their respective wrongful conduct and/or monies owed to Defendants. Without limiting Defendants' reliance on this defense and by way of example, Defendants contend that they are entitled to an offset or credit for any overpayments made to Plaintiff and/or any putative class members/alleged aggrieved employees, or for any other monies owed to Defendants. Defendants further assert that they are entitled to an offset or credit for any monies owed by Plaintiff and/or any putative class members/alleged aggrieved employees that resulted from their failure to perform their obligations or for overpayment for hours worked, if any.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Knowing/Intentional/Willful Violation)**

18.     Without admitting that any violation took place, Defendants allege that any alleged failure to provide Plaintiff and/or any of the putative class members/alleged aggrieved employees with wage statements in conformity with Labor Code section 226(a), to maintain records pursuant to Labor Code section 1174, to pay Plaintiff or any of them, timely and properly, or any other alleged violation of the California Labor Code, was not knowing, intentional or willful and was not brought to the attention of management, if any.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Labor Code § 226 – No Injury)**

19.     Defendants allege that Plaintiff and/or any of the putative class members sustained no injury, as defined in Labor Code section 226(e)(2), from any alleged failure to provide wage statements in conformity with Labor Code section 226(a), from the alleged failure to maintain records pursuant to Labor Code section 1174 or from any other alleged violation of the California Labor Code.

6.

310366361.2

## TWENTIETH AFFIRMATIVE DEFENSE

### (Substantial Compliance)

20.     Defendants allege that Plaintiff's claim for damages or penalties fail because, to the extent – which Defendants deny – that it did not fully comply with the requirements of any particular California Labor Code provision, Defendants have substantially complied with the requirements of such statute such that the imposition of damages or penalties would be improper.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Meal and Rest Periods – Waiver)

21.     Plaintiff's and/or the putative class members'/alleged aggrieved employees' claims are barred, in whole or in part, because Defendants provided Plaintiff and/or the putative class members/alleged aggrieved employees with meal and rest periods, and any failure by Plaintiff and/or the putative class members/alleged aggrieved employees to take meal and/or rest breaks constituted a waiver by Plaintiff and/or the putative class members/alleged aggrieved employees, including for any meal break during shifts six hours or less or for shifts of 12 hours or less where the first meal break was taken.   This waiver includes Plaintiff's and/or putative class members'/alleged aggrieved employees' intentional decisions not to take a provided meal or rest period, and/or to the extent that the failure to take meal and/or rest breaks was the result of a failure by Plaintiff and/or the putative class members/alleged aggrieved employees to follow Defendants' reasonable instructions.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

22.     Defendants allege that the FAC and cause of action asserted therein, in whole or in part, fails to the extent Plaintiff and/or any putative class members/alleged aggrieved employees have been fully paid all amounts legally owed to them by Defendants, since by accepting the payments made to them, Plaintiff and/or the putative class members/alleged aggrieved employees have effectuated an accord and satisfaction of their claims.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Wage Statements – Not Knowing or Intentional)

23.     Any claims for penalties pursuant to California Labor Code section 226 are barred, in

7.

310366361.2

whole or in part, because Plaintiff and/or the putative class members/alleged aggrieved employees were not "injured" thereby and/or because Defendants' alleged failure to comply was not a "knowing and intentional failure" under California Labor Code section 226(e).

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Avoiding and/or Secreting)**

24.    Defendants allege that the FAC, and each and every alleged cause of action therein, or some of them, are barred to the extent that Plaintiff and/or some, or all, of the putative class members/aggrieved employees secreted or absented themselves or the work purportedly performed without notice to Defendants, to avoid payment of wages, thereby relieving Defendants of liability for damages or penalties under the California Labor Code.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Bus. & Prof. Code Section 17200 – Unconstitutionally Vague and Overbroad)**

25.    Defendants allege that the prosecution of a representative action on behalf of the general public under California Business and Professions Code section 17200, et seq., is unconstitutionally vague and overbroad and, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' due process rights, both substantive and procedural.  Representative litigation would also violate Defendants' right to equal protection in violation of the California Constitution and the Fourteenth Amendment to the United States Constitution, in that it would prevent Defendants from raising individual defenses against each putative class member.  The violation is both procedural, by imposing a procedure that would render it impossible for Defendants to defend their interests and property, and substantive, by imposing remedies constitutionally disproportionate to the wrongs committed. *See People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005).

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Bus. & Prof. Code Section 17200 – Compliance With Obligations)**

26.    Defendants allege that Plaintiffs' claims are barred, in whole or in part, because of Defendants' compliance with all applicable laws, statutes and regulations, with said compliance affording Defendants a safe harbor to any claim under California Business and Professions Code section 17200, *et seq.*

8.

1

2

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Bus. & Prof. Code Section 17200 –Equitable Relief Unavailable)

3      27.      Defendants allege that Plaintiff's claims are barred, in whole or in part, because Plaintiff is

4   not entitled to equitable relief as he has an adequate remedy at law.

5

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

6

#### (Penalties Unconstitutional)

7      28.      To the extent Plaintiff and/or the putative class members seek penalties, such claims

8   violate the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and also violate

9   Article 1, sections 7 and 8 of the California Constitution, including the prohibition against excessive

10  fines. *See State Farm Mutual Insurance Company v. Campbell*, 538 U.S. 408 (2003).

11

### TWENTY-NINTH AFFIRMATIVE DEFENSE

12

#### (Collateral Estoppel and Res Judicata)

13     29.      The FAC, and each and every cause of action therein, are barred by the doctrines of res

14  judicata and collateral estoppel as to Plaintiff and/or putative class members/alleged aggrieved

15  employees.

16

### THIRTIETH AFFIRMATIVE DEFENSE

17

#### (No Willfulness – Failure to Pay Wages Upon Termination)

18     30.      Defendants allege that they properly paid all wages due and owing to Plaintiff and/or

19  the putative class members/alleged aggrieved employees during employment and to the extent

20  applicable after employment, and, to the extent such wages were due but unpaid (which Defendants

21  deny).  Defendants' failure to pay was not "willful."

22

### THIRTY-FIRST AFFIRMATIVE DEFENSE

23

#### (Failure to Mitigate)

24     31.      Defendants allege that Plaintiff and the putative class members/aggrieved employees

25  have failed to mitigate or avoid any and all damages allegedly caused by Defendants, the existence of

26  which Defendants deny.  Any damages that may be recoverable by Plaintiff and/or the putative class

27  members should therefore be denied or reduced accordingly.

28

DEFENDANT'S ANSWER TO PLAINTIFF'S FAC

310366361.2

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Unjust Enrichment)

32.     Defendants are informed and believe that further investigation and discovery will reveal, and on that basis alleged, that the FAC and the purported causes of action therein are barred on the grounds of unjust enrichment.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (Inadequacy of Plaintiff as Representative)

33.     Defendants allege that Plaintiff is not an adequate representative to bring claims for resolution on a class, collective or representative basis under PAGA because Plaintiff is not similarly situated to the putative class or the allegedly aggrieved employees he seeks to represent.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### (PAGA Claims Not Suitable For Litigation on Representative Basis)

34.     Defendants allege Plaintiff's and/or any alleged aggrieved employees' purported claims are such that they cannot be tried on a representative PAGA basis because (1) such a determination requires complex factual issues, (2) penalties could not be calculated on a representative basis, (3) any penalties that might be proved would not be identical for all alleged aggrieved current or former employees, (4) trying such a representative action would be unmanageable (*see Williams v. The Superior Court of Los Angeles County*, 3 Cal.5th 531, 559 (2017) (recognizing the requirement of manageability in PAGA cases)), and (5) would be contrary to the legislative intent of PAGA.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

#### (Employees Not Aggrieved)

35.     Defendants allege that Plaintiff and/or the employees whom Plaintiff seeks to represent are not "aggrieved" employees as required under PAGA.  Plaintiff has not made an adequate showing that he suffered or was eligible to recover under each of the causes of action alleged in the FAC.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

#### (Failure to Exhaust PAGA Prerequisites)

36.     Defendants allege that Plaintiff failed to provide the Labor Workforce Development Agency ("LWDA") proper notification of the claims and/or the names of the "aggrieved employees"

10.

310366361.2

1  on whose behalf he intends to seek penalties, pursuant to the Labor Code Private Attorneys General
2  Act, Labor Code sections 2698, et seq. Plaintiff's notice to the LWDA consists of recitations of the
3  law but insufficient facts to support her allegations of violations of the law. Defendants thus allege
4  that Plaintiff failed to properly exhaust all administrative remedies and satisfy the prerequisites of
5  PAGA, which are required prior to filing a civil lawsuit.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(PAGA Violates Due Process Rights As Applied to This Case)**

37.    Defendants allege that under the PAGA, determination/litigation of Plaintiff's claims on a representative basis would deny Defendants their due process right to present individual evidence, argument, and defenses as to each individual alleged aggrieved employee. Defendants assert that PAGA, both in general and as applied to this case, violate Defendants' due process rights, both procedural and substantive, in violation of the Fourteenth Amendment of the United States and California Constitutions. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *People ex rel Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005). Plaintiff must first establish that the claims or defenses of Plaintiff are typical of the claims or defenses of the other employees Plaintiff purports to represent, and/or must first establish that there are common questions of law and fact as to all of the employees whom Plaintiff purports to represent.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(PAGA Unconstitutional As Applied to This Case)**

38.    Defendants allege that the FAC is barred, in whole or in part, because PAGA both in general and as applied to this case, violates the Equal Protection Clause of the United States and California Constitutions, the Supremacy Clause of the United States Constitution, and the separation of powers doctrine and, as such, is unconstitutional.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(PAGA Unconstitutionally Vague and Overbroad As Applied to This Case)**

39.    Defendants alleges that the FAC is barred, in whole or in part, because PAGA is unconstitutionally vague and overbroad as applied to the facts and circumstances of this case.

11.

310366361.2

## FORTIETH AFFIRMATIVE DEFENSE

### (Limitations on Recovery of Civil Penalties Under PAGA)

40.     Defendants allege that the civil penalties sought by Plaintiff for alleged Labor Code violations occurring after the date of the "written notice" provided by Plaintiff to the Labor Workforce Development Agency ("LWDA") pursuant to Labor Code section 2699.3 are barred because representative PAGA actions by private attorneys general plaintiffs are limited to the recovery of civil penalties arising from the "specific provisions of [the Labor Code] alleged to have been violated, including the facts and theories to support the alleged violation" as disclosed in writing to the LWDA in accordance with Labor Code section 2699.3.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

41.     Defendants allege that Plaintiff and any putative class members and/or alleged aggrieved employees are barred from recovering any penalties, or any penalties must be reduced, pursuant to the avoidable consequences doctrine and/or the discretion of the Court because Defendants took reasonable steps to ensure Plaintiff and any putative class members and/or alleged aggrieved employees were properly compensated for all time worked including good faith compliance with California law, and Plaintiff, the putative class, and/or alleged aggrieved employees unreasonably failed to use preventative and corrective opportunities provided to them to clear up any purported misunderstanding of their wage statements, and reasonable use of such procedures would have prevented at least some, if not all, of the harm allegedly suffered.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Excessive Fines)

42.     Defendants allege that an award of civil penalties in this case would result in the imposition of excessive fines in violation of the Eighth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution, and violate Defendants' Due Process rights under the Fourteenth Amendment of the United States Constitution. *See Cooper Industries, Inc. v. Leatherman Tool Group., Inc.*, 532 U.S. 424, 433-434 (2001) (stating that the Due Process of the Fourteenth Amendment prohibits states from imposing grossly excessive punishments); *City of San*

12.

*Francisco v. Sainez*, 77 Cal. App. 4th 1302, 1321 (2000); *Angelucci v. Century Supper Club*, 41 Cal. 4th 160, 180 (2007) (recognizing the constitutional constraints on the accrual of multiple penalties); *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707, 728-31 (2005) (triable issues remained whether due process principles or the constitutional prohibition against excessive fines should reduce an accrued fine for ongoing violation of a statute); *Hale v. Morgan*, 22 Cal. 3d 388, 398-99 (1978) (constitutional provisions limited accrual of a $100 per day statutory penalty).

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Not "Hours Worked")

43.     Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege that some or all of certain alleged work hours are not "hours worked" within the meaning of any Wage Order(s) of the California Industrial Welfare Commission and/or under applicable California law, so that any claimed compensation, including overtime premium, need not be paid for those hours.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Outside Scope of Employment)

44.     Defendants allege that the FAC and the causes of action set forth therein cannot be maintained against Defendants, because, if employees of Defendants (including Plaintiff) took the actions alleged, such actions were committed outside the course and scope of such employees' employment, were not authorized, adopted or ratified by Defendants and Defendants did not know of nor should they have known of such conduct.

## ADDITIONAL AFFIRMATIVE DEFENSES

45.     Defendants do not presently know of all facts concerning the conduct of Plaintiff and/or the putative class members/alleged aggrieved employees Plaintiff seeks to represent sufficient to state all affirmative defenses at this time. Defendants expressly reserve the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

WHEREFORE, Defendants pray that:

1.     Plaintiff and the putative class members/alleged aggrieved employees take nothing by the FAC;

13.

2.      The FAC be dismissed, in its entirety, with prejudice;

3.      Defendants be awarded their attorneys' fees and costs of suit incurred herein; and

4.      The Court award Defendants such further relief as it deems just and proper.

Dated:      July 6, 2021

_____
GENE RYU
CARTER L. NORFLEET
K&L GATES LLP
Attorneys for Defendants

14.

DEFENDANT'S ANSWER TO PLAINTIFF'S FAC

310366361.2

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party of the within action.  My business address is 10100 Santa Monica Blvd, Eighth Floor, Los Angeles, CA 90067.

On **July 6, 2021** , I served the foregoing document(s) described as: **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this as follows:

> Jeremy F. Bollinger
> Dennis F. Moss
> Ari E. Moss
> Kiara Bramasco
> MOSS BOLLINGER LLP
> 15300 Ventura Blvd., Suite 207
> Sherman Oaks, CA 91403
> Telephone (310) 982-2984
> Facsimile (818) 963-5954
> jeremy@mossbollinger.com
> dennis@mossbollinger.com
> ari@mossbollinger.com
> kiara@mossbollinger.com
>
> *Attorneys for Plaintiff David Walker*

☒  **BY ELECTRONIC MAIL WHERE INDICATED**:  Pursuant to C.R.C. 2.251, I served the foregoing document described by emailing to it each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error.  My email address is dyana.estrada@klgates.com.

☒  **BY MAIL**:  I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Los Angeles, California.  I am readily familiar with the practice of Littler Mendelson for collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **July 6, 2021,** at Los Angeles, California.

_____
Dyana Estrada

**Subject:**                    FW: First Legal Update for Ctrl# [4702467] - WALKER V HOWMET - CIVDS2022311 -
████████████

-----Original Message-----
From: ████@dtrac.firstlegal.com <████@dtrac.firstlegal.com>
Sent: Tuesday, July 6, 2021 4:13 PM
To: ████, ████████████████
Subject: First Legal Update for Ctrl# [4702467] - WALKER V HOWMET - CIVDS2022311 -████████

External Sender:

Your order has been updated
NOTE:This is an automated email. Please do not reply.

UPDATE INFO:
Delivery Date:  7/06/21 Time: 16:00 Signed: DROP

Control#:  4702467
Job Date:  7/06/21
Submitted By:████████████████
Service Type: BPDFRSH
Reference: ████████████

DELIVERY INFO:

Deliver To: SBSC-SAN BERNARDINO SUPERIOR C Delivery Addr:247 W 3RD ST
City: SAN BERNARDINO
State/Zip: CA 92401

Case Number: CIVDS2022311

Documents: ANSWER
Brief Inst: DROP BOX ASAP